UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

PATRICK D'CUNHA,

                    Plaintiff,

-against-

GENOVESE / ECKERD CORPORATION,

                    Defendant.

----------------------------------------------------------------X

**ORDER**
**02 CV 4157 (GWC)(LB)**

**BLOOM, United States Magistrate Judge:**

By letter dated March 3, 2008, plaintiff requests that the Court: (1) order defendant to produce the unreadacted personnel file of a former employee who was hired after defendant failed to hire plaintiff; (2) set a lower hourly deposition fee for plaintiff to pay defendant's expert witness; and (3) offer guidance on what deposition fees to pay a witness. See docket entry 97. Defendant responded to plaintiff's letter on March 7, 2008, and objects to plaintiff's requests. See docket entry 98. The Court finds no basis for plaintiff's requests and therefore, they are denied.

Plaintiff has had ample time to conduct discovery. The information he seeks here is not relevant to his claim that defendant's failure to hire him was based on discrimination. The Court will not allow plaintiff to reopen discovery to prolong these proceedings.

Moreover, under Federal Rule of Civil Procedure 26(b)(4)(C), "the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery" unless "manifest injustice would result." Defendant states that its expert's fee is "reasonable and customary for expert witnesses in the medical field," and that when it informed the expert of plaintiff's request to pay him less, he declined to do so. Plaintiff makes no showing of

manifest injustice.

Plaintiff is not proceeding *in forma pauperis* in this matter. Even if he had been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, he still would have to bear the costs of discovery. See Malik v. Lavalley, 994 F.2d 90 (2d Cir. 1993) (citing United States v. MacCollom, 426 U.S. 317, 321 (1976)) ("no reading of 28 U.S.C. § 1915 supports the contention that Congress authorized the federal courts to waive or pay for [plaintiff's] witness fees."); see also Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir. 1986) ("While a *pro se* petitioner in a § 1983 suit may utilize any discovery methods prescribed by the Federal Rules of Civil Procedure, he is subject to the same terms and conditions as any other civil litigant, including paying for his own discovery costs."). Therefore, plaintiff's request to pay a discounted rate to defendant's expert witness is denied.

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: March 13, 2008
       Brooklyn, New York