# GERINGER & DOLAN LLP

COUNSELORS AT LAW
5 HANOVER SQUARE, 3RD FLOOR
NEW YORK, NEW YORK 10004-2614

(212) 682-7050
TELECOPIER: (212) 867-5987

HAROLD I. GERINGER
JOHN A. MCCARTHY
JOHN T. MCNAMARA*

*ALSO ADMITTED IN NEW JERSEY

PAULINE A. MASON
ROBERT E. COLEMAN
AIMÉE A. DROUIN
EN-CHIA ANNA LIN*

OF COUNSEL
JAN C. BERLAGE

September 30, 2009

<u>Via ECF</u>

Honorable Charles R. Rolle
United States District Court
Eastern District of New York
226 Cadman Plaza East
Brooklyn, New York 11201

RE: Patrick F. D'Cunha v. Genovese/Eckerd Corp.
Docket No.: 02-CV-4157(FB)(LB)
Our File No.: 33-108

Dear Honorable Sir:

Please be advised that the undersigned counsel represents the newly added defendant, J.C. Penney Corporation, Inc. (hereinafter "J.C. Penney"). J.C. Penney supports the request by James Bucci, Esq., which seeks an adjournment of the presently scheduled motion argument with regard to a Motion in Limine, which was apparently pending at the time the Amended Complaint was served. Moreover, J.C. Penney seeks a postponement of the trial now set for December 7, 2009.

Notably, the Amended Complaint in this matter contains absolutely no allegations as against J.C. Penney, with the exception of an allegation that "that J.C. Penney was the parent company of Eckerd Corp.," until 2004. As this Court is no doubt well aware, plaintiff's initial complaint sought damages on the basis of discrimination under the Age Discrimination and Employment Act (hereinafter "ADEA"). J.C. Penney is in the process of and plans to promptly serve a Rule 12(b)(6) Motion, seeking to dismiss the complaint as against J.C. Penney, on the basis that there is absolutely no basis in law or in fact for plaintiff's claims.

Given the eminent filing of the above referenced 12(b)(6) motion to dismiss the Amended Complaint as against J.C. Penney, we herein join the application of defendants Eckerd Corporation, the Jean Coutu Group (P.J.C.) Inc. the Jean Coutu Group (P.J.C.) USA, Inc and Rite Aid Corporation requesting an adjournment of the hearing on such Motions in Limine, which are set for October 27, 2009. Simply put, there is no basis whatsoever for plaintiff's claims as against J.C. Penney. J.C. Penney was, until 2004, a parent company of the defendant Eckerd. There is no allegation whatsoever that J.C. Penney controlled Eckerd or played any part in the claims asserted by plaintiff.

September 30, 2009
Page 2 of 3

As a result, there can be no basis to find J.C. Penney liable as an Employer under Federal Anti-Discrimination Laws. See, Tomassi v. Insignia Financial Group, Inc., 398 F. Supp. 2d 263, 274 (S.D.N.Y. 2005), vacated on other grounds, 478 F.3d 111 (2d Cir. 2007); Woodell v. United Way of Dutchess Co., 357 F. Supp. 2d 761, 767 (S.D.N.Y. 2005).

Moreover, plaintiff State Law claims fare no better inasmuch as under State Law there is simply no basis to hold a parent company liable for the acts of subsidiary unless there is some legal basis in which to pierce the corporate veil. In short, that would require a showing of actual domination by the parent of the subsidiary such that the corporation form was "ignored, circumvented or perverted." Raphel Perez, Jr. v. One Clark Street Housing Corp., 108 A.D.2d 844, 485 N.Y.S.2d 346 (1985). Moreover, in addition to the requirement of complete domination, plaintiff also must allege that such domination was used for purposes of committing a fraud or wrong against the plaintiff. Morris v. New York State Department of Taxation and Finance, 82 N.Y.2d 135, 603 N.Y.S.2d 810 (1993); Mars Electronics of N.Y., Inc. v. U.S.A. Direct, Inc., 28 F. Supp. 2d 91 (E.D.N.Y. 1998), app. dismd 1999 WL 908961 (2d Cir 1999).

Under the circumstances, and in light of the fact that a motion to dismiss will be filed eminently, J.C. Penney submits that it is premature for the hearing to proceed as scheduled or for the trial of this matter to proceed without an opportunity for the motion to be heard. J.C. Penney's motion will be filed within the next few days. It's time to answer or move runs out on October 13, 2009. Assuming that motion were denied, J.C. Penney will need to undertake discovery in this litigation, which it has had not involvement in to date. JC Penney has received no discovery at all. JC Penney has no pleadings, motions, or investigation. Under the circumstances, it would be patently unfair and prejudicial to JC Penney, to require it to prepare for a trial, for which it has had no opportunity to prepare a defense whatsoever.

Respectfully submitted,

GERINGER & DOLAN LLP

John T. McNamara

JTM/dec
       Via Federal Express
cc:    Patrick F. D'Cunha
       137-22 Laburnum Avenue
       Flushing, New York 11355
       *Plaintiff, Pro Se*

**Via ECF**
Genova, Burns & Vernoia
494 Broad Street
Newark, New Jersey 07102-3230