ORIGINAL

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
............................................................X

PATRICK F. D'CUNHA

                Plaintiff

      v.

**ECKERD CORPORATION and its parent
Companies:Brooks Eckerd drugstore chain,
J.C. Penny, JCG(PJC) USA, LLC("Jean Coutu
USA"), Jean Coutu Group (PJC) Inc. and
RITE AID CORPORATION (publicly held
corporations),**

                Defendants,
............................................................X

**Civil Action No.
02-CV-4157(CRW)(LB)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 01 2009
P.M.
TIME A.M.

---

## MEMORANDUM OF LAW OF PLAINTIFF, IN OPPOSITION TO
## DEFENDANTS' MOTION FOR PARTIAL DISSMISSAL
## OF AMMENDED COMPLAINT.

---

**PATRICK F. D'CUNHA, Plaintiff Pro-Se**

137-22 Laburnum Avenue,

Flushing, NY 11355

Tel. (718) 661-2979

Email: dragondcunha@aol.com

**TABLE OF CONTENTS**

                                                                      **Page**

PRELIMINARY STATEMENT   .................................................1

BACKGROUND   .................................................2

LEGAL ARGUMENT   .................................................4

POINT I   *A magistrate Judge connot overrule a District Judges Order* .................4

POINT II   *A magistrate Judge has No Jurisdiction over dispositive motions* .................4

POINT III [Defendants' brief ("Brief") 6] ..... *Plaintiff has met the Plausibility standard.* .....6

POINT IV   ( Brief, P 8)........... *Eckerd's Parent Corporations are liable as a matter of law* .....11

POINT V   ( Brief, P 12) ........ *Laches does Not mandate NY Law Dismissal under the Circumstances.* .....12

POINT VI   ( Brief, P 16) ........ *Plaintiff's claim of Spoliation is based on ADEA only.* .........13

# PRELIMINARY STATEMENT

DEFENDANTS' BRIEF at page 1, ("**BRIEF 1**")

Plaintiff, Patrick F. D'Cunha, respectfully submits this Reply Brief in opposition to Defendants' motion for partial dismissal of amended complaint.

Defendants knew or should have known that but for defect in identification of proper party, they would be held liable in this case. Additionally, the fact Defendants did not oppose Plaintiff's assertion of NY State law claims in Opposition papers, was a strategic mistake and Defendant believed they would win Summary judgment, period; and no need to oppose the State law claim. Well it did not work out that way and now they want to have a second bite at the apple. Defendants clearly have waived their right to object to NY State Law claim, as they failed to do so at summary judgment, and 2nd circuit does not allow a liberal standard for defendants represented by lawyers who should know the law.

The Law is clear that <u>though compensatory damages are not recoverable under ADEA, they can be recovered under NEW YORK LAW</u>. Defendant claims plaintiff's assertion of NEW YORK State LAW claim, is untimely, is false. Plaintiff is proceeding pro-se. NY LAW is one of the basis stated in the complaint, and **Defendant failed to object to plaintiff's assertion of NY law claim, in his Opposition brief(page 7) to defendant's motion for summary judgment, as such defendant has waived its objection.** Finally, many circuit courts (including 2nd circuit) have **upheld award of damages for mental anguish and distress based solely on lay testimony. The courts usually do not require expert testimony for mental distress claim.**

Plaintiff Pro-Se, is not familiar with process of amending a complaint. Additionally, now that defendant has disclosed Eckerd's take over by Rite Aid, who ultimately acquired the Assets and Liabilities of Genovese Drug Stores and Eckerd Corporation. It is therefore necessary to include Rite Aid and other parent companies of Eckerd as co-defendants as amendment to the original complaint, so plaintiff will be able to collect the money judgment when he wins. [See Exhs.: C,and D: Amended Rule 7.1 Statement and supplement to initial Disclosures pursuant to FRCP 26(a)(1). ] Finally, the 2nd Circuit has a very liberal standard for non lawyer, Pro-Se plaintiffs, as they have zero legal training. It does not need rocket science to understand why. Additionally, the 2nd Circuit is very insistent on this Pro-Se standard being liberal and has reversed many a decisions of District courts, for not following it.

**Honorable Judge Wolle considered precedents under similar circumstances and also the objections of the defendats, and correctly granted Plaintiff's request to amend Complaint. To reverse that decision Defendant would need to show that Honorable Judge Wolle's decision was clearly erroneous, but they failed to do that. Instead coming in from the back door, and having failed to make a timely motion to reconsider, Defendants now want to have a second bite at the apple, that too out of turn, out of time and before a magistrate judge (who has no jurisdiction over dispositive motions) and in violation of Local Civil Rule 6.3**

## BACKGROUND

**Brief 3**

Plaintiff objects to Defendants' refrences to Unfairly prejudicial matters of NY State license and Job history of plaintiff, prior to 2001, as NY State pharmacist license is not needed to work in NJ, where Plaintiff applied, and the job search prior to 8/2001 is Not Relevant and will confuse the jury. Defendant is trying to mislead the court into considering issues Not related to Plaintiff's qualification for entry level job with Eckerd, he applied for. See: F.R.E. 401, 402 and 403.

This case is about the unlawful actions of the agents of Eckerd Corporation (Eckerd) that led to rejection of D'Cunha because of his Age, on two occasions Aug. 2001, and Feb. 2002, despite D'Cunha's qualification for an entry level Pharmacist job he applied at Eckerd. It concerns Patrick F. D'Cunha's age discrimination claims brought against defendant Eckerd Corporation pursuant to the Age Discrimination in Employment Act(ADEA) and NY State law claim. Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey. Defendant Eckerd Corporation ("Eckerd") is the owner and operator of a chain of drug stores. After Eckerd was granted summary judgment by this court, plaintiff appealed and the 2nd Circuit reversed the grant of summary judgment and remanded the case for trial, holding that **"there remain genuine issues of material fact as to whether the reasons given for not hiring D'Cunha were pretextual such that a jury could reasonably find that D'Cunha suffered an adverse employment action because of his age." See: D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 194 (2nd Cir. 2007).**

<u>The Details</u>:   See D'Cunha's First Amended Complaint:

BRIEF 6

Plaintiff being Pro-Se, has no legal training, simply did not know about taking discovery

at this late stage, when the defense counsel who knew the law, and the most recent

developments chose instead to sit on this information of Eckerd buy-out and mergers,

which they were by law required to provide and did so only after plaintiff complained to

the court. Despite that when it was clear that Eckerd was sold then merged, and resold,

plaintiff did intend to add more defendants and spoke to Mr. Bucci about it but he kept

resisting, so plaintiff believed as he had maintained his claim through assertion in the

MOL in opposition to Summary judgment, it was enough to state it clearly in Joint Pre-Trial Order, which the Defendant has failed to file with the court for a second time, despite Court's orders, this is blatant violation of law and undue influence on the court's proceedings by corporate lawyers ( SeeExh: the Docket sheet ): $Exh. "A"$

**Finally added parent companies as defendants, since Eckerd as a legal entity today is only on paper, it has no mind, no body or soul of its own, but it is totally bankrupt, as all of its Assets and Liabilities are taken over by Rite Aid. Plaintiff can not recover money from this bankrupt entity, and let its Papa "Rite Aid" go scot-free and enjoy all the goodies it got from ECKERD. The court has responsibility to make sure justice is done to a Pro-Se party, if he wins, and there are no big hurdles to cross once he wins the judgment. This court was aware that it is a legal necessity that all the parent corporations of Eckerd be added as co-defendants, hence Plaintiff's motion to amend was granted in its entirety by this court.**

Even though Judge Wolle, granted permission to new defendants to seek to dismiss the claims to be asserted in the amended complaint, No permission was given to violate Local civil rules, and violation of judicial process and procedure by filing a dispositive motion to dismiss before a magistrate judge without consent of both parties as in this case. It is clear there is absolutely no legal basis for defendants to win this motion for partial dismissal.

Defendants always knew from the start, plaintiff was claiming damages for mental distress, accordingly they even deposed plaintiff's wife Agnes prior to summary judgment. Additionally, they failed to depose plaintiff's treating physician after they requested leave of court in 2007, and also failed to seek independent medical and

3

psychiatric exam of plaintiff in 2007 despite courts leave for that purpose. See: Docket

entry # 84.

## LEGAL ARGUMENT

*A magistrate Judge can not overrule a District Judge's Order.*

**POINT I**

**This motion is in effect a Motion to Reconsider the District Court's grant of**
**Plaintiff's motion to Amend Complaint. As such Defendants have waived their right**
**to file such a motion because:**

 **Law of the case doctrine, would prevent a Magistrate judge to overrule an order of**
**a District Judge.** Judge Wolle's decision is the law of the case for this proceeding until a
higher court overrules it.

*A magistrate Judge has no jurisdiction over dispositive motions.*

**POINT II**

**The Defendant have filed this motion before Magistrate Judge Bloom, and this**
**being a dispositive motion to dismiss, Magistrate Judge Bloom has no jurisdiction to**
**rule on it. In any case, the time to file for reconsideration had expired before the**
**defendants represented by Mr. Bucci filed motion for partial dismissal. The district**
**court granted Plaintiff's motion to amend Complaint on August 10, 2009. The**
**Defendants filed their Motion for Partial Dismissal of Amended Complaint on**
**September 17, 2009. Defendants failed to file the motion within 10 days, Defedants**
**have taken One month and seven days to file this motion, that too before a**
**magistrate judge who has no jurisdiction over dispositive motions.**

 **Local Civil Rule 6.3: Motions for Reconsideration or Reargument:**

 **" A notice of motion for reconsideration or reargument *of a court order determining***
***a motion* shall be served within ten (10) days after *the entry* of the court's**
**determination of the original motion,** or in the case of a court order resulting in a
judgment, within ten (10 ) days after the entry of the judgment.

**There shall be served with the notice of motion a memorandum setting forth concisely**
**the matters or controlling decisions which counsel believes the court has overlooked."**

 **Presuming the motion for partial dismissal was filed on time, it would still**
**have been rejected as there are no new facts or arguments stated in this motion for**

4

**partial dismissal. No new matters or the controlling decisions have been concisely stated as mandated by Local Civil Rule 6.3 The defendants have simply rehashed the same old facts and repeated the very same arguments they made before Judge Wolle. Additionally, rule 6.3 further says:** <u>No oral argument shall be heard unless the court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.</u>

[Adopted March 25, 2004]

Defendants request for an Oral argument for this motion, violates Rule 6.3 as stated above.

Additionally the affirmation of Ms. Saks also violates this Local rule 6.3.

