ORIGINAL

ORIGINAL

**Patrick F. D'Cunha**
**137-22 LABURNUM AVENUE**
**FLUSHING, NY 11355**
**718-661-2979**



RECEIVED
OCT 0 5 2009
PRO SE OFFICE

Honorable Charles R. Wolle
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Patrick F. D'Cunha v. Eckerd Corporation, et al.
      Civil Action No. 02-CV-4157

Dear Judge Wolle:

I am the Plaintiff Pro-se, in the above-captioned case. I write to respectfully **request an adjournment of the hearing on motions in limine**, set for October 27, 2009, for the following reasons:

1) The court's August 10, 2009 Order that granted Plaintiff's motion to Amend Complaint, also set a deadline for filing In Limine Motions :
   **"(4) permit all parties to file motions in limine by not later than November 2, 2009."** See: Exh "A"
   
   This order of the court sets the deadline for all the parties to file motions in limine. Prior motions filed by any party are no more relevant as the Complaint is now totally new, with more defendants and more causes of action. Additionally all parties must file in limine motions that relate to the amended complaint itself, not prior complaint.

However, Mr. Bucci who represents Defendants, Eckerd Corporation, The Jean Coutu Group (PJC), Inc., The Jean Coutu Group (PJC) U.S.A., Inc. and Rite Aid Corporation (collectively, "Defendants"), has given some misleading reasons to justify his unilateral fast move to seek a third deposition of Plaintiff and depositions of Plaintiff's treating physician, his wife and three daughters as well. Under normal circumstances this should be allowed, except that Eckerd has waived this right by failing to make use of the second opportunity given by this court to do just that. (See docket entry # 84). Eckerd only took deposition of Plaintiff and got the Medical records from NYHQ but failed to depose Dr. Arora or to get Psychiatric exam of plaintiff or related further discovery at all.

I will further elaborate upon this matter in plaintiff's motion for Protective Order (on or before 10/7/09). Mr. McNamara who represents J.C. Penney has given other reasons that I would respond in the answer to the motion to dismiss he intends to file on behalf of J.C. Penney, on October 13, 2009.

In response to the Amended Complaint, on September 17, 2009, Defendants filed a motion for partial dismissal of the Amended Complaint before Magistrate Judge Bloom in violation of the Federal Rules of Civil Procedure and Local Civil Rules, as a Magistrate Judge has no Jurisdiction to rule on Dispositive Motions. Plaintiff therefore Objects to this filing as it is Unfairly Prejudicial to Plaintiff's cause, Objection based on FRCP 403. Plaintiff has filed his Opposition to Defendants' motion to dismiss, citing the authorities that prevent a magistrate judge from ruling on dispositive motions.

Mr. Bucci's misleading reasons aside, based on Your Honor's 8/10/09 Order alone, Plaintiff joins all other defendants to adjourn the Hearing on In Limine motions scheduled for 10/27/2009.

**Plaintiff further makes the following requests to the court:**

A)   The court rule on in limine motions on submission, as plaintiff will be at a psychological and strategic dis-advantaged position facing two lawyers representing different defendants, who are likely to support one another's views and arguments for self serving purposes. Therefore plaintiff respectfully requests that no oral hearing on in limine motions be held, and the courts usually do not hold oral hearings when a pro-se party explicitly requests to waive.

B)   Plaintiff further requests that he be allowed a fair discovery of the new defendants so he can discover what relationship Eckerd Corpoaration had with its former and present parent corporations. This discovery will protect plaintiff, should he win the jury verdict, to be able to collect the judgment from the defendants who will be held liable.

C)   Plaintiff requests the court that a deadline be set to file a Joint Pretrial Order, which will set ground rules for the trial, so parties will not keep changing their positions, and lead to efficient trial. This will also protect plaintiff's rights as well. Plaintiff is surprised, Your Honor did not address this issue when plaintiff requested the court on July 31, 2009 through a letter that also requested an extension to file prior in limine motions, which now does not apply, as the complaint has been amended.

D)   Finally, plaintiff requests the court to please direct the docketting clerks to file accurately, as there are several mistakes on this docket, including the name of the J.C. Penney's attorney who filed the motion to adjourn, the addresses of Mr. Bucci and Ms. Saks etc.

It is true new defendants do need period of discovery, but only if it is necessary. Under the circumstances, J.C. Penney, Rite Aid, Jean Coutu Group, U. S.A. and all other parent companies always knew they were part of this litigation and in fact proceeded on that basis by providing certain minimum disclosures, including liability insurance information, though very late.

E)     Plaintiff requests Your Honor to please ask Eckerd Corporation to share all the documents and other discovery material it has on plaintiff's claims, with all the new Defendats, and as Mr. Bucci represents all other defendants except, J.C. Penney, he should share all the discovery material electronically with them to save the enormous costs to plaintiff and the court if plaintiff is asked to produce the thousands of documents and subparts. Plaintiff is unable to do that electronically, and manuallly with photocopying would take several days to weeks and the costs will be very very high.

    For the good cause shown, Plaintiff requests the Court to Order Eckerd to share all the discovery documents and other material from Plaintiff, with all other defendants.

    Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

*Patrick F. D'Cunha*           October 4, 2009.

Patrick F. D'Cunha, Pro-Se Plaintiff
137-22 Laburnum Avenue
Flushing, NY 11355
718-661-2979
EMAIL: dragondcunha@aol.com

CC: 1) Mr. McNamara and 2) Mr. Bucci via first class mail.

Exh. "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

No. 02-cv-4157

PATRICK F. D'CUNHA,
    Plaintiff,

ORDER

v.

GENOVESE/ECKERD CORPORATION,
    Defendant.

On July 27, 2009, the court held a pretrial conference with the pro se plaintiff and the defendant's counsel, then extended time for the parties to file further papers and set a tentative schedule for pretrial proceedings and trial. The court did caution plaintiff that if his resisted motion to amend to add parties were granted, the new parties would be entitled to adequate time to prepare their defense and trial would be delayed by several months.

Already this month plaintiff has made several additional requests, including delay of trial until September 22 at the earliest and clarification of scheduling deadlines.

Because the court fervently wishes all issues to be decided by one trial, and recognizes that plaintiff has no assistance of counsel, the court now grants plaintiff's pending requests to: (1) amend the complaint and add new parties, by no later than August 24, 2009; (2) accomplish personal service of summons on the new parties immediately after the amended complaint is filed; (3) delay trial until after September 21, 2009 (probably until after November 30, 2009 at the earliest); and (4) permit all parties to file motions in limine by not later than November 2, 2009. These rulings do not preclude the present defendants and those who may be added from seeking to dismiss the claims to be asserted in the amended complaint.

On request of any party, the court will hold a status conference and hearing on motions if requested during the court's trial session in the Eastern District of New York during the period August 24 to September 4.

SO ORDERED.

Dated this 10th day of August, 2009.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT