ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
..................................................................X

PATRICK F. D'CUNHA

                           Plaintiff

         v.

ECKERD CORPORATION and its parent
Companies:Brooks Eckerd drugstore chain,
J.C. Penny, JCG(PJC) USA, LLC("Jean Coutu
USA"), Jean Coutu Group (PJC) Inc.  and
RITE AID CORPORATION (publicly held
corporations),

                           Defendants,
..................................................................X

Civil Action No.
02-CV-4157(CRW)(LB)

MOL in Support of

PLAINTIFF'S MOTION
FOR
PROTECTIVE ORDER

RECEIVED
OCT 7 2009
PRO SE OFFICE

Rec'd 10/8/09

**MOTION FOR ENTRY OF PROTECTIVE ORDER
AND REQUEST FOR AN EXPEDITED RULING**

Plaintiff respectfully moves under R.R.C.P. 26(c) for an entry of Protective Order to deny defendants Eckerd Corp. ECKERD CORPORATION and its parent Companies:Brooks Eckerd drugstore chain, JCG(PJC) USA, LLC("Jean Coutu USA"), Jean Coutu Group (PJC) Inc.  and RITE AID CORPORATION (publicly held corporations), ("Defendants") from any further depositions of plaintiff and or his wife, his three daughters, as well as his treating physician Dr. Arora, because they always knew or should have known that Plaintiff intended and did in fact assert claim for Mental distress based on NY Human Rights Law. Rite Aid was always in the loop, as they sent their HR Manager Lisa Ford for one of the settlement conferences with Visiting Judge Carmana and parties. In addition plaintiff cites the following evidence that makes it crystal clear that the reason Eckerd did not take deposition of Plaintiff's treating physician and Plaintiff's wife and three daughters, is certainly Not because they did not know plaintiff did not claim damages based on NY Law, rather it was just a strategic move or even a conscious move for reasons they know best. As parties represented by lawyers, the defendants should be denied further discovery, that will only increase costs to all parties and the court, and achieve nothing substantial than what has taken place until now.

## FACTS

1)     December 9, 2002....in plaintiff's responses to First set of interrogatories of Defendants addressed to plaintiff, in response to # 3, plaintiff answered as follows:

> "I did suffer emotional and mental harm, leading to loss of enjoyment of normal life." See Exh. "A"

2) October 23, 2007, magistrate judge Bloom's Order stated,
> "Defendant has also been permitted to re-depose plaintiff regarding his employment and medical histories." See: Exh. "B" docket # 84.

3) October 10, 2007, in response to Plaintiff's email asking Mr. Bucci that plaintiff wanted to be present at the deposition of his treating physician, Mr. Bucci replied as follows:
> "Concerning the depositions of physicians, in my experience their available time to be deposed is limited, and accomodations must be made for them especially concerning the date, time and location of the deposition. I will keep you informed and send you all documents received in response to the subpoenas." See Exh. "C"

4) Plaintiff's Second Deposition on Nov. 29, 2007, (See: **Exh. "D"**) Plaintiff explained in detail the basis of his mental distress claim, especially see pages 528 – 531, and 540 – 547.

521:21 – 523:1

> Q: Is it your claim that beyond your initial date of when you were deposed in March of 2003, that you experienced any non monetary losses, such as emotional distress or any other loss of that nature?
> ...
> A: Yes, sir.
> Q: Can you explain what they are, please?
> A: ... let's take the experience of heart attack I had. I was rejected ... the last week of July 2003 ... for the third time by Eckerd Corporation. Already the first two rejections had given me a sense of hopelessness, kind of deep, deep sense of loss of diginity and ... there was that accumulated stacked up stress. To add to that, when this thing happened, ... I was not conscious but very much aware what happened, and ... I used to be so much bitter. I couldn't face my children. I couldn't go out to relatives, friends. I even tried to hide things from those who knew, including trying to say yes I'm working somewhere else. It was so shameful, so humiliating.
>
> Ultimately, in 2003, I believe 14th of September ... I had this heavy squeezing in my heart, a severe kind of heaviness in my chest and I knew ... I was experiencing a heart attack. I was shaken. ...
> ...then we called the 911.

5) Mr. Bucci knew all the facts that Plaintiff is claiming as part of his mental distress claim, in 2002, and especially in 2007 November that plaintiff disclosed to him. Ever since, plaintiff has not disclosed or claimed any major

       problems related to mental distress.
6)    Additionally December 12, 2007 letter of Ms. Saks clearly indicates that Defendants, were satisfied not taking any more depositions, including that of Plaintiff's treating physician Dr. Arora, despite their knowledge that plaintiff was Claiming Mental distress damages, aslo stated in JPTO, besides asserting it in MOL in opposition to Motion for summary judgment. See: **Exh. "E."**

