UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICK F. D'CUNHA,                  No. 02-cv-4157
     Plaintiff,
v.                                                    ORDER

GENOVESE/ECKERD CORPORATION, and its parent
Companies: Brooks Eckerd drugstore chain,
J.C. Penney, JCG (PJC) USA, LLC ("Jean Coutu
USA"), Jean Coutu Group (PJC) Inc., and
Rite Aid Corporation (publicly held corporations),

     Defendants.

This ADEA age discrimination case was filed pro se by plaintiff Patrick F. D'Cunha on July 23, 2002, and has trod a tortuous path since then. After numerous fits and starts, the court granted the motion for summary judgment filed by defendant Genovese/Eckerd Corporation (GEC), but on plaintiff's appeal the United States Court of Appeals for the Second Circuit reversed and remanded for a jury trial. See D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193 (2nd Cir. 2007). (The case was argued February 3, 2005 and decided February 27, 2007.) The court described in detail the three-step process for analyzing the legal framework for this ADEA case (Id. at 194-96), then held:

> This analysis reveals that there remain genuine issues of material fact as to whether the reasons given for not hiring D'Cunha were pretextual such that a jury could reasonably find that D'Cunha suffered an adverse employment action because of his age.

Id. at 196. No other claim survived the original grant of summary judgment and remand for trial.

This year the undersigned visiting Senior U.S. District Judge was assigned this case for final pretrial and trial proceedings. The case was the oldest of twelve cases referred to

1

me, but following a July 27 pretrial conference, I determined plaintiff should be allowed to amend his complaint to add more parties, largely because he was continuing to proceed without assistance of counsel. The August 11 order granted plaintiff's request to amend and add parties, but the court explicitly left open the new parties' right to seek dismissal, with trial likely delayed until after November 11. Plaintiff then amended his complaint on August 12 and effected service on the new defendants, who responded with motions to dismiss. All parties sought several extensions of time, but the court's order granting extension also retained the jury trial date of December 7, 2009. Now before the court for decision are several resisted motions filed by all defendants.

The court grants defendants' motions to dismiss the plaintiff's amended complaint. Plaintiff has not pled facts demonstrating integration between Eckerd and its parent company, J.C. Penney, or any other facts sufficient to support plaintiff's ADEA claim of age discrimination arising from his 2001 application for employment with Eckerd. His new claim of violation of State law is asserted much too late. The court also denies plaintiff's request to file a second amended complaint. The court will allow no further amendments on the eve of trial of this long-pending case that cries out for a prompt, fair, and final resolution in a December 7 jury trial. Trial will proceed against the sole defendant against whom plaintiff initially alleged age discrimination under the Federal Age Discrimination in Employment Act.

The court grants plaintiff's resisted motion for a protective order. Because the court has dismissed the claims asserted in the amended complaint, further discovery concerning emotional distress damages available under New York law is not warranted. No claim under State law will be presented to the jury.

2

Hearing on all motions in limine will be held at 4:00 p.m. on December 2, 2009 in Room N2F at the United States courthouse in Brooklyn.

Trial will commence with a pretrial conference at 8:30 a.m., then the selection of a jury at 9 a.m. on December 7, 2009 in Room N2F in the Brooklyn courthouse. The court will exercise it discretion to place reasonable limits on the presentation of evidence, see U.S. v. Quattrone, 441 F.3d 153, 183 (2nd Cir. 2006), so that this case can be submitted to the jury by the end of the week of December 7.[1] The court expects trial to require five trial days or fewer.

SO ORDERED.

Dated this 9th day of November, 2009.

/S/
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT

---

[1] The court suggests once again that plaintiff should consider hiring a lawyer to assist him in presenting this case to a jury, but trial will not be delayed if a lawyer he retains should request that trial not start on December 7.