ORIGINAL

PATRICK F. D'CUNHA
137-22 LABURNUM AVENUE
FLUSHING, NY 11355
718-7712979

Honorable Charles R. Wolle
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Patrick F. D'Cunha v. Genovese/Eckerd Corporation
           Civil Action No. 02-CV-4157
           1) Plaintiff's Request to Preserve His Right to Appeal the Grant of Motions
           to Dismiss and Denial of Leave to File a Second Amended Complaint.
**URGENT REQUEST** 2) Court must rule on New Defendants other than J.C. Penney. And Plaintiff's request to let Amended complaint stand except the causes and defendants dismissed. URGENT CONFERENCE ON EXPEDITED BASIS REQUESTED BY PLAINTIFF.

Dear Judge Wolle:

    I am the plaintiff in the above captioned case. I write to inform the court that Plaintiff intends to preserve his right to Appeal the 11/9/2009 Order of this court that granted Defendants' [150], [160] motions to dismiss Plaintiff's Amended complaint. Plaintiff can not appeal this order as it is not final decision of the district court persuant to §1291. Additionally this court has not stated in writing that an interlocutory appeal may be taken persuant to §1292. Under these circumstances plaintiff wants to preserve his right to appeal both the grant of Motions to dismiss as well as the denial of plaintiff's [164] request to file a second amended complaint, the decision being unfairly prejudicial to Plaintiff's claim.

    The Order of the court Plaintiff received electronically on 11/10/09 <u>does not cite any controlling authorities as precedent</u>, as the basis for this Order, except for the concern of the court to have a prompt, fair and final resolution for this case in a jury trial, which is what Plaintiff also wants. However, Plaintiff can not have a fair trial if he wins the judgment against Eckerd and Eckerd fails to satisfy it, and Plaintiff then has no opportunity to pierce the veil, as court may say, Plaintiff did not pursue veil piercing. Second Circuit court of appeals expects the District court to give specific reasons based on facts of the case and cite authorities relied upon, when it grants or denies a dispositive motion, this district court has done none of this.

    Your Honor had stated during the Hearing on motions that J.C. Penney as defendant will be dismissed, and also reminded Plaintiff to stick to his ADEA claim because if NY Law claim is lost Plaintiff could loose his ADEA claim as well. Plaintiff though not a lawyer thinks that if ADEA is lost so is the NY Law claim. Additionally the Spoliation claim is not even mentioned and no reason given why that too gets dismissed. Your honor had also stated during the hearing that Spoliation claim can be addressed by giving the Adverse inference Jury Instruction due to spoliation of evidence.

    It was clear that Eckerd's Assets and Liabilities have been taken over by Rite Aid, as is crystal clear from the Stock Purchase Agreement, and also the Employment Liability insurance of Eckerd was with J.C. Penney in 2001, 2002 period (See: Executive Protection Policy). Despite this the court granted Defendants' motions to dismiss, knowing well that Plaintiff even if he wins judgment against Eckerd will not be able to recover as these two Parent corporations have made

Eckerd Judgment proof. Additionally plaintiff did cite authorities that allow plaintiff time for discovery, without which plaintiff can not support the Alter Ego claim, and it is clear denial of Second Amended complaint was clearly erroneous.

This court went out of its way sua-sponte to help cure the procedural defect by scheduling the Hearing on Motions to dismiss that were before Magistrate judge Bloom. It is unclear why Mr. Bucci filed duplicate briefs on Motion to Dismiss as well as Opposition to Motion for leave to file Second Amended Complaint. Plaintiff objects to the fact that Mr. Bucci also attached reply brief for motion to dismiss to his opposition to Plaintiff's motion for protective order, thus defendants flooded this court with several briefs and the court clerly got carried away with too many briefs but not the correct authorities.

Plaintiff has been Unfairly prejudiced due to this clearly erroneous order of this court, which :

1) did not follow a liberal standard for a Pro-Se party,
2) did not cite controlling authorities, and
3) ignored controlling authorites cited by plaintiff
4) ignored the fact that the Motions to dismiss were made before Magistrate Judge Bloom who has no jurisdiction over dispositive motions.
5) granted the motions despite the fact the defendants have made same arguments in Motions to Dismiss as they made in Opposition to Plaintiff's Motion to Amend Complaint, this court has Reversed it's own Order of 8/10/09 granting plaintiff's motion, without any basis or showing on the part of Defendants that the August 10, 2009 decision was clearly erroneous.
The implications of this unfair prejudice plaintiff has suffered can lead to plaintiff loosing his entire claim if Eckerd is unable to satisfy judgment in the likely event Plaintiff procures a judgment against Eckerd at the trial by jury. If this court was eventually going to grant motions to dismiss, plaintiff's motion to Amend complaint should not have been granted.
6) NY Law claim was based on plaintiff's assertion in his MOL in opposition to Defendant's motion for summary judgment, which defendant failed to oppose.
7) Precisely to fix the technical deficiency of pleading plaintiff sought leave of the court to file Second Amended complaint, which this court unfairly and against precedent, denied.
8) the court ignored the fact that no plaintiff will be able to plead sufficient facts to show integration between a defendant and its parent company, without opportunity for fair discovery, which this court unjustly denied plaintiff in this case.
9) This court also unfairly denied Plaintiff an opportunity to plead sufficient facts to maintain his claim, by denying his request for leave to file Second Amended complaint, which would have caused no prejudice to defendants at all and it would have fixed the technical deficiency in the first amended complaint. FRCP 56(f) allows additional discovery that was needed which would lead to probative evidence with regard to veil piercing, in this case, and denial of it has unfairly prejudiced plaintiff.

Once again plaintiff respectfully informs the court that he wants to preserve his right to appeal both the grant of Motions to dismiss[150] and [160] as well as the denial of plaintiff's [164] request to file a second amended complaint when the trial of this case is over.

Finally, a court can not grant a party more than what a party asks for except to prevent grave injustice. Here J.C. Penney asked for dismissal of entire complaint. However all other New Defendants, Rite Aid, Jeau Coutu Group etc. asked only for partial dismissal, of certain claims, including the NY Law and new defendants.

## URGENT: EXPEDITED RULING (CLARIFICATION) REQUESTED

Finally the Order of the court clearly has no mention of 1)new defendants Rite Aid, Jean Coutu USA, and Jean Coutu Group(PJC) Inc. and 2) Spoliation of Evidence. Plaintiff requests on Expedited basis, a ruling on these issues as only 20 days remain for the trial.
Telephone conference requested.
Plaintiff further requests the court to Reconsider its ruling in light of these facts, and also let the Amended complaint which is basically same as the old complaint, stand except for all new defendants and causes the court finally rules as dismissed. Plaintiff requests this to prevent grave prejudice due to many prejudicial and non-relevant elements in his original complaint.

Respectfully submitted,

*Patrick F. D'Cunha*
Patrick F. D'Cunha, Plaintiff, Pro-Se

Date
November 18, 2009.

CC: Mr. Bucci, via email.