**This kind of motion would be incredible, as it would amount to review of Judge Wolle's decision to grant Plaintiff's motion to Ammend Complaint, by the Magistrate Judge Bloom, who has no jurisdiction over dispositive motions without consent of both parties, which is not the case here. There is no legal basis for any such review whatsoever.**

Williams v. Beemiller (2nd Cir. 2008)

### <u>Second Circuit (May 28, 2008)</u> Docket number: 06-4958

§ 636(b)(1)(A) or a "nondispositive matter" under Federal Rule of Civil Procedure because such an order effectively terminates all proceedings in federal court. Section 636(b)(1)(A) provides: **[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except** a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action**, to dismiss for failure to state a claim upon which relief can be granted,** and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28U.S.C. § 636(b)(1)(A). In addition, Federal Rule of Civil Procedure 72(a) requires a district court to consider a party's timely objections to a magistrate judge's order deciding a "pretrial matter not dispositive of a party's claim or defense" and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Where, as here, a party argues that a district court erroneously treated a matter referred to a magistrate judge as "not dispositive" and thus failed to review de novo the decision by a magistrate judge in that matter, our sister circuits have analyzed the practical effect of the challenged action on the instant litigation. See, e.g., Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 5 6 (1st Cir. 1999) (stating, in dicta, that a magistrate judge's imposition of discovery sanctions should be considered dispositive where such sanctions "fully dispose[] of a claim or defense" and thus fall within the "same genre as the enumerated motions" of § 636(b)(1)(A)); Rajaratnam v. Moyer, 47 F.3d 922, 923 24 (7th Cir. 1995) (holding that the denial of an application for attorney's

fees should be considered dispositive for purposes of § 636(b)(1)(A) and reviewed de novo by the district court). In reaching these conclusions, **these courts considered the dispositive orders listed explicitly in § 636(b)(1)(A) to be non-exhaustive.** See, e.g., Phinney, 199 F.3d at 5 6 (concluding that "the terms dispositive and nondispositive as used in Rule 72 must be construed in harmony with the classification limned in section 636(b)(1)" and rejecting the proposition that "dispositive motions are those excepted motions specifically enumerated in section 636(b)(1)(A) . . . and no others"); see also Gomez, 490 U.S. at 873-74 (concluding that jury selection in a felony trial is dispositive for purposes of § 636(b)(1)(B), despite its absence from that provision, because it is "more akin to those precisely defined, `dispositive' matters" enumerated therein than the "`nondispositive,' pretrial matter[s] governed by § 636(b)(1)(A)"). We agree that the list is non-exhaustive.

Yet in a practical sense an order of remand predicated on a lack of subject matter jurisdiction is no less dispositive than an order of dismissal in the circumstances we describe as both orders have the same effect by permitting the case to proceed in the state rather than the federal court. In sum, we believe that even if it could do so, Congress never intended to vest the power in a non-Article III judge to determine the fundamental question of whether a case could proceed in a federal court.

Id. at 145 46 (footnote omitted). The Sixth and Tenth Circuits agreed with the reasoning of the Third Circuit. See Vogel, 258 F.3d at 517 (concluding that "a remand order is the functional equivalent of an order to dismiss" and thus is "dispositive . . . and can only be entered by district courts"); First Union Mortgage Corp., 229 F.3d at 996 (concluding that "[s]ection 636 and Rule 72 must be read, where possible, so as to avoid constitutional problems" and holding that remand order is "a final decision or dispositive motion that must ultimately be made by the district court in order to survive Article III scrutiny"). We now join them.

Because a § 1447(c) remand order "determine[s] the fundamental question of whether a case could proceed in a federal court," U.S. Healthcare, 159 F.3d at 146, it is indistinguishable from a motion to dismiss the action from federal court based on a lack of subject matter jurisdiction for the purpose of § 636(b)(1)(A). A motion to remand is not a "pretrial matter" under § 636(b)(1)(A), and a magistrate judge presented with such a motion should provide a report and recommendation to the district court that is subject to de novo review under Rule 72.

The Defendants-Appellants here are entitled to the District Court's de novo review of the Magistrate Judge's report and recommendation regarding Plaintiffs-Appellants' motion to remand. **Beemiller (2nd Cir. 2008)**

**POINT III (Brief 6)**     *Plaintiff has met the Plausibility*
                             *≤tandard.*
Plausibility standard:

**Patane v. Clark (2nd Cir. 2007)**

Second Circuit (November 28, 2007)

6

Docket number: 06-3446-cv

We review de novo a district court's decision to dismiss a complaint for failure to state a claim pursuant to **FRCP 12(b)(6)**. Rothman v. Gregor, ← 220 F.3d 81, 88 (2d Cir. 2000). We must accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff. Global Network Commc'ns, Inc. v. City of New York, ← 458 F.3d 150, 154 (2d Cir. 2006)

**On a motion to dismiss, the issue is "whether the claimant is entitled to offer evidence to plead "enough facts to state a claim for relief that is plausible on its face."** <u>Bell Atlantic Corp. v. Twombley</u>, 127 S. Ct. 1955, 1974 (2007). In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, as well as "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman, 220 F.3d at 88.

On occasions too numerous to count, we have reminded district courts that "when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)). This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings. **As the Supreme Court has recently observed, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,__ U.S. __, 127 S. Ct. 2197, 2200 (2007)** (per curiam) (internal quotation marks omitted). This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. *See McEachin*, 357 F.3d at 200. Accordingly, the **"<u>dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008).**

Like the Title VII and ADEA employment discrimination claims in *Swierkiewicz*, FHA disparate treatment claims like Boykin's are analyzed using the *McDonnell Douglas* burden-shifting framework. *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). We have stated that "[t]he *Swierkiewicz* holding applies with equal force to any claim . . . that the *McDonnell Douglas* framework covers." *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 72 (2d Cir. 2006) (per curiam); *see also Lindsay v. Yates*, 498 F.3d 434, 439-40 (6th Cir. 2007) (applying *Swierkiewicz* to an FHA complaint); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004) (same). Boykin's complaint need only satisfy Rule 8(a)'s standard of a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2).
However, the appropriate standard for assessing the sufficiency of pleadings under Rule 8(a) is the source of some uncertainty in light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *See Iqbal v. Hasty*, 490 F.3d 143, 155 (2d Cir. 2007). *Twombly* upheld the dismissal of a claim under section 1 of the Sherman Act, 15 U.S.C. § 1, because the complaint did not plead "enough facts to state a claim to

relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Although much of the Court's language addressed the pleading standard for a section 1 claim and the burdens of antitrust litigation specifically, *see id.* at 1966-67, the Court's reasoning suggested "that it intended to make some alteration in the regime of pure notice pleading," *Iqbal*, 490 F.3d at 155. For example, the Court stated that Rule 8(a) requires factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. Yet the Court also affirmed the vitality of *Swierkiewicz*, which applied a notice pleading standard, and explained that its decision did not "require heightened fact pleading of specifics." *Id.* at 1973-74.

After considering these and several other mixed signals in *Twombly*, this Court concluded in *Iqbal* that the Supreme Court "is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." **Iqbal, 490 F.3d at 157-58.** We agree with the *Iqbal* panel's conclusion that *Twombly* focused on the plausibility of the complainant's claim for relief, although *Iqbal* does not offer much guidance to plaintiffs regarding when factual "amplification [is] needed to render [a] claim *plausible*." *Id.* at 158. We need not locate the outer bounds of *Twombly*'s new standard for assessing pleadings under Rule 8(a) here, because no amplification was necessary in this case.

**After *Twombly*, the Supreme Court issued another decision addressing the sufficiency of a pleading under Rule 8(a), but this time specifically for a complaint filed *pro se*. See _Erickson v. Pardus_, 127 S. Ct. 2197 (2007) (per curiam).** The Court reversed the Tenth Circuit's dismissal of a prisoner's Eighth Amendment claim, holding that the court of appeals had "depart[ed] from the liberal pleading standards" of Rule 8(a). *Id.* at 2200. **The Court reiterated that "[s]pecific facts are not necessary," and that the complainant "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"** *Id.* (quoting *Twombly*, 127 S. Ct. at 1964 (internal quotation marks omitted) (alteration in original)). But _Erickson also emphasized that the court of appeals' departure from Rule 8(a)'s liberal pleading standard was particularly unwarranted because the complainant was *pro se*: "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."_ *Id.* (internal quotation marks and citations omitted). We review the sufficiency of Boykin's pleadings mindful of this duty to construe more liberally her *pro se* complaint.

As the Supreme Court has observed, "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 127 S. Ct. at 2200 (internal quotation marks and alteration omitted). Accordingly, a complaint need not contain detailed factual allegations—such as the dates of misconduct and the names of "each and every individual" involved in the misconduct that the District Court required plaintiff to provide in the amended complaint.

FRCP 12(b)(6) is for failure to state a claim not a cause of action.

Cruz v. Beto, 405 U.S. 319, 322 (1972) (complaint should not be dismissed unless it is beyond doubt that allegations fail to state a claim). The frivolousness determination must be weighted in favor of the plaintiff. Denton, 60 U.S.L.W. at 4347-48.

Moreover, a pro se plaintiff should be given an opportunity to particularize a potentially viable claim. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965).

Finally: *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009)

In this respect, the Court noted that Federal Rule of Civil Procedure 8(a)(2) - which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" - does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 1949-50. Requiring plaintiffs to furnish "more than a sheer possibility that a defendant has acted unlawfully," *id.* at 1949, is consistent with the Federal Rules and makes sense as a matter of public policy in light of the often immense demands of discovery. **In the case at bar, there is clear evidence that at least one of the reasons given by Defendant is illegitimate, as was determined by 2nd Circuit Court of Appeals. Defendants therefore can not expect Iqbal to save them here, as it just does not apply in this case.**

**Doctrine of laches:**

**See: *765 F2d 810 Brown v. Continental Can Company(9th Cir. 1985)***

On appeal, the issues presented to this court are: .......(3) **Whether this action is barred by laches.**

As this circuit stated in Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082 (9th Cir.1983), " '[t]he Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination,' " id. at 1084 (quoting Mahroom v. Hook, 563 F.2d 1369, 1375 (9th Cir.1977), cert. denied, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978) ) (brackets in Rice), and " 'a technical reading [of Title VII] would be "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." ' " Id. (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982) Because, unlike Boone, there are disputed issues of material fact here, it cannot be said that the plaintiff was guilty of laches as a matter of law. See

**<u>Gifford, 685 F.2d at 1152</u> (declining to affirm the district court's grant of summary judgment to the defendant employer in plaintiff's Title VII action brought after a nine-year delay on the alternate basis of laches** where there were material factual issues to be resolved). **Similarly in this case at bar, there is a material factual issue of who will be responsible to pay the money damages, once Defendants are held liable.**

UNPUBLISHED
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
UNITED STATES OF AMERICA,
Plaintiff-Appellee,
v.
No. 97-6959
BYRON JONES, a/k/a Carl Lee, a/k/a
"B,"
Defendant-Appellant.

OPINION
PER CURIAM:
Byron Jones appeals the denial of his Fed. R. Crim. P. 41(e) motion for return of property, his motion for discovery of relevant documents, and his motions for reconsideration. Jones sought return of non-contraband property seized in a search incident to his arrest in April 1992. He filed his Rule 41(e) motion in June 1997. Finding that Jones's motion was untimely, **the district court denied the motion under the equitable doctrine of laches** and then denied Jones's motion for discovery. Because we find that the district court did not make the appropriate findings to warrant dismissal on laches grounds, we vacate and remand for further proceedings. We review the denial of a Rule 41(e) motion for abuse of discretion. See Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993).
**Dismissal of a claim on the ground of laches requires that there be (1) unreasonable and unexcused delay in bringing the claim and (2) material prejudice to the defendant as a result of the delay. See Potter Instrument Co. v. Storage Technology Corp., 641 F.2d 190, 191 (4th Cir. 1981). To establish a laches defense, both of the above prongs must be met. Only then can the court weigh the delay and prejudice to determine whether justice requires that the claim be barred. See Giddens v. Isbrandtsen Co., 355 F.2d 125, 128 (4th Cir. 1966);**
**Advanced Cardiovascular Sys. v. Scimed Life Sys., 988 F.2d 1157, 1161 (Fed. Cir. 1993).**
While we find that the district court did not abuse its discretion in determining that a five year lapse between the seizure and Jones's motion constituted unreasonable and inexcusable delay**, the district court was also required to find material prejudice to the Government before applying the doctrine of laches.** The Government has not responded in this case, and the district court made no finding of prejudice sua sponte. Thus, the district court dismissed Jones's motion under the laches doctrine without considering the mandatory second prong of the test. In addition, we cannot infer prejudice, because the Government never responded to the motion, and there is nothing in the record to support such a finding. Instead, accepting Jones's allegations as true, this property has been in the Government's possession for over six years without the institution of a forfeiture proceeding. We find that the denial of Jones's motion under these circumstances was an abuse of discretion. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993) (an abuse of discretion occurs when the district court's exercise of discretion is flawed by an erroneous legal premise). Accordingly, we vacate the district court's order and remand for service of the motion on the Government and reconsideration of whether the doctrine of laches applies. In addition, while we express no opinion on the merits of Jones's discovery motion, he is free to refile this motion in district court. We deny Jones's motion for appointment of counsel. We dispense with

oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
VACATED AND REMANDED

Similarly in this case, no material prejudice to the Defendants has been shown, much less proven. **Plaintiff did not know the process of Amending Complaint and believed he would amend complaint by requesting court's permission before trial. Plaintiff included in JPTO, his intention to do exactly this, when he first forwarded Plaintiff's portion of JPTO to defendants in 2007, however defendants have failed to file the JPTO despite court's order.**

Explanation of the total TIME LINE in this case See: The docket sheet ):

7/2002 to 11/24/03 Filing of complaint to grant of summary judgment to Eckerd. (1yr. 4 mos)

11/03 to 01/06/2004, Motion to Reconsider and Memorandum and Order denying Plaintiff's  motion for reconsideration. (2 mos)

January 14, 2004 to February 2007 (3 yrs 1 mo). Plaintiff's Appeal and Remand by 2nd Circuit.