**This was sufficient information for defendants to have deposed plaintiff's treating physician and also to take plaintiff's psychiatric exam if they wanted, but they failed to do so and now after two full years of sleeping over the matter, they want to have a third bite at the apple. It's amazing they want to have a third deposition of plaintiff for no other reason than to harass and to put him in more financial hardship and increase his stress, as well as waste the court's time and judicial resources.**

**Allowing these 5 more depositions in addition to two prior depositions of plaintiff, and a psychiatric exam will create financial hardship all of a sudden for plaintiff, in addition to all costs for the jury trial he has managed to arrange. This is undue burden and harassment.**

## ARGUMENT

**PLAINTIFF HAS SHOWN GOOD CAUSE FOR ENTRY OF PROTECTIVE ORDER**

Trial courts have broad discretion to supervise discovery and enter Protective orders. See: Pharmachemie B.V. v. Pharmacia Inc. 1998 U.S. Dist. LEXIS 2192, at *4-5 (D. Mass. Jan 30, 1998). Rule 26(c) specifically allows trial courts to make any order necessary to protect a party from annoyance, embarrassment, oppression or undue burden or expense.. …F.R.C.P. 26 (c).

       Rule 26 (c) states in relevant parts:

Upon motion by a party or the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending … may make an order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following:

1) that the disclosure or discovery not be had;
2) that the disclosure or discovery may be had on specified terms or conditions…

In this case it is the abuse of discovery process by Mr. Bucci the attorney for defendants that must be considered by this honorable court.

**Mr. Bucci contends in the letter to You Honor regarding the Adjournment request earlier :**

"Because the Amended Complaint adds defendants and new claims, including, for example, a claim under New York State Human Rights Law allowing for physical and emotional distress damages (N.Y. Exec. Law § 296), damages which were unavailable under Plaintiff's original Complaint, Defendants must now take additional discovery before the trial in this matter proceeds. To this end, Defendants sent correspondence to Plaintiff seeking dates to depose him and other witnesses Plaintiff has identified as having knowledge of his alleged compensatory damages, along with dates Plaintiff can appear for independent medical examinations with Defendants' medical expert and a psychological expert Defendants expect to retain. Defendants have also sent Plaintiff a HIPAA authorization form, so that Defendants can subpoena Plaintiff's medical records from his treating physician, after which Defendants intend to depose Plaintiff's treating physician. Plaintiff has informed Defendants that he will not participate in discovery until the pending motion to dismiss is resolved.

However, the exhibits Plaintiff has provided with this letter motion (**Exhibits A, B, C, D & E** ) tell a different story. It was a strategic mistake for a second time for Eckerd Corporation to have failed to take depositons of witnesses including Plaintiff's treating physician and three daughters in 2007, which now they want to correct, however as a matter of law they have waived that right. It is clear Mr. Bucci is not telling the whole truth in his statements above.

Here, good cause exists for entry of protective order, as plaintiff has shown above the Defedant has abused discovery process to harass plaintiff and delay proceedings, leading to greater costs for both parties and the court, as well as waste of scarce judicial resources.

More over, the Protective Order will not harm the Defendants or impinge upon their ability to defend the lawsuit.

## CONCLUSION

**For the good cause shown, plaintiff requests this honorable court to enter the Protective Order denying further discovery by deposing Plaintiff, his wife and three daughters, as Defendant knowingly refused to use the opportunity to do so through the October 2007, Order of Magistrate Judge Bloom.**

Respectfully submitted,

_Patrick F D'Cunha_    10/7/2009.

**Patrick F. D'Cunha, Plaintiff, Pro-Se**
**137-22 LABURNUM AVENUE**
**FLUSHING, NY 11355**
**718-661-2979**
**Email: dragondcunha@aol.com**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
...................................................X

PATRICK F. D'CUNHA

                Plaintiff

v.

**ECKERD CORPORATION and its parent Companies:Brooks Eckerd drugstore chain, J.C. Penny, JCG(PJC) USA, LLC("Jean Coutu USA"), Jean Coutu Group (PJC) Inc. and RITE AID CORPORATION (publicly held corporations),**

                Defendants,
...................................................X

ORIGINAL

**Civil Action No.
02-CV-4157(CRW)(LB)**

**AFFIRMATION OF SERVICE**

I, PATRICK F. D'CUNHA, Plaintiff Pro-Se in the above captioned case, affirm that on 10/07/2009, I caused to be served by first class mail, true and correct copies of Plaintiff's Motion for Protective Order, upon attorney for defendants at:

James Bucci, Esq.
GENOVA, BURNS & VERNOIA
ONE PORT CENTER, 2 RIVERSIDE DRIVE, SUITE 502
CAMDEN, NJ 08103

Dated: 10/07/, 2009
QUEENS, NEW YORK

*Patrick F. D'Cunha*
PATRICK F. D'CUNHA, Plaintiff, Pro-Se
137-22 LABURNUM AVENUE
FLUSHING, NY, 11355
(718) 661-2979
Email: dragondcunha@aol.com