2/2007 to 9/2009 ( 2 yrs 7 mos) of this post Remand period, Defendant alone took 7 months time just to file JPTO alone, which they still have failed to file with the court and should be sanctioned on that account alone for non compliance with a court order. See the docket entries for this case.

There was absolutely no time when plaintiff unreasonably delayed these proceedings.

Spoliation of Evidence (Count III): is based on ADEA only and not NY Law.


**POINT IV (Brief 8)**

**New Defendants, the parent corporations of Eckerd are liable as a matter of law:**

It is true, no liability will be imposed on the parent corporation merely because directores of the parent serve as the directors of the subsidiary. See; U.S. v. Bestfoods, (1998).

**However, under both state and common law, abuse of corporate form will allow courts to employ the "tool of equity" known as veil-piercing,**

11

that is disregard of the corporate entity to impose liability on the corporations shareholders. Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1069 (3rd Cir. 1979).

Courts have held veil peircing to be appropriate, "when the court must prevent fraud, illegality, or injustice, or when recognition of corporate entity would defeat public policy or shield someone from liability for a crime," Zubik v. Zubik, 384 F.2d 267, 272 (3d Cir. 1967), or

when "the parent so dominated the subsidiary that it had no separate existence," New Jersey Dep't of Envtl. Prot. V. Ventron Corp., 468 A.2d 150, 164 (N.J. 1983). In this case, the situation with J.C. Penny, Jean Coutu Group(PJC), Inc. The Jean Coutu Group(PJC), U.S.A.  and Rite Aid, as parent companies is exactly the same as the totally dominating parent, such that parent holds all liability insurance, and or the assets and liabilities of the subsidiary, as J.C.Penney in 2001, 2002; thereafter Jean Coutu Group(PJC), Inc. the Jean Coutu Group(PJC), U.S.A. in 2004 and in 2006, Rite Aid, the legal parent corporations of Eckerd  held assets and liabilities of Eckerd Corporation. These parent corporations so dominated Eckerd Corpoaration that it had no separate existence. It is a kind of unlawful and fraudulent action by Rite Aid to still keep the Eckerd corporation as a legal registered entity, even though it has no practical function, no assets or any liabilities either. It is under such circumstances, that Courts apply "veil-piercing" as a just measure.

All other arguments of defendants are nonsensical and have no relevance to the specific situation in this case. Plaintiff here is not trying to bring them (parent corporations) into the lawsuit, in order to show Eckerd eligible to be held liable, as Eckerd has vast number of employees, which takes care of that issue. Here the matter is simply, the executability of the judgment in plaintiff's favor (as plaintiff is confidant he will win), because Eckerd corp. is merely a legal entity on paper, with no more Board of directors of its own, no stores of its own, no nothing of its own anymore. As of this day, Rite Aid admits, it owns all the assets and liabilities of Eckerd Corp.

**POINT V (Brief 12)**

A)  <u>Laches does Not Mandate NY Claim dismissal under the Circumstances of this case.</u>

It is clearly dishonest for Defendants to say this is first time D'Cunha seeking NY Law claims, or that he never before asserted these prior to August 2009, as he certainly stated in his MOL in opposition to Defendant's motion for summary judgment as well as in answers to Interrogatories (12/2002) and his 2003, Deposition

12

as well. **Defendants had a fair warning of Plaintiff's claims and the damages he was seeking, already at the time of Motion for summary judgment.**

Plaintiff D'Cunha clearly stated **in answer to Defendant's Interrogatories addressed to Plaintiff, ( December 9, 2002) that he was seeking damages for mental distress, specifically, Interrogatory # 3) "I did suffer emotional and mental harm, leading to loss of enjoyment of life."**

In his first **Deposition at New York, on March 29, 2003, Plaintiff D'Cunha stated that he was seeking** Back wages, benefits, in-statement (hiring), Front wages and **damages for mental distress** ( See pages: 291-293).

Defendants were clearly on notice that NY Law claim was being asserted. And again in his 2nd deposition in 2007, plaintiff stated many times NY State law claim for mental distress.

**Delay CAUSED BY DEFEDANT Eckerd Corp.**

See Docket sheet, # 69, 74, 93, 94, 95 and 96 Defendant Eckerd Corp. made motions for extension of time from 8/27/2007 to 3/17/2007, a 7 month delay to file JPTO alone.

**B)   (Brief 14)**

**No Material Prejudice to Defendants shown.**

Eckerd has Waived its Right to Oppose Plaintiff Adding NY State law claims, by not Opposing it at the Summary judgment phase. The 2nd Circuit would not allow such laxity for represented parties, Eckerd knows better than that. It's preposterous for Eckerd to claim now after 7 years that it was prejudiced by Plaintiff's assertion of NY State law claim in his MOL in opposition, well they even that right Eckerd has waived by not raising it at that time.

**The Court did grant defendants permission to depose Plaintiff D'Cunha regarding his medical histories and Defendants agree. see: docket # 84, entered on 10/23/2007. However, defendant failed to depose any of Plaintiff's physicians, despite the fact they stated this in their request, and also had a medical expert as well.**

**POINT VI**

**PLAINTIFF'S CLAIM OF SPOLIATION OF EVIDENCE IS BASED ON ADEA ONLY, NOT BASED ON NEW YORK LAW.**

**No further legal argument needed for this logical connection.**

**But different considerations apply where a litigant is proceeding pro se.**

**As we have previously stated, "[i]mplicit in the right to self-**

**representation is an obligation on the part of the court to make**

**reasonable allowances to protect pro se litigants from inadvertent**

**forfeiture of important rights because of their lack of legal training."**

**Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983).**

**In this case, Plaintiff did assert New York State Human Rights Law and Laws and Rules of New York City in his MOL at summary judgment stage as Defendant rightly agree.**

## CONCLUSION

For the foregoing reasons, Pro-Se Plaintiff D'Cunha respectfully requests the Honorable Magistrate Judge not to exercise jurisdiction over this Dispositive motion and refuse to consider defendants' partial motion to dismiss. Granting this motion would in effect overrule Judge Wolle's Order granting Plaintiff's motion to Amend Complaint.

Plaintiff further requests that Defendants should be sanctioned for their clear attempts to bully a Pro-Se plaintiff, by violating Local rules and Judicial norms by making this Dispositive motion before a Magistrate judge and requesting an oral hearing.

Dated: Flushing, New York
      October 1, 2009

Respectfully Submitted,

*Patrick F. D'Cunha.*

PATRICK F. D'CUNHA, Plaintiff Pro-Se
137-22 Laburnum Avenue
Flushing, NY 11355
Tel. 718-661-2979
Email: dragondcunha@aol.com

14

Case 1:02-cv-04157-CRW-LB   Document 155   Filed 10/01/09   Page 17 of 36

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:02-cv-04157-CRW-LB
### Internal Use Only

D'Cunha v. Genovese/Eckerd Corporation (FB)
Assigned to: Visiting Judge VJ, Charles R. Wolle
Referred to: Magistrate Judge Lois Bloom
Demand: $0
Cause: 29:621 Job Discrimination (Age)

Date Filed: 07/23/2002
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Patrick D'Cunha**                                    represented by **Patrick D'Cunha**
137-22 Laburnum Avenue
Flushing, NY 11355
718-661-2979
Email: dragondcunha@aol.com
PRO SE

V.

**Defendant**

**Genovese/Eckerd Corporation**                        represented by **James Bucci**
Genova Burns & Vernola
2 Riverside Drive, Suite 502
Camden, NJ 08103
856-968-0680
Fax: 856-968-0685
Email: jbucci@gbvlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shirin W. Saks**
Genova, Burns & Vernoia
354 Eisenhower Parkway
Eisenhower Plaza Ii
Livingston, NJ 07039
973-533-0777
Fax: 973-533-1112
Email: ssaks@gbvlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory S. Hyman**
Spector Gadon & Rosen, P.C.
Seven Penn Center,

1635 Market Street, 7th Fl.
Philadelphia, PA 19103
215-241-8888
*TERMINATED: 10/12/2007*

**James Bucci**
Spector, Gadon & Rosen, P.C.
Seven Penn Center, 1635 Market Street
7th Floor
Philadelphia, PA 19103
215-241-8888
Fax: 215-241-8844
Email: jbucci@lawsgr.com
*TERMINATED: 10/12/2007*

**<u>Defendant</u>**

**J.C. Penny**

**<u>Defendant</u>**

**JCG (PJC) USA, LLC**
*("Jean Coutu USA")*

**<u>Defendant</u>**

**Jean Coutu Group (PJC) Inc.**

**<u>Defendant</u>**

**Rite Aid Corporation**
*(publicly held corporations)*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2002 | ❷ 1 | Complaint filed and summons issued as to defendant(s) Genovese/Eckerd Corporation. Filing fee $150.00. Receipt number: 264445.. Filed by pro se Patrick D'Cunha. (Attachments: # 1 Civil Cover Sheet)(Bowens, Priscilla) (Entered: 07/23/2002) |
| 08/08/2002 | ❷ 2 | Letter dtd 08.07.02 from Patrick F.D'Cunha to USMJ Bloom, informing Your Honor that petitioner will be out of town from 08.20.02 to 09.15.02, requesting that petitioner's correspondence be forwarded to his NY residence and further requesting that Your Honor not schedule any hearing during petiitoner's absence. (Docket Sheet Updtd re: Petitioner's Correct Address) Fwd. to USMJ Bloom. (Galeano, Sonia) (Entered: 08/08/2002) |
| 08/08/2002 | ❷ 3 | Waiver of Service Returned Executed, by Genovese/Eckerd Corporation. Genovese/Eckerd Corporation waiver sent on 8/5/2002, answer due 10/4/2002 filed by Genovese/Eckerd Corporation. (Galeano, Sonia) Fwd. to USMJ Bloom. (Entered: 08/08/2002) |

Case 1:02-cv-04157-CRW-LB    Document 155    Filed 10/01/09    Page 19 of 36

| 09/20/2002 | 🌑 4 | Answer to complaint. filed by James Bucci on behalf of Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 09/23/2002) |
| 09/20/2002 | 🌑 5 | Disclosure of interested party filed by James Bucci on behalf of Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 09/23/2002) |
| 10/18/2002 | 🌑 6 | Order, scheduling an initial conference for 11.21.02 at 4:00 p.m., before the undersiged, in Room #373. (Signed by USMJ Bloom, dtd 10.17.02) c/m (Galeano, Sonia) (Entered: 10/18/2002) |
| 11/21/2002 | 🌑 8 | Calendar Entry: Before USMJ Lois Bloom on 11/21/2002. Initial Conference held. Recorded; Tape# 02/260; Tick#(s) 3005-6414. Appearances for Pltf: Pro Se, Patrick D'Cunha; for Dft: James Bucci. (Latka-Mucha, Wieslawa) (Entered: 11/27/2002) |
| 11/26/2002 | 🌑 7 | ORDER, all discovery in this matter shall be completed by 02.17.03. Any dispositive motion in this matter shall be filed by 03.24.03. Opposition to any dispositive motion shall be filed by 05.05.03. A reply, if necessary, may be filed by 05.19.03. The Court shall hold a telephonic status conference in this matter on 01.28.03 at 10:00. (Signed by Judge Lois Bloom, on 11.21.02) c/m (Galeano, Sonia) (Entered: 11/26/2002) |
| 01/14/2003 | 🌑 10 | MOTION to Admit Counsel Gregory S. Hyman, Pro Hac Vice on behalf of deft Genovese/Eckerd Corp. (Galeano, Sonia) (Entered: 01/23/2003) |
| 01/14/2003 | 🌑 11 | AFFIDAVIT of Gregory S. Hyman in Support of Motion to Admit Counsel Pro Hac Vice on behalf of Genovese/Eckerd Corporation. (w/receipt of pro hac vice fee attached) (Galeano, Sonia) (Entered: 01/23/2003) |
| 01/15/2003 | 🌑 9 | ORDER, granting pltff's requests thatthe court extend the date for completing discovery in this matter. All discovery shall be completed by 04.03.03. Any dispositive motion shall be filed by 05.08.03. Opposition to any dispositive motion shall be filed by 06.19.03. A reply, if necessary, may be filed by 07.03.03. However, the Court shall conduct a telephonic status conference in this matter on 03.04.03 at 10:30 a.m. Deft's counsel shall initiate the conference call. (Signed by Judge Lois Bloom, on 01.10.03) c/m (Galeano, Sonia) (Entered: 01/15/2003) |
| 01/23/2003 | 🌑 | Filing fee: $ 25.00, receipt number 271874. (See see doc. #11) (Galeano, Sonia) (Entered: 01/23/2003) |
| 01/23/2003 | 🌑 12 | ORDER, granting motion for admission to practice pro hac vice in this matter. The admitted atty, Gregory S. Hyman is permitted to argue or try this particular case in whole or in part as counsel or adovacte. (Signed by Judge Lois Bloom, on 01.17.03) c/m (Galeano, Sonia) (Entered: 01/23/2003) |
| 01/23/2003 | | (Court only) ***Motions terminated: 10 MOTION to Appoint Counsel *Gregory S. Hyman, pro hac vice on behalf of deft Genovese/Eckerd Corp.* filed by Genovese/Eckerd Corporation. (See doc. #12) (Galeano, Sonia) (Entered: 01/23/2003) |

| 01/23/2003 | | (Court only) ***Attorney Gregory S. Hyman for Genovese/Eckerd Corporation added. (See doc. #12) (Galeano, Sonia) (Entered: 01/23/2003) |
|---|---|---|
| 02/11/2003 | ❶ 13 | Letter dtd. 2/5/03 from defense counsel Gregory S. Hyman to Judge Bloom, requesting the Judges' intervention in resolving a discovery dispute between the parties. (w/Exhibits A-E). (Layne, Monique) (Entered: 02/11/2003) |
| 02/11/2003 | | (Court only) ***Attorney Gregory S. Hyman for Eckerd Corporation added, as per doc. #13. (Layne, Monique) (Entered: 02/11/2003) |
| 02/11/2003 | ❶ 14 | ORDER: pltff shall produce his federal, state and local tax returns for the years 1999 to the present, including W-2 forms. Pltff shall provide full and complete responses to Interrogatory 5. Signed by Judge Lois Bloom on 2/7/03. c/m(Layne, Monique) (Entered: 02/11/2003) |
| 02/13/2003 | ❶ | Filing fee: $ 25.00, receipt number 272862 for pro hac vice for Gregory Hyman. (Dobkin, David) (Entered: 02/13/2003) |
| 03/03/2003 | ❶ 15 | Letter dtd 2/8/2003 from Pro Se, Patrick F. D'Cunha to USMJ Bloom requesting permission to take the depositions of three Eckerd employees by audio recording pursuant to Rule 30(b)(4). W/Order and Exhibits A-B attached. (Latka-Mucha, Wieslawa) (Entered: 03/03/2003) |
| 03/03/2003 | ❶ 16 | Letter dtd 2/13/2003 from dft's counsel Gregory S. Hyman to USMJ Bloom in opposition to pltf's request to take the depositions by audio recording, doc.# 15, and requesting that all depositions be taken by ordinary stenographic methods. (Latka-Mucha, Wieslawa) (Entered: 03/03/2003) |
| 03/04/2003 | ❶ 17 | ORDER: endorsed on letter dtd. 2/14/03 from pro se D'Cunha. Pltff's request and deft's opposition to pltff's request to conduct audiotaped depositions shall be addressed at the telephonic conf. on 3/4/03 . Signed by Judge Lois Bloom on 2/26/03. C/M. (Layne, Monique) (Entered: 03/04/2003) |
| 03/04/2003 | ❶ 19 | Calendar Entry: Before USMJ Lois Bloom on 3/4/2003. Telephone Conference held. Recorded; Tape# 03/41; Tick#(s) 1122-2690. Appearances for Pltf: Pro Se, Patrick D'Cunha; for Dft: James Bucci, Esq. Revised Scheduling Order to be entered. (Latka-Mucha, Wieslawa) (Entered: 03/10/2003) |
| 03/07/2003 | ❶ 18 | REVISED SCHEDULING ORDER: the Court revised the discovery schedule at a telephonic conf. on 3/4/03, as follows: Pltff shall depose employees of deft, Jennifer Dolan and James Tran on 4/1/03. All discovery shall be completed by 4/18/03. Deft shall produce to pltff responses to pltff's discovery requests by 3/5/03. Said responses shall be sent to pltff by overnight mail. The dispositive schedule as set forth in pltff's 1/2/03 leter and endorsed by the Court 1/10/03, shall remain in effect. (Signed by Judge Lois Bloom on 3/5/03). C/M(Layne, Monique) (Entered: 03/07/2003) |

| 04/21/2003 | 20 | ORDER: endorsed on letter dtd. 4/15/03, denying pltff's application for an extension for completion of discovery. No good cause has been shown to extend the discovery deadline for a second time.(Signed by Judge Lois Bloom on 4/18/03). C/M. (Layne, Monique) (Entered: 04/21/2003) |
| --- | --- | --- |
| 04/29/2003 | 21 | Letter dated 4/25/03 from James Bucci, requesting that a pre-motion conference be scheduled concerning deft's motion for summary judgment. (Dobkin, David) (Entered: 04/29/2003) |
| 04/30/2003 | 22 | Letter from Patrick D'Cunha to Judge Block, intending to prove yhat deft has not basis for its summary judgment motion. (Dobkin, David) (Entered: 04/30/2003) |
| 05/02/2003 | 23 | ORDER: endorsed on pg.2 of (faxed)(copy)letter dtd. 4/29/03, granting defense counsel's application that the dispositive motion be filed by 5/27/03 and that the remaining deadlines be adjusted accordingly to reflect the same amount of time as set forth in Order dtd. 1/10/03 as follows: Opposition to be filed by 7/8/03. Reply to be filed by 7/22/03. (Signed by Judge Lois Bloom on 4/30/03). C/M.(Layne, Monique) (Entered: 05/02/2003) |
| 05/29/2003 | 24 | Letter dated 5/27/03 from James Bucci to Judge Block and Judeg Bloom, advising that he has served its motion for summary judgment on plaintiff in the above case. (Dobkin, David) (Entered: 05/29/2003) |
| 07/17/2003 | 25 | ORDER: endorsed on letter dtd. 7/14/03 from defense counsel for Eckerd Corp., granting his application for a thirteen-day extension of time from 7/22/03 until 8/4/03, to address numerous statements contained in pltff's affidavit. (SO ORDERED: Judge Lois Bloom on 7/15/03). C/M. (Layne, Monique) (Entered: 07/17/2003) |
| 07/24/2003 | 26 | ORDER stating that this court does not accept sur-repl;ys, if any additional papers are required, they will be requested from the parties. Application is denied.. Signed by Judge Frederic Block on 7/24/2003. (endorsed on letter dated 7/21/2003 from Patrick D'Cunha to Judge Block)(Dobkin, David) (Entered: 07/30/2003) |
| 07/30/2003 | 27 | Letter dated 7/16/2003 from James Bucci to Judge Block, stating that deft will file its motion papers and reply as well as plaintiff's opposition papers on or before 8/4/03. (Dobkin, David) (Entered: 07/30/2003) |
| 07/30/2003 | 28 | Letter dated 7/15/2003 from James Bucci to Judge Block, concerning deft's request to file a reply memo in excess of 10 pages. (Dobkin, David) (Entered: 07/30/2003) |
| 08/05/2003 | 29 | Letter from James Bucci to Judge Block, stating that deft will file its motion papers and reply, as well as Plaintiff's opposition papers, on or before 8/8/03. (Dobkin, David) (Entered: 08/05/2003) |
| 08/05/2003 | 30 | ORDER: endorsed on faxed copy letter dtd. 7/29/03, from counsel for deft Eckerd Corp, granting their application for an additional extension of four days, until 8/8/03 to file deft's reply brief in support of its motion for summ. judgment. Congrats on the birth of your son. SO ORDERED. |

Case 1:02-cv-04157-CRW-LB   Document 155   Filed 10/01/09   Page 22 of 36

| | | |
|---|---|---|
| | | (Signed by Judge Lois Bloom on 7/29/03). C/M.(Layne, Monique) (Entered: 08/05/2003) |
| 08/05/2003 | 31 | ORDER: endorsed on letter dtd. 7/30/03 from pro se P. D'Cunha re: defense counsel's letters dtd. 7/14/03 and 7/29/03. Further requesting Judge not to grant deft's request for a 4-day extension to file the reply. The application is denied. SO ORDERED. (Signed by Judge Lois Bloom on 7/31/03). C/M. (Layne, Monique) (Entered: 08/05/2003) |
| 08/08/2003 | 32 | Letter dated 8/8/03 from James Bucci to Clerk's Office, re: enclosure of motion papers for summary judgment. w/enclosures. (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 33 | MOTION for Summary Judgment by Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 34 | RULE 56.1 STATEMENT re 33 MOTION for Summary Judgment by Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 35 | MEMORANDUM of law in Support re 33 MOTION for Summary Judgment by Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 36 | Declaration of James Bucci with exhibits in Support re 33 MOTION for Summary Judgment by Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 37 | NOTICE to deft moving for summary judgment by Patrick D'Cunha re 33 MOTION for Summary Judgment (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 38 | NOTICE of opposition by Patrick D'Cunha re 33 MOTION for Summary Judgment (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 39 | AFFIDAVIT in Opposition to deft's re 33 MOTION for Summary Judgment by Patrick D'Cunha. (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 40 | MEMORANDUM of law by Patrick F. D'Cunha in Support of his opposition to deft's re 33 MOTION for Summary Judgment. (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 41 | Declaration by Patrick F. D'Cunha with exhibits in Support re 38 Notice (Other), 39 Affidavit in Opposition, 40 Memorandum in Support to deft's motion for summary judgment. (Dobkin, David) (Entered: 08/13/2003) |
| 08/08/2003 | 42 | REPLY Memorandum in further Support re 33 MOTION for Summary Judgment by Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 08/13/2003) |
| 11/25/2003 | 43 | ORDER granting 33 Motion for Summary Judgment. Signed by Judge Frederic Block on 11/24/2003.(sent for judgment). (Dobkin, David) (Entered: 11/25/2003) |
| 12/04/2003 | 44 | JUDGMENT ordering and adjudging that plaintiff take nothing of the deft; and that judgment is hereby entered granting Eckerd Corporations's |

| | | motion for summary judgment. Signed by Clerk of Court on 12/3/2003. C/M Appeals Package sent.(Dobkin, David) (Entered: 12/04/2003) |
|---|---|---|
| 12/12/2003 | ● 45 | Letter dated 12/12/2003 from Patrick D'Cunha to Judge Block, written to notify that today he served plaintiff's motion to reconsider the courts M and O and the judgment entered therefore granting Eckerd's motion for sumary judgment. (Dobkin, David) (Entered: 12/15/2003) |
| 12/12/2003 | ● 46 | MOTION for Reconsideration re 44 Judgment, by Patrick D'Cunha. (Dobkin, David) (Entered: 12/15/2003) |
| 12/12/2003 | ● 47 | MEMORANDUM in Support re 46 MOTION for Reconsideration re 44 Judgment, by Patrick D'Cunha. (Dobkin, David) (Entered: 12/15/2003) |
| 12/15/2003 | ● 49 | CERTIFICATE OF SERVICE by Patrick D'Cunha re 46 MOTION for Reconsideration re 44 Judgment,, 47 Memorandum in Support upon James Bucci, Esq. on 12/15/2003. w/attachments. (Dobkin, David) (Entered: 12/18/2003) |
| 12/15/2003 | ● 50 | Letter dated 12/15/2003 from Patrick D'Cunha to Judge Block, re: enclosure of original signed memorandum of motion to reconsider submitted to Judge Block. w/enclosure. Served upon Mr. Bucci, aty for deft Eckerd..(first set submittred to court without signature on 12/12/2003). (Dobkin, David) (Entered: 12/29/2003) |
| 12/16/2003 | ● 48 | Letter from Patrick D'Cunha to Judge Block, requesting the court to extend the time to file a notice of appeal should the court's determination be once again, against plaintiff. (Dobkin, David) (Entered: 12/18/2003) |
| 12/30/2003 | ● 51 | Brief in Opposition re 46 MOTION for Reconsideration re 44 Judgment, by Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 01/06/2004) |
| 01/05/2004 | ● 54 | COPY of REPLY MEMORANDUM in Further Support of motion for reconsideration of court's order and judgment granting summary judgment to deft by Patrick D'Cunha.(original sent up to chamnbers and received on 1/5/2003) (Dobkin, David) (Entered: 01/12/2004) |
| 01/05/2004 | ● 55 | Letter dtd 1/3/2004 from pro se Patrick F. D'Cunha to Judge Block, enclosing a copy of Pltf's Reply Memorandum in Further Support of his Motion for Reconsideration of Court's Order and Judgment Granting Summary Judgment to Dft, Certificate of Service, and proposed Order. W/Enclosures attached. (Latka-Mucha, Wieslawa) (Entered: 01/14/2004) |
| 01/06/2004 | ● 53 | Letter dated 1/6/2004 from Patrick DCunha to Judge Block, regarding the status of his motion for reconsideration in the above case. (Dobkin, David) (Entered: 01/08/2004) |
| 01/08/2004 | ● 52 | MEMORANDUM and ORDER denying 46 Motion for Reconsideration . Signed by JudgeFrederic Block on 1/6/2004. (Dobkin, David) (Entered: 01/08/2004) |
| 01/14/2004 | ● 56 | NOTICE OF APPEAL by Patrick D'Cunha, pltff/appellant, from order that denied motion to reconsider the order that granted summary judgment to defendant. Filing fee $ 255.00, receipt number 288319. (See |

Case 1:02-cv-04157-CRW-LB   Document 155   Filed 10/01/09   Page 24 of 36

| | | |
|---|---|---|
| | | undated letter to FB from appellant attached.) Copies of NOA served upon deft by Clerk.(Glenn, Marilyn) (Entered: 01/20/2004) |
| 01/20/2004 | ⬤ | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 56 Notice of Appeal, (Glenn, Marilyn) (Entered: 01/20/2004) |
| 03/02/2004 | ⬤ | Certified and Transmitted Record on Appeal to US Court of Appeals re 56 Notice of Appeal. Documents 1-56 transmitted. Document 50 missing. Acknowledgment requested. (McGee, Mary Ann) (Entered: 03/02/2004) |
| 03/02/2004 | ⬤ 57 | Letter from Patrick F. D'Cunha to Clerk: requesting the ROA in this case be sent to the 2nd Circuit. (Glenn, Marilyn) (Entered: 03/03/2004) |
| 03/04/2004 | | (Court only) ***Staff notes USCA cannot find Index, Docket or Clerk Certificate. Duplicates mailed to H. Harris. (McGee, Mary Ann) (Entered: 03/04/2004) |
| 03/05/2004 | ⬤ | First Supplemental Record on Appeal transmitted to US Court of Appeals re 56 Notice of Appeal. This record contains document #57 only. Acknowledgment requested. (McGee, Mary Ann) (Entered: 03/05/2004) |
| 03/09/2004 | ⬤ 60 | Acknowledgment from USCA received re: 56 Appeal. Acknowledgment signed by AS on 3/3/04. USCA#04/0391.(Drayton, Lorraine) (Entered: 03/25/2004) |
| 03/16/2004 | ⬤ 58 | PROPOSED BILL OF COSTS by Genovese/Eckerd Corporation. (Dobkin, David) (Entered: 03/16/2004) |
| 03/17/2004 | ⬤ 59 | Letter dtd 3/17/2004 from Patrick D'Cunha to Clerk of the Court, in opposition to Eckerd Corporation's Bill of Costs. *Fwd to Chambers. (Latka-Mucha, Wieslawa) (Entered: 03/18/2004) |
| 04/01/2004 | ⬤ 61 | Acknowledgment 1st SUPPLEMENTAL USCA received re: 56 Appeal. Acknowledgment signed by AS on 3/8/04. USCA#0391. (Drayton, Lorraine) (Entered: 04/13/2004) |
| 04/26/2004 | ⬤ 62 | Letter dated 4/23/2004 from Gregory Hyman to Clerk of the Court, written in response to Plaintiff's letter of 4/12/2004 with regard to deft's bill of cost filed on 3/13/2004. (Dobkin, David) (Entered: 04/26/2004) |
| 02/28/2007 | ⬤ 63 | ORDER: In accordance with the Second Circuit's remand, see D'Cunha v. Genovese/Eckerd Corp., No. 04-0391-cv (2d Cir. Feb. 27, 2007), the Court denies defendant's motion for summary judgment. The parties are directed to proceed before the assigned magistrate judge to complete all pre-trial matters. So Ordered. (Ordered by Judge Frederic Block, on 2/28/2007) C/M by Chambers. (Attachments: # 1 2d Circuit's Decision dated 2/27/2007) (Latka-Mucha, Wieslawa) (Entered: 03/01/2007) |
| 02/28/2007 | ⬤ 64 | Letter dated 2/27/2007 from pro se Patrick D'Cunha, informing that the undersigned will visit his relatives in India from March 1 to April 17, 2007. (Forwarded to Chambers). (Latka-Mucha, Wieslawa) (Entered: 03/01/2007) |

| 03/06/2007 | 🌐 65 | ORDER: The Court shall hold a settlement conference in this case on April 19, 2007 at 3:30 p.m. in Courtroom 4C on the 4th floor of the United States Courthouse. The parties shall speak at least once before the conference to set forth their positions on settlement. Defendant shall appear with someone with settlement authority on 4/19/2007, or have someone with settlement authority available by telephone at that time. No request for an adjournment shall be accepted unless the party first contacts the other side to obtain consent. So Ordered. (Ordered by Judge Lois Bloom, on 3/5/2007) C/M. (Latka-Mucha, Wieslawa) (Entered: 03/06/2007) |
|---|---|---|
| 04/16/2007 | 🌐 66 | Letter MOTION to Adjourn Conference *scheduled for 4/19/2007; filed* by pro se Patrick D'Cunha, dated 4/15/2007. (Latka-Mucha, Wieslawa) (Entered: 04/16/2007) |
| 04/17/2007 | 🌐 | ORDER endorsed on doc.# 66 : The application is granted. The Court shall hold the conference on June 6, 2007 at 2:00 p.m. in Courtroom 4C. SO ORDERED. (Ordered by Judge Lois Bloom on 4/16/2007) C/M. Motion 66 terminated. (Latka-Mucha, Wieslawa) (Entered: 04/17/2007) |
| 05/02/2007 | 🌐 67 | Appeal Record Returned: Documents 1-57 returned. This form emailed to Fred Nunnery c/o Court of Appeals. (McGee, Mary Ann) (Entered: 05/02/2007) |
| 06/06/2007 | 🌐 68 | Minute Entry for proceedings held before Judge Lois Bloom: Settlement Conference held on 6/6/2007. Recorded. Tick #(s): 2:12:35 - 3:05:44. Appearances for Plaintiff: Patrick D'Cunha, pro se; for Defendant: Shirin Saks, Esq. (Latka-Mucha, Wieslawa) (Entered: 06/07/2007) |
| 06/07/2007 | 🌐 | (Court only) ***Attorney Shirin W. Saks for Genovese/Eckerd Corporation added. (Latka-Mucha, Wieslawa) (Entered: 06/07/2007) |
| 06/07/2007 | 🌐 69 | ORDER: The parties were unable to reach a settlement. The Court granted plaintiff 30 days, until 7/9/2007, to seek an attorney. Whether or not he finds an attorney, plaintiff shall supplement his responses to discovery on damages as requested by defendant's 5/15/2007 letter by July 9, 2007. The Court set the following schedule for filing the joint pre-trial order: plaintiff's portion of the joint pre-trail order shall be served on defendant's counsel by 7/30/2007; defendant's counsel shall incorporate plaintiff's portion and serve and file the joint pre-trial order electronically by 8/27/2007. So Ordered. (Ordered by Judge Lois Bloom, on 6/6/2007) C/M. (Latka-Mucha, Wieslawa) (Entered: 06/07/2007) |
| 06/20/2007 | 🌐 70 | Letter dated 6/20/2007 from pro se Patrick D'Cunha to Judge Bloom, requesting an extension of time to seek an attorney and supplement plaintiff's responses. (Fwd. to Judge Bloom) (Latka-Mucha, Wieslawa) (Entered: 06/22/2007) |
| 08/07/2007 | 🌐 71 | ORDER endorsed on doc.# 70 : The application is granted. NO FURTHER EXTENSION. So Ordered. (Ordered by Judge Lois Bloom, on 8/6/2007) C/M. (Latka-Mucha, Wieslawa) (Entered: 08/07/2007) |

Case 1:02-cv-0415?-CRVL-LB Document 455 Filed 10/01/09 Page 26 of 36

| 10/02/2007 | 74 | First MOTION for Extension of Time to File Response/Reply *Joint Pre-Trial Order* by Genovese/Eckerd Corporation. (Bucci, James) (Entered: 10/02/2007) |
|---|---|---|
| 10/04/2007 | 75 | ORDER endorsed on doc.# 74 : The application is granted. Extension granted. Leave is also granted to re-depose plaintiff pursuant to Fed. R. Civ. P. 30(a)(2)(B). So Ordered. (Ordered by Judge Lois Bloom, on 10/4/2007) C/M. Defendant shall file the Joint Pre-Trial Order by 12/15/2007. Motion 74 terminated. (Latka-Mucha, Wieslawa) (Entered: 10/04/2007) |
| 10/10/2007 | 76 | Corporate Disclosure Statement by Genovese/Eckerd Corporation (Bucci, James) (Entered: 10/10/2007) |
| 10/11/2007 | 77 | NOTICE by Genovese/Eckerd Corporation *of the Withdrawal of Appearance of Spector, Gadon & Rosen and Gregory S. Hyman* (Bucci, James) (Entered: 10/11/2007) |
| 10/11/2007 | 78 | NOTICE of Appearance by James Bucci on behalf of Genovese/Eckerd Corporation (notification declined) (Bucci, James) (Entered: 10/11/2007) |
| 10/12/2007 | | (Court only) *** Attorney Gregory S. Hyman; James Bucci terminated. (Lee, Tiffeny) (Entered: 10/12/2007) |
| 10/15/2007 | 79 | MOTION for Protective Order by Patrick D'Cunha. (Bucci, James) Additional attachment(s) added on 10/29/2007 (Latka-Mucha, Wieslawa). (Entered: 10/15/2007) |
| 10/15/2007 | 80 | MOTION for Sanctions by Patrick D'Cunha. (Bucci, James) (Entered: 10/15/2007) |
| 10/15/2007 | 81 | RESPONSE in Opposition re 79 MOTION for Protective Order filed by Genovese/Eckerd Corporation. (Bucci, James) (Entered: 10/15/2007) |
| 10/15/2007 | 82 | RESPONSE in Opposition re 80 MOTION for Sanctions filed by Genovese/Eckerd Corporation. (Bucci, James) (Entered: 10/15/2007) |
| 10/23/2007 | 83 | RESPONSE in Opposition re 79 MOTION for Protective Order filed by Genovese/Eckerd Corporation. (Attachments: # 1) (Saks, Shirin) (Entered: 10/23/2007) |
| 10/23/2007 | 84 | ORDER: Plaintiff's 79 request for a protective order is denied. The Court has already ordered plaintiff to supplement his discovery responses regarding his claim for damages. Defendant has also been granted permission to re-depose plaintiff regarding his employment and medical |

| | | |
|---|---|---|
| | | histories. Plaintiff is ordered to comply with the Court's Order and cooperate with defendant in scheduling his deposition and filing the joint pre-trial order by 12/15/2007. There is no basis for plaintiff's 80 request for sanctions. Accordingly, plaintiff's request for sanctions is denied. So Ordered. (Ordered by Judge Lois Bloom, on 10/23/2007) C/M. Motions 79 , 80 terminated. (Latka-Mucha, Wieslawa) (Entered: 10/24/2007) |
| 10/24/2007 | �e 85 | MOTION for Sanctions by Patrick D'Cunha. (Bucci, James) Additional attachment(s) added on 10/29/2007 (Latka-Mucha, Wieslawa). (Entered: 10/24/2007) |
| 10/24/2007 | �e 86 | RESPONSE in Opposition re 85 MOTION for Sanctions filed by Genovese/Eckerd Corporation. (Bucci, James) (Entered: 10/24/2007) |
| 10/25/2007 | �e 87 | ORDER endorsed on doc.# 85 : I write to assure Mr. D'Cunha that defendant's counsel's filing of plaintiff's motion papers electronically in no way harmed plaintiff and was performed as a courtesy. Plaintiff and defendant's counsel have to STOP writing these sniping letters to the Court. This letter will not help Mr. D'Cunha's case. His request for sanctions is DENIED. So Ordered. (Ordered by Judge Lois Bloom, on 10/25/2007) C/M. (Motion 85 terminated) (Latka-Mucha, Wieslawa) (Entered: 10/26/2007) |
| 10/26/2007 | �e 88 | Letter dated 10/26/2007 from pro se Patrick D'Cunha to Judge Bloom, in response to James Bucci, Esq.'s 86 opposition papers dated 10/24/2007. (Fwd. to Judge Blooom) (Latka-Mucha, Wieslawa) (Entered: 10/29/2007) |
| 10/30/2007 | �e 89 | ORDER endorsed on doc.# 88 : Plaintiff's request for a conference is DENIED as unnecessary. The parties' joint pre-trial order is due 12/15/07. So Ordered. (Ordered by Judge Lois Bloom, on 10/30/2007) C/M. (Latka-Mucha, Wieslawa) (Entered: 11/02/2007) |
| 11/01/2007 | �e 90 | Letter dated 10/31/2007 from pro se Patrick D'Cunha to Judge Bloom, requesting "not to allow the Defendants to move ahead with the Videotaped deposition of Mr. Colaizzi Jr." etc. W/Attachments. (Fwd. to Judge Bloom) (Latka-Mucha, Wieslawa) (Entered: 11/02/2007) |
| 11/05/2007 | �e 91 | Letter *in opp to Plaintiff's 10/31/07 letter re videotaping of Colaizzi dep* by Genovese/Eckerd Corporation. (Saks, Shirin) (Entered: 11/05/2007) |
| 11/06/2007 | �e 92 | ORDER endorsed on doc.# 90 (2nd page): The application is denied. See Fed. R. Civ. P. 30(b)(2) ("The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the Court order otherwise, it may be by sound, sound and visual, or stenographic means.") So Ordered. (Ordered by Judge Lois Bloom, on 11/5/2007) C/M. (Latka-Mucha, Wieslawa) (Entered: 11/06/2007) |
| 12/12/2007 | �e 93 | MOTION for Extension of Time to File *Joint Pre-Trial Order* by Genovese/Eckerd Corporation. (Saks, Shirin) (Entered: 12/12/2007) |
| 12/17/2007 | �e 94 | ORDER endorsed on doc.# 93 : The application is granted. So Ordered. (Ordered by Magistrate Judge Lois Bloom, on 12/17/2007) C/mailed. The Joint Pre-Trial Order shall be filed by 1/31/2008. (Latka-Mucha, |

| | | |
|---|---|---|
| | | Wieslawa) (Entered: 12/18/2007) |
| 01/28/2008 | 95 | MOTION for Extension of Time to File *Joint Pre-Trial Order* by Genovese/Eckerd Corporation. (Saks, Shirin) (Entered: 01/28/2008) |
| 01/30/2008 | 96 | ORDER endorsed on doc.# 95 : The application is granted. So Ordered. (Ordered by Magistrate Judge Lois Bloom, on 1/30/2008) C/mailed. (Joint Pre-Trial Order shall be filed by 3/17/2008) (Latka-Mucha, Wieslawa) (Entered: 01/30/2008) |
| 03/07/2008 | 97 | MOTION to Compel by Patrick D'Cunha. (Attachments: # 1 Exhibit A, # 2 Exhibit C) (Saks, Shirin) (Additional attachment(s) added on 3/10/2008: # 3 Exhibits B) (Latka-Mucha, Wieslawa). (Entered: 03/07/2008) |
| 03/07/2008 | 98 | RESPONSE in Opposition re 97 MOTION to Compel filed by Genovese/Eckerd Corporation. (Attachments: # 1 Exhibit A) (Saks, Shirin) (Entered: 03/07/2008) |
| 03/11/2008 | | ELECTRONIC NOTICE: This trial ready case has been placed on a list of cases to be tried by a visiting judge. Upon selection by a visiting judge the parties will receive notice from that judge as to a pre-trial conference and possible trial date. There will be no formal notice mailed to the parties. (Innelli, Michael) (Entered: 03/11/2008) |
| 03/11/2008 | | Visiting Judge VJ, Gregory W. Carman added. Senior-Judge Frederic Block no longer assigned to case. (Marziliano, August) (Entered: 03/11/2008) |
| 03/11/2008 | | This case has been reassigned to Visiting Judge Gregory W. Carman to conduct settlement conferences and or trial. A settlement conference will be held on 03/26/2008 @ 11:00 am before the Honorable Gregory W. Carman, United States District Judge, in room 352 North, at 225 Cadman Plaza East, Brooklyn, New York.Judge Carman has asked that all parties who have authority to settle be present.If you have any questions, please call Teresa Henry at (718) 613-2334 or August Marziliano at (718) 613-2332. (Marziliano, August) (Entered: 03/11/2008) |
| 03/13/2008 | 99 | Joint MOTION for Extension of Time to File *Joint Pre-Trial Order* by Genovese/Eckerd Corporation. (Saks, Shirin) (Entered: 03/13/2008) |
| 03/13/2008 | 100 | ORDER: The Court finds no basis for plaintiff's 97 requests and therefore, they are denied. Plaintiff has had ample time to conduct discovery. The information he seeks here is not relevant to his claim that defendant's failure to hire him was based on discrimination. The Court will not allow plaintiff to reopen discovery to prolong these proceedings. Therefore, plaintiff's request to pay a discounted rate to defendant's expert witness is denied. So Ordered. (Ordered by Magistrate Judge Lois Bloom, on 3/13/2008) C/mailed. (Latka-Mucha, Wieslawa) (Entered: 03/14/2008) |
| 03/14/2008 | 101 | ORDER endorsed on doc.# 99 : The Application is granted. So Ordered. (Ordered by Magistrate Judge Lois Bloom, on 3/13/2008) C/mailed. *(Joint Pre-Trial Order shall be filed by 4/1/2008)* (Latka-Mucha, Wieslawa) (Entered: 03/17/2008) |

| 03/20/2008 | 102 | MOTION for Reconsideration *of the Court's Order "denying plaintiff's requested relief (...) to set lower fees to be paid to defendant's expert witness," filed* by Patrick D'Cunha, dated 3/20/2008. W/Attachments: # 1 Exhibits. (Latka-Mucha, Wieslawa) (Entered: 03/24/2008) |
| --- | --- | --- |
| 03/24/2008 | 103 | ORDER endorsed on doc.# 102 : The application is denied. So Ordered. (Ordered by Magistrate Judge Lois Bloom, on 3/24/2008) C/mailed. (Latka-Mucha, Wieslawa) (Entered: 03/25/2008) |
| 03/26/2008 | 106 | Minute Entry for proceedings held before Visiting Judge VJ, Gregory W. Carman:Settlement Conference held on 3/26/2008, ( Motions due by 6/16/2008.) (Court Reporter none.) (Marziliano, August) (Entered: 04/07/2008) |
| 03/28/2008 | 104 | Letter by Genovese/Eckerd Corporation (Saks, Shirin) (Entered: 03/28/2008) |
| 03/31/2008 | 105 | ORDER endorsed on doc.# 104 : The parties shall follow the schedule set by Judge Carman. NO EXTENSION REQUESTS. So Ordered. (Ordered by Magistrate Judge Lois Bloom, on 3/31/2008) C/mailed. (Latka-Mucha, Wieslawa) (Entered: 04/01/2008) |
| 04/07/2008 | 107 | ORDER REASSIGNING CASE.. Ordered by Visiting Judge VJ, Gregory W. Carman on 4/2/2008. (Marziliano, August) (Entered: 04/07/2008) |
| 04/17/2008 | | ELECTRONIC NOTICE: This trial ready case has been placed on a list of cases to be tried by a visiting judge. Upon selection by visiting judge the parties will receive notice from that judge as to a pre-trial conference and possible trial date. There will be no formal notice mailed to the parties. (Innelli, Michael) (Entered: 04/17/2008) |
| 06/16/2008 | 108 | Notice of MOTION in Limine by Genovese/Eckerd Corporation. (Saks, Shirin) (Entered: 06/16/2008) |
| 06/16/2008 | 109 | MOTION in Limine *re Second Cir Decision* by Genovese/Eckerd Corporation. (Saks, Shirin) (Entered: 06/16/2008) |
| 06/16/2008 | 110 | MOTION in Limine *re Comp Pun Damages* by Genovese/Eckerd Corporation. (Attachments: # 1 Affidavit in Support CompPunitive Damages, # 2 Exhibit Ex A CompPunDamagesSaksCert, # 3 Exhibit ExB CompPunDamSaksCert, # 4 Exhibit ExCComPunDamSaksCert) (Saks, Shirin) (Entered: 06/16/2008) |
| 06/16/2008 | | Motions terminated, docketed incorrectly: THESE ARE NOT MOTIONS, BUT RATHER BREIFS IN SUPPORT OF A MOTION IN LIMINE, SEE ENTRY 108. 110 MOTION in Limine *re Comp Pun Damages* filed by Genovese/Eckerd Corporation, 109 MOTION in Limine *re Second Cir Decision* filed by Genovese/Eckerd Corporation. (Innelli, Michael) (Entered: 06/16/2008) |
| 06/16/2008 | | ELECTRONIC ORDER: Denying with leave to re-filed once this case is re-assigned to another judge for trial 108 defendant's motion in limine. Counsel should re-file this motion once they have received notice that a |

| | | |
|---|---|---|
| | | visiting judge has taken this case for trial. There will be no formal order mailed to counsel. Ordered by Senior Judge Frederic Block on 6/16/08. (Innelli, Michael) (Entered: 06/16/2008) |
| 06/16/2008 | ❏ 111 | MOTION in Limine *re Back Pay Damages* by Genovese/Eckerd Corporation. (Attachments: # 1 Affidavit in Support BackPay Damages, # 2 Exhibit Ex APart1BackPaySaks Cert, # 3 Exhibit ExAPart2BackPaySaksCert, # 4 Exhibit ExAPart3BackpayDamSaksCert, # 5 Exhibit ExBBackpayDamSaksCert, # 6 Exhibit ExCBackpayDamSaksCert, # 7 Exhibit ExDBackpayDamSaksCert, # 8 Exhibit ExEBackpayDamSaksCert, # 9 Exhibit ExFPart1BackpayDamSaksCer, # 10 Exhibit ExFPart2BackpayDamSaksCert) (Saks, Shirin) (Entered: 06/16/2008) |
| 06/16/2008 | ❏ 112 | Letter dated 6/16/08 from Patrick F. D. Cunha to USDJ Block, requesting that the Court grant a brief extension until 6/20/08, to prepare two additional in limine motions. (fwd. to USDJ Block) (Galeano, Sonia) (Entered: 06/18/2008) |
| 06/16/2008 | ❏ 113 | MOTION in Limine *to exclude evidence concerning the herein listed, filed* by Patrick D'Cunha. (Galeano, Sonia)Fwd. to USDJ Block. (Entered: 06/18/2008) |
| 06/16/2008 | ❏ 114 | PLTFF'S MEMORANDUM OF LAW in Support of His Motion In Limine #1, filed by Patrick D'Cunha. (Attachments: # 1 Pltff's Memorandum of Law In Support of His Motion In Limine #2-#15) Fwd. to USDJ Block. (Galeano, Sonia) (Entered: 06/18/2008) |
| 06/16/2008 | ❏ 115 | PLTFF'S MEMORANDUM OF LAW in Support of His Request for Judicial Notice #1, filed by Patrick D'Cunha. (Attachments: # 1 Pltff's Memorandum of Law in Support of His Request for Judicial Notice #2 and #3) Fwd. to USDJ Block. (Galeano, Sonia) (Entered: 06/18/2008) |
| 06/17/2008 | ❏ | Motions terminated, docketed incorrectly: THIS IS NOT A MOTION, BUT RATHER A BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE, SEE ENTRY 108 . 111 MOTION in Limine *re Back Pay Damages* filed by Genovese/Eckerd Corporation. (Innelli, Michael) (Entered: 06/17/2008) |
| 06/18/2008 | ❏ | ELECTRONIC ORDER: Denying with leave to re-filed once this case is re-assigned to another judge for trial 113 pro se plaintiff's motion in limine. Pro Se plaintiff should re-file this motion once he has received notice that a visiting judge has taken this case for trial. There will be no formal order mailed to counsel. Ordered by Senior Judge Frederic Block on 6/18/08. (Innelli, Michael) (Entered: 06/18/2008) |
| 06/24/2008 | ❏ 116 | ORDER: HEREBY ORDERED that by 7/18/2008 the parties shall either mail back a fully executed consent form to have this jury trial presided over by a Magistrate judge or file a joint letter informing the court that the parties wish to wait for a visiting judge. Ordered by Senior Judge Frederic Block on 6/20/2008. (Lagana, Michael) (Entered: 06/24/2008) |

| 06/24/2008 | ● 118 | Letter dated 6/24/2008 from pro se Patrick D'Cunha to Clerk of Court, re: Plaintiff's Voir-Dire and Proposed Jury Instructions filed on 6/16/2008, etc. *(Forwarded to Chambers)* (Latka-Mucha, Wieslawa) (Entered: 06/25/2008) |
| --- | --- | --- |
| 06/25/2008 | ● 117 | AFFIDAVIT/AFFIRMATION *of Service* by Genovese/Eckerd Corporation (Saks, Shirin) (Entered: 06/25/2008) |
| 07/07/2008 | ● 119 | Letter dated 7/7/08 from Plaintiff to Appeals Clerk regarding the attached mandate (See document for further details). (Gonzalez, Mary) (Entered: 07/16/2008) |
| 07/16/2008 | ● 120 | DUPLICATE MANDATE(JUDGMENT) of USCA as to 56 Notice of Appeal, filed by Patrick D'Cunha. It is Ordered that the judgment of the District Court is Vacated & Remanded with instructions to deny Eckerd's motion for summary judgment in accordance with this opinion of this Court. Issued as Mandate on 5/10/07. Please Note: This is a Duplicate Mandate the original was never received by the EDNY Appeals Clerk. Chambers & all parties were advised already when this Mandate was issued. (Gonzalez, Mary) (Entered: 07/16/2008) |
| 07/17/2008 | ● 121 | Letter by Genovese/Eckerd Corporation (Bucci, James) (Entered: 07/17/2008) |
| 09/17/2008 | ● 122 | Letter dated 9/15/2008, from Patrick D'Cunha to Clerk of Court, requesting status of case. (Abdallah, Fida) (Entered: 09/19/2008) |
| 11/13/2008 | ● 124 | Letter dated 11/12/2008 from Patrick F. D'Cunha to Clerk of Court, requesting that the court not schedule a conference or a court date during 11/18/2008 to 12/28/2008. (Barrett, C) (Entered: 11/26/2008) |
| 11/17/2008 | ● 123 | Letter dated 11/12/2008 from Patrick D'Cunha to Clerk of Court, advising that the undersigned will be away from Flushing, New York, from 11/18/2008 to 12/28/2008, requesting "not to schedule a conference or a court date during this period," etc. *(Forwarded to Judge Block)* (Latka-Mucha, Wieslawa) (Entered: 11/19/2008) |
| 05/26/2009 | ● | This Case has been transferred to Visiting Judge VJ, Charles R. Wolle. His designation will be for August 24, 2009 through September 4, 2009. (Marziliano, August) (Entered: 05/26/2009) |
| 05/28/2009 | ● 125 | SCHEDULING ORDER: A Status Conference set for 7/27/2009 @9:30 AM before Visiting Judge VJ, Charles R. Wolle. (See document for further details). Ordered by Visiting Judge VJ, Charles R. Wolle on 5/27/2009. (Gonzalez, Mary) Modified on 5/28/2009 (Gonzalez, Mary). (Entered: 05/28/2009) |
| 05/28/2009 | ● | ELECTRONIC NOTICE ONLY no Hard Copy advising parties that Judge Charles R. Wolle's Deputy in Brooklyn is Mary Gonzalez. She can be reached at (718) 613-2338 1 week before the Pre Trial Conference parties may call regarding the location for the conferences re 125 Scheduling Order. (Gonzalez, Mary) (Entered: 05/28/2009) |

| 06/17/2009 | ⬤ | ELECTRONIC NOTICE ADVISING ALL PARTIES THAT JUDGE CHARLES R WOLLE WILL BE SITTING IN COURTROOM 8 B SOUTH ON 7/27/09. The parties in this case are scheduled for 9:30 A.M. 7/27/09 (Gonzalez, Mary) (Entered: 06/17/2009) re 125 Scheduling Order, (Gonzalez, Mary) (Entered: 06/17/2009) |
| 07/13/2009 | ⬤ 126 | MOTION to Amend Complaint, to add parent companies of Eckerd, as co-defts and to add NY HR LAW CLAIMS related to "ADEA" claims, filed by Patrick D'Cunha. (Galeano, Sonia) Fwd. to Mary Gonzalez, Deputy assigned to Judge Wolle. (Additional attachment(s) added on 7/14/2009: # 1 D'Cunha First Amended Complaint) (Galeano, Sonia). (Entered: 07/14/2009) |
| 07/13/2009 | ⬤ 127 | MEMORANDUM in Support of Pltff's Motion for Leave to File Amended Complaint, filed by Patrick D'Cunha. (Fwd. to Mary Gonzalez, Deputy assigned to Judge Wolle) (Galeano, Sonia) (Entered: 07/14/2009) |
| 07/14/2009 | ⬤ 128 | AFFIDAVIT in Support of Pltff's 126 MOTION to Amend, filed by Patrick D'Cunha. (Fwd. to Mary Gonzalez, Deputy assigned to Judge Wolle) (Galeano, Sonia) (Entered: 07/14/2009) |
| 07/23/2009 | ⬤ | NOTICE ELECTRONIC NOTICE ADVISING ALL PARTIES THAT JUDGE CHARLES R WOLLE WILL BE SITTING IN COURTROOM N2F. The conference is scheduled for 7/27/09 9:30 A.M. Please check the COURT'S KIOSK IN THE LOBBY. (Gonzalez, Mary) (Entered: 07/23/2009) |
| 07/27/2009 | ⬤ 130 | SCHEDULING ORDER: Telephone Conference set for 8/13/2009 12:00 PM in Chambers before Visiting Judge VJ, Charles R. Wolle as to DCunha v. Genovese/Eckerd Corp., 02-cv-4157. Telephone Conference set for 8/13/2009 04:00 PM in Chambers before Visiting Judge VJ, Charles R. Wolle as to Dufort v. USA, 1-04-cv-4940.. Ordered by Visiting Judge VJ, Charles R. Wolle on 7/27/2009. (Marziliano, August) (Entered: 07/28/2009) |
| 07/27/2009 | ⬤ 131 | Minute Entry for proceedings held before Visiting Judge VJ, Charles R. Wolle: All parties present trial tentatively set for 9/8/2009 with jury selection on 8/31/2009 before a magistrate judge. Any motions in lime line shall be filed by 8/3/2009 Resistance to motion to amend shall be filed by 7/29/2009 a reply brief to motion to amend may be filed by 8/4/2009Telephone Conference held on 7/27/2009 (Lagana, Michael) (Entered: 08/03/2009) |
| 07/28/2009 | ⬤ 129 | MEMORANDUM in Opposition *Plaintiff's Motion to Amend Complaint* filed by Genovese/Eckerd Corporation. (Attachments: # 1 Affirmation of Jeff Vawrinek, # 2 Affirmation of Comitale, # 3 Affirmation of Shirin W. Saks, # 4 Exhibit A of Saks Affirmation, # 5 Affirmation of Service) (Saks, Shirin) (Entered: 07/28/2009) |
| 08/03/2009 | ⬤ 132 | MOTION in Limine *(1) regarding summary judgment motion; (2) regarding back pay* by Genovese/Eckerd Corporation. (Attachments: # 1 Memorandum in Support memorandum of law in support of second circuit |

| | | decision in limine motion, # 2 Memorandum in Support memorandum of law in support of motion to strike/in limine motion regarding back pay damages, # 3 Affidavit in Support affidavit in support of motion to strike/in limine motion regarding back pay damages, # 4 Exhibit saks aff exhibit A part 1, # 5 Exhibit saks aff exhibit A part 2, # 6 Exhibit saks aff exhibit A part 3, # 7 Exhibit saks aff exhibit B, # 8 Exhibit saks aff exhibit C, # 9 Exhibit saks aff exhibit D, # 10 Exhibit saks aff exhibit E, # 11 Exhibit saks aff exhibit F part 1, # 12 Exhibit saks aff exhibit F part 2, # 13 Affidavit of Service affirmation of service) (Saks, Shirin) (Entered: 08/03/2009) |
|---|---|---|
| 08/03/2009 | 133 | Letter dated 8/3/09 from Patrick D'Cunha to Judge Wolle, requesting that Your Honor move the trial date to 9/22/09. Pltff states the he will not be ready for trial on 9/8/09. Pltff request that all deadlines prior to trial, including the filing of joint pre-trial order, voir dire and jury instructions be docketed. Pltff request that after each conference, Your Honor issue an order to all parties listing all deadlines and any rulings. (Galeano, Sonia) (Entered: 08/03/2009) |
| 08/03/2009 | 134 | Letter dated 8/3/09 from Patrick F. D'Cunha to Judge Wolle, requesting a brief extension of prior deadlines due to emergency re: pltff's home. Pltff reply brief in support of motion to amend due 8/7/09. Pltff's in limine motion due 8/11/09. (Galeano, Sonia) (Entered: 08/03/2009) |
| 08/03/2009 | 135 | Letter dated 8/3/09 from Patrick F. D.'Cunha to Judge Wolle, enclosing a set of three stipulations as the agreed upon facts of this case. "The parties have agreed that there is no need of further proof of these facts." (w/enc.) (Galeano, Sonia) (Entered: 08/03/2009) |
| 08/04/2009 | 136 | ORDER: In anticipation of the scheduling and status conferences to be held by telephone calls placed by the undersigned judge on August 11, 12, and 13 to counsel and pro se parties, the court here sets forth a tentative list of dates for jury selection and trial in these cases. [The final dates will be set following the telephone conferences.] August 24 - ASC Contracting v. Local Union Welfare Fund, 1-08-cv-2504, bench trial (2-3 days); August 27 - Scientific Components Corp. v. Sirenza, 1-03-cv-1851, bench trial (3 days); August 31 - Dixon v. Sweeting-Lindsey v. City of New York, 1-03-cv-343, jury selection by magistrate judge; September 1 - Dixon v. Sweeting-Lindsey v. City of New York, 1-03-cv-343, jury trial (3 days); September 3 - Italverde Trading v. Four Bills of Lading, 1-04-cv-2793, bench trial (2 days); September 8 - DCunha v. Genovese/Eckerd Corp., 1-02-cv-4157, jury selection and trial (2-3 days) - Balakrishnan v. Kusel, 1-08-cv-l440, jury selection and trial (time permitting); December 1 - Dufort v. USA, 1-04-cv-4940, bench trial (2 days, perhaps by video conference); December 3 - Cassaro v. Port Authority Trans-Hudson Corp., l-07-cv-l 151, jury trial. These tentative dates will be discussed during the August 11 to 13 phone conferences and may be changed if unacceptable to the parties, or if cases are referred to magistrate judges (by agreement), or if time does not permit the court to reach all the cases on the designated dates. The court will schedule |

Case 1:02-cv-04157-CRW-LB   Document 155   Filed 10/01/09   Page 34 of 36

| | | |
|---|---|---|
| | | hearing on motions in limine during the phone conferences. The court cannot yet tentatively schedule trial for George v. NYTA, 1-04-cv-3263 or Katzenberg v. Lazzari, 1-04-cv-5100. The court extends from August 3 to August 10 the deadline for having parties consent in writing to refer their case to a magistrate judge for a more definite trial date. Ordered by Visiting Judge VJ, Charles R. Wolle on 8/4/2009. (Vaughn, Terry) (Entered: 08/04/2009) |
| 08/05/2009 | ⬤ 137 | Letter dated 8/5/09 from Patrick F. D. Cunha to Judge Wolle, requesting a brief extension until 8/17/09, to file his opposition to the In Limine Motions filed by Deft. Pltff states that he has not yet received deft's opposition brief. Pltff is unable to access e-mailed documents. (Galeano, Sonia) (Entered: 08/05/2009) |
| 08/07/2009 | ⬤ 138 | Letter by Genovese/Eckerd Corporation (Attachments: # 1 Affidavit of Service Affirmation of Service) (Saks, Shirin) (Entered: 08/07/2009) |
| 08/07/2009 | ⬤ 139 | REPLY Brief of Plaintiff, Pro - Se, In Further Support Of His Motion To Amend Complaint; filed by Patrick D'Cunha, dated 8/6/2009. W/Attachments: # 1 Affirmation of Service. (Latka-Mucha, Wieslawa) (Entered: 08/10/2009) |
| 08/11/2009 | ⬤ 140 | ORDER: Already this month plaintiff has made several additional requests, including delay of trial until September 22 at the earliest and clarification of scheduling deadlines. Because the court fervently wishes all issues to be decided by one trial, and recognizes that plaintiff has no assistance of counsel, the court now grants plaintiff's 126 pending requests to: (1) amend the complaint and add new parties, by no later than 8/24/2009; (2) accomplish personal service of summons on the new parties immediately after the amended complaint is filed; (3) delay trial until after 9/21/2009 (probably until after 11/30/2009 at the earliest); and (4) permit all parties to file motions in limine by not later than 11/2/2009. These rulings do not preclude the present defendants and those who may be added from seeking to dismiss the claims to be asserted in the amended complaint. On request of any party, the court will hold a status conference and hearing on motions if requested during the court's trial session in the Eastern District of New York during the period August 24 to September 4. SO ORDERED. (Ordered by Visiting Judge VJ, Charles R. Wolle on 8/10/2009) C/mailed. (Latka-Mucha, Wieslawa) (Entered: 08/11/2009) |
| 08/12/2009 | ⬤ 143 | AMENDED COMPLAINT w/Jury Trial Demanded against "Eckerd Corporation and its parent Companies (...)" filed by Patrick D'Cunha. W/Attachments. (Latka-Mucha, Wieslawa) (Entered: 08/21/2009) |
| 08/17/2009 | ⬤ 142 | WAIVER OF SERVICE Returned Executed by Patrick D'Cunha. James Bucci, Esq. attorney for Eckerd Corporation and Myron E. Ullman III, Chariman and CEO, JC Penny Corp. Inc. waiver sent on 8/17/2009, answer due 10/16/2009. (Galeano, Sonia) (Entered: 08/19/2009) |
| 08/18/2009 | ⬤ 141 | ORDER, Trial, tentatively scheduled to commence in September 2009, is continued. The parties shall work with Magistrate Judge Bloom to ready this case for trial, possibly before the undersigned judge on 12/7/09. |

Case 1:02-cv-04157-CRW-LB    Document 155    Filed 10/01/09    Page 35 of 36

| | | |
|---|---|---|
| | | (Ordered by Visiting Judge VJ, Charles R. Wolle on 8/13/2009) c/m (Galeano, Sonia) (Entered: 08/18/2009) |
| 08/31/2009 | 🌑 144 | First MOTION for Extension of Time to File Answer by Genovese/Eckerd Corporation. (Saks, Shirin) (Entered: 08/31/2009) |
| 09/02/2009 | 🌑 145 | ORDER endorsed on doc.# 144 : The application is granted. SO ORDERED. (Ordered by Magistrate Judge Lois Bloom on 9/2/2009) *C/mailed. (Genovese/Eckerd Corporation's answer due by 9/17/2009)* . (Latka-Mucha, Wieslawa) (Entered: 09/03/2009) |
| 09/02/2009 | 🌑 146 | Letter dated 9/2/09 from Patrick F. D'Cunha to Clerk of Court, requesting that this Court correct the title of this case to reflect the fact that Pltff D'Cunha has filed his First Amended Complaint. Petitioner states that "the amended complaint among other things has added more defts, and Genovese has been excluded." (Galeano, Sonia) (Entered: 09/03/2009) |
| 09/02/2009 | 🌑 147 | WAIVER OF SERVICE Returned Executed by Patrick D'Cunha. J.C. Penny waiver sent on 8/24/2009, answer due 10/23/2009. (Galeano, Sonia) (Entered: 09/04/2009) |
| 09/04/2009 | 🌑 | (Court only) ***Party J.C. Penny added. (Galeano, Sonia) (Entered: 09/04/2009) |
| 09/04/2009 | 🌑 | (Court only) ***Party JCG (PJC) USA, LLC, Jean Coutu Group (PJC) Inc. and Rite Aid Corporation added. (Galeano, Sonia) (Entered: 09/04/2009) |
| 09/04/2009 | 🌑 148 | WAIVER OF SERVICE Returned Executed by Patrick D'Cunha. Genovese/Eckerd Corporation waiver sent on 8/31/2009, answer due 10/30/2009; JCG (PJC) USA, LLC waiver sent on 8/31/2009, answer due 10/30/2009; Jean Coutu Group (PJC) Inc. waiver sent on 8/31/2009, answer due 10/30/2009; Rite Aid Corporation waiver sent on 8/31/2009, answer due 10/30/2009. (Galeano, Sonia) (Entered: 09/09/2009) |
| 09/11/2009 | 🌑 149 | ORDER: Hearing on motions in limine will be held at 8:30 a.m., (Eastern Time) on 10/27/09 at US Courthouse in Brooklyn, NY. (Ordered by Visiting Judge VJ-Charles R. Wolle on 9/11/2009) c/m (Galeano, Sonia) (Entered: 09/11/2009) |
| 09/17/2009 | ➡🌑 150 | MOTION to Dismiss by Genovese/Eckerd Corporation. Responses due by 10/1/2009 (Attachments: # 1 Memorandum in Support, # 2 Affidavit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Affidavit of Service) (Saks, Shirin) (Entered: 09/17/2009) |
| 09/24/2009 | ➡🌑 151 | MOTION to Adjourn Conference *hearing on motions in limine* by Genovese/Eckerd Corporation. (Saks, Shirin) (Entered: 09/24/2009) |

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
..............................................................X

PATRICK F. D'CUNHA

               Plaintiff

     v.

GENOVESE/ECKERD CORPORATION

              Defendants,
..............................................................X

        Civil Action No.

    02-cv-4157(CRW) (LB)

   AFFIRMATION OF SERVICE


I, PATRICK F. D'CUNHA,  Plaintiff Pro-Se in the above captioned case, affirm that on

October 1, 2009, I caused to be served by first class mail, true and correct copies of

Plaintiff's Opposition to Defendants Partial Motion to dismiss, upon attorney for
defendant at:

RECEIVED

. . . . 2009

PRO SE OFFICE

              James Bucci, Esq.
         GENOVA, BURNS & VERNOIA
    ONE PORT CENTER, 2 RIVERSIDE DRIVE, ~~SUITE 502~~
            CAMDEN, NJ 08103


Dated:   October 1, 2009
         QUEENS, NEW YORK

                             Patrick F. D'Cunha
                          PATRICK F. D'CUNHA, Plaintiff, Pro-Se
                          137-22 LABURNUM AVENUE
                          FLUSHING, NY, 11355
                          (718) 661-2979
                          Email: dragondcunha@aol.com