ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

PATRICK F. D'CUNHA,

          Plaintiff,

     v.

GENOVESE/ECKERD CORPORATION,

Defendant.

-------------------------------------------------X

CIVIL ACTION NO.:
02-CV-4157(CRW) (LB)

**PLAINTIFF'S MEMORANDUM OF
LAW, IN SUPPORT OF HIS
MOTION INLIMINE**

# 1

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.
Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain
of drug stores. Plaintiff originally brought claim of age discrimination in this district
court. The district court granted defendant summary judgment as to all of plaintiff's
claims. The Second Circuit reversed the grant of summary judgment as to those claims
and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff
now moves this Court *in limine* to prohibit the introduction of evidence concerning:

**Defendant's Human Resource representative Lisa Ford's testimony regarding dates
of hire of other pharmacists over 40, hired by Tran in 2001 and 2002 ( These other
pharmacists are not the comparators in this case; and defendant never asserted this
evidence at any prior stage of this litigation).**

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having
any tendency to make the existence of any fact that is of consequence to the
determination of the action more or less probable. Under FRE 402, only relevant
evidence is admissible. Here, evidence concerning Defendant's Human Resource
representative Lisa Ford's testimony regarding dates of hire of other pharmacists over
40, hired by Tran in 2001 and 2002 (These other pharmacists are not the comparators
in this case; and defendant never asserted this evidence at any prior stage of this

litigation), does not tend to make any material fact more or less probable. Therefore, all such evidence should be excluded under FRE 401 and 402.

Even if evidence concerning Defendant's Human Resource representative Lisa Ford's testimony regarding dates of hire of other pharmacists over 40, hired by Tran in 2001 and 2002, had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See: FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Tran refused to hire him on two occasions: August 2001 and February 2002. Any references to Defendant's Human Resource representative Lisa Ford's testimony regarding dates of hire of other pharmacists over 40, hired by Tran in 2001 and 2002, would merely confuse and distract the jury from its task.

Therefore evidence concerning  Defendant's Human Resource representative Lisa Ford's testimony regarding dates of hire of other pharmacists over 40, hired by Tran in 2001 and 2002, should be excluded under FRE 403.

## III.    CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine*.

Nov 18

Dated: ~~August 11,~~ 2009

New York, New York

Respectfully Submitted,

*Patrick F D'Cunha.*

PATRICK F. D'CUNHA, Plaintiff, Pro- Se

137-22 LABURNUM AVENUE

Flushing, NY 11355

(718) 661-2979

Email: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PATRICK F. D'CUNHA,

           Plaintiff,

    v.

GENOVESE/ECKERD CORPORATION,

    Defendant.

-----------------------------------------------------X

CIVIL ACTION NO.:
02-CV-4157( CRW) (LB)

**PLAINTIFF'S MEMORANDUM OF
LAW, IN SUPPORT OF HIS
MOTION INLIMINE**

# 2

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff

now moves this Court *in limine* to prohibit the introduction of evidence concerning:

**plaintiff's unsuccessful job search prior to  August 2001 interview with Tran,**

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any

tendency to make the existence of any fact that is of consequence to the determination of

the action more or less probable. Under FRE 402, only relevant evidence is admissible.

Here, evidence concerning the fact of plaintiff's unsuccessful job search prior to August

2001 interview with Tran, does not tend to make any material fact more or less probable.

Therefore all such evidence should be excluded under FRE 401, and 402.

Even if evidence concerning plaintiff's unsuccessful job search prior to August 2001 interview with Tran, had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against the plaintiff on the basis of his age when Tran refused to hire him on two occasions, August 2001, and February 2002. Any references to plaintiff's unsuccessful job search prior to August 2001, would merely tend to confuse and distract the jury from its task. Jury may correlate plaintiff's inability to get job elsewhere prior to August 2001, to his lack of qualification for Pharmacist job in New Jersey with Eckerd. Therefore evidence concerning plaintiff's unsuccessful job search prior to August 2001 interview with Tran, should be excluded under FRE 403.

## III.   CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, and in light of the 2nd circuit's remand, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: ~~August 11,~~ Nov 18, 2009

New York, New York

Respectfully submitted

Patrick F D' Cunha.

PATRICK F. D'CUNHA, Plaintiff Pro-Se
137-22 LABURNUM AVENUE
Flushing, NY 11355
(718) 661-2979
Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PATRICK F. D'CUNHA,                                    CIVIL ACTION NO.:
                                                       02-CV-4157(CRW) (LB)
                Plaintiff,

                v.
GENOVESE/ECKERD CORPORATION,              **PLAINTIFF'S MEMORANDUM OF
                                           LAW, IN SUPPORT OF HIS
                                           MOTION INLIMINE**
Defendant.
-----------------------------------------------------X              **# 3**

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff

now moves this Court *in limine* to prohibit the introduction of evidence concerning:

**plaintiff's unsuccessful attempts to get New York Pharmacist License,**

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any

tendency to make the existence of any fact that is of consequence to the determination of

the action more or less probable. Under FRE 402, only relevant evidence is admissible.

Here, evidence concerning the fact of plaintiff's unsuccessful attempts to get NY

Pharmacist License does not tend to make any material fact more or less probable.

Therefore all such evidence should be excluded under FRE 401 and 402.

Even if evidence concerning plaintiff's unsuccessful attempts to get NY Pharmacist License had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See: FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Tran refused to hire him on two occasions in August 2001 and February 2002. Any refrences to plaintiff's unsuccessful attempts to get NY Pharmacist License, would merely confuse and distract the jury from its task. Jury may correlate plaintiff's not getting New York Pharmacist License, to his lack of qualification for the pharmacist Job in New Jersey.

Therefore evidence concerning plaintiff's unsuccessful attempts to get NY Pharmacist License should be excluded under FRE 403.

## III.   CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: August 11, 2009

New York, New York

Respectfully Submitted,

Patrick F. D'Cunha.

PATRICK F. D'CUNHA, Plaintiff Pro- Se

137-22 LABURNUM AVENUE

Flushing, NY 11355

(718) 661-2979

Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PATRICK F. D'CUNHA,

      Plaintiff,

   v.

G-ENOVESE/ECKERD **CORPORATION,**

Defendant.

-----------------------------------------------------X

CIVIL ACTION NO.:
02-CV-4157(FB)(LB)
(CRW)(LB)

**PLAINTIFF'S MEMORANDUM OF
LAW, IN SUPPORT OF HIS
MOTION INLIMINE**

# 4

## I.   INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.
Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain
of drug stores. Plaintiff originally brought claim of age discrimination in this district
court. The district court granted defendant summary judgment as to all of plaintiff's
claims. The Second Circuit reversed the grant of summary judgment as to those claims
and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff
now moves this Court *in limine* to prohibit the introduction of evidence concerning:

    **discharge of plaintiff D'Cunha from, Walgreens (in 2005) for substandard**

    **performance, and testimony of John Colaizzi Jr. (Walgreen's District Pharmacy**

    **Supervisor), regarding plaintiff's employment with Walgreens.**

## II. ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any
tendency to make the existence of any fact that is of consequence to the determination of
the action more or less probable. Under FRE 402, only relevant evidence is admissible.
Here, evidence concerning the fact of plaintiff's discharge  from, Walgreens for
substandard performance and testimony of John Colaizzi Jr. (Walgreen's District
Pharmacy Supervisor), regarding plaintiff's employment with Walgreens does not tend to

make any material fact more or less probable.

Therefore all such evidence should be excluded under FRE 401 and 402.

Even if evidence concerning plaintiff's discharge from, Walgreens (in 2005) for substandard performance, and testimony of John Colaizzi Jr. regarding plaintiff's employment with Walgreens had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See: FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Tran refused to hire him on two occasions: August 2001 and February 2002. Any refrences to plaintiff's discharge from, Walgreens for substandard performance and testimony of John Colaizzi Jr. regarding plaintiff's employment with Walgreens would merely confuse and distract the jury from its task. Jury may correlate plaintiff's discharge from Walgreens (in 2005) for substandard performance, and testimony of John Colaizzi Jr. regarding plaintiff's employment with Walgreens, to his lack of qualification for the pharmacist Job in New Jersey.

Therefore evidence concerning plaintiff's discharge from, Walgreens for substandard performance and testimony of John Colaizzi Jr. regarding plaintiff's employment with Walgreens should be excluded under FRE 403.

## III.   CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: _Aug . 11_ , 2009.

New York, New York

Respectfully Submitted,

_Patrick F. D'Cunha._

PATRICK F. D'CUNHA, Plaintiff, Pro- Se

137-22 LABURNUM AVENUE

Flushing, NY 11355

(718) 661-2979

Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

PATRICK F. D'CUNHA,

        Plaintiff,

    v.

GENOVESE/ECKERD CORPORATION,

Defendant.

----------------------------------------------------X

CIVIL ACTION NO.:
02-CV-4157(CRW) (LB)

**PLAINTIFF'S MEMORANDUM OF**
**LAW, IN SUPPORT OF HIS**
**MOTION INLIMINE**

# 5

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff

now moves this Court *in limine* to prohibit the introduction of evidence concerning:

    **details of Plaintiff's past history.**

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any

tendency to make the existence of any fact that is of consequence to the determination of

the action more or less probable. Under FRE 402, only relevant evidence is admissible.

Here, evidence concerning the details of plaintiff's past history, does not tend to make

any material fact any more or less probable.

Therefore all such evidence should be excluded under FRE 401 and 402.

Even if evidence concerning the details of plaintiff's past history had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See: FRE 403. Jury may somehow correlate plaintiff's long past history along with recent joblessness to plaintiff's lack of qualification for job as pharmacist with Eckerd, in New Jersey. The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Tran refused to hire him on two occasions: August 2001 and February 2002. Any references to plaintiff's past history would merely confuse and distract the jury from its task. Therefore evidence concerning plaintiff's past history should be excluded under FRE 403.

## III.   CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: August 11, 2009.

New York, New York

Respectfully Submitted,

PATRICK F. D'CUNHA, Plaintiff, Pro- Se

137-22 LABURNUM AVENUE

Flushing, NY 11355

(718) 661-2979

Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

PATRICK F. D'CUNHA,

            Plaintiff,

     v.

GENOVESE/ECKERD CORPORATION,

Defendant.
----------------------------------------------------X

CIVIL ACTION NO.:
02-CV-4157(CRW)(LB)

**PLAINTIFF'S MEMORANDUM OF LAW, IN SUPPORT OF HIS MOTION INLIMINE**

# 6

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff

now moves this Court *in limine* to prohibit the introduction of evidence concerning:

**Jignesh Mehta's testimony regarding plaintiff's 3rd interview for job (in July 2003)**

**with Eckerd**.

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any

tendency to make the existence of any fact that is of consequence to the determination of

the action more or less probable. Under FRE 402, only relevant evidence is admissible.

Here, evidence concerning Jignesh Mehta's testimony regarding plaintiff's 3rd interview

for job with Eckerd does not tend to make any material fact more or less probable.

Therefore all such evidence should be excluded under FRE 401, and 402.

Even if evidence concerning Jignesh Mehta's testimony regarding plaintiff's 3rd interview for job with Eckerd in 2003, had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See: FRE 403. **Jury may correlate rejection of Plaintiff (an Asian Indian) in 2003, by Jignesh Mehta (also an Asian Indian), to plaintiff's lack of qualification for job at Eckerd in 2001.** The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Tran refused to hire him on two occasions: August 2001 and February 2002. Any references to Jignesh Mehta's testimony regarding plaintiff's 3rd interview for job with Eckerd in 2003, would merely tend to confuse and distract the jury from its task. Therefore evidence concerning Jignesh Mehta's testimony regarding plaintiff's 3rd interview for job with Eckerd should be excluded under FRE 403.

## III.   CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine*.

**Dated:** August 11, 2009
New York, New York

Respectfully Submitted,

*Patrick F. D'Cunha.*

PATRICK F. D'CUNHA, Plaintiff, Pro- Se

137-22 LABURNUM AVENUE
Flushing, NY 11355
(718) 661-2979
Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PATRICK F. D'CUNHA,                              CIVIL ACTION NO.:
                                                 02-CV-4157(CRW)(LB)
                   Plaintiff,

          v.

GENOVESE/ECKERD CORPORATION,          **PLAINTIFF'S MEMORANDUM OF**
                                      **LAW, IN SUPPORT OF HIS**
                                      **MOTION INLIMINE**
Defendant.
-----------------------------------------------------X                    # 7

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff

now moves this Court *in limine* to prohibit the introduction of evidence concerning:

**Plaintiff's Indian nationality, and/or his Indian passport.**

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any

tendency to make the existence of any fact that is of consequence to the determination of

the action more or less probable. Under FRE 402, only relevant evidence is admissible.

Here, evidence concerning plaintiff's Indian nationality, does not tend to make any

material fact more or less probable. Therefore, all such evidence should be excluded

under FRE 401 and 402.

Even if evidence concerning plaintiff's Indian nationality had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See: FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Tran refused to hire him on two occasions: August 2001 and February 2002. Any references to Plaintiff's Indian nationality would merely confuse and distract the jury from its task. Therefore evidence concerning plaintiff's Indian nationality should be excluded under FRE 403.

## III.    CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: August 11, 2009
New York, New York

Respectfully Submitted,

*Patrick F. D'Cunha*

PATRICK F. D'CUNHA, Plaintiff, Pro- Se

137-22 LABURNUM AVENUE
Flushing, NY 11355
(718) 661-2979
Email:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

PATRICK F. D'CUNHA,

                Plaintiff,

      v.

GENOVESE/ECKERD CORPORATION,

Defendant.

-----------------------------------------------------X

CIVIL ACTION NO.:

02-CV-4157(EB)(LB)

(CRW)(LB)

**PLAINTIFF'S MEMORANDUM OF**

**LAW, IN SUPPORT OF HIS**

**MOTION INLIMINE**

# 8

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey. Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain of drug stores. Plaintiff originally brought claim of age discrimination in this district court. The district court granted defendant summary judgment as to all of plaintiff's claims. The Second Circuit reversed the grant of summary judgment as to those claims and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff now moves this Court *in limine* to prohibit the introduction of evidence concerning:

> **Plaintiff's education at St. John's University (including plaintiff's experience as a victim of bias at the time, other similar incidents and plaintiff's year of Graduation from St. John's in 1994)**

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Under FRE 402, only relevant evidence is admissible. Here, evidence concerning the fact of Plaintiff's education at St. John's University (including **plaintiff's experience as victim of bias at the time** and the year of

Graduation ), does not tend to make any material fact more or less probable in this case. Therefore, all such evidence should be excluded under FRE 401 and 402.

Even if evidence concerning plaintiff's education at St. John's University (including **plaintiff's experience as a victim of bias at the time**) had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See: FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Tran refused to hire him on two occasions: August 2001 and February 2002. Any references to Plaintiff's education at St. John's University (including **plaintiff's experience as a victim of bias at the time**) would merely confuse and distract the jury from its task. Jury may correlate unrelated incidents of bias at St. John's University to a tendency in Plaintiff to scream discrimination everywhere; additionally, jury may correlate Plaintiff's inability to get a job since his graduation in 1994 till 2001 as plaintiff's lack of qualification for job with Eckerd in 2001.Therefore evidence concerning plaintiff's education at St. John's University (including **plaintiff's experience as victim of bias at the time**) should be excluded under FRE 403.

## III.    CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: August 11, 2009.
New York, New York

Respectfully Submitted,

*Patrick F. D'Cunha*

PATRICK F. D'CUNHA, Plaintiff, Pro- Se
137-22 LABURNUM AVENUE
Flushing, NY 11355
(718) 661-2979
Email:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

..........................................................X

PATRICK F. D'CUNHA

        Plaintiff

         v.

GENOVESE/ECKERD CORPORATION

        Defendants,

..........................................................X

Civil Action N

02-cv-4157(C RW) (LB)

MOTION IN LIMINE #9

### MOTION IN LIMINE MADE BY Plaintiff D'Cunha

Plaintiff D'Cunha moves the Court, before voir dire of the jury, for its order to be entered before voir dire of the jury:

1. To instruct the attorney for the Defendant Genovese/ Eckerd Corp. **(Eckerd)** not to interrogate witnesses concerning the items set out on the following pages, or to mention to the jury in any manner those items, without first obtaining permission of the Court outside the presence and hearing of the jury; and

2. To instruct the attorneys for **Eckerd** to personally admonish their clients and witnesses to refrain from mentioning to the jury in any manner the items set out on the following pages, without the attorney first obtaining permission outside the presence and hearing of the jury.

The items which are not to be mentioned to the jury are set out on the following pages.

A place for the court to indicate its decision on each subpart of this motion is found at each subpart. A form of order is found on the last page of this instrument.

This motion is made on the following grounds:

A). The matters set out on the following pages are immaterial and inadmissible. Were any of such matters made known to the jury, it would be improper. It would be prejudicial, even though the Court were to sustain an objection and instruct the jury not to consider such facts for any purpose. In all probability, any such situation could result in grounds for a mistrial in spite of attempts by the Court to cure the situation. Ordering the jury to disregard interrogation, comments, or offers in front of the jury would not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the minds of the jurors.

B). The granting of this motion cannot be error because it merely requires permission to be asked before prejudicial information is suggested to the jury. The motion here asks only that counsel advise the Court outside the presence of the jury, at such time as he intends to go into the questionable items, so the Court may make its ruling at that time on the proffered question, remark, testimony, or exhibit. The Court in this way will be best able to fulfill its function in keeping the record free of error and prejudice.

*As stated in A)→ Plaintiffs basis for this request is F.R.Evid. 401, 402 & FRE 403*

Dated: *August 11, 2009*

Respectfully submitted,

*Patrick F. D'Cunha.*

PATRICK F. D'CUNHA, Plaintiff Pro-Se

137-22 LABURNUM AVENUE

FLUSHING, NY 11355

(718) 661-2979

## Plaintiff's Motion in Limine  # 9

The following items are set out as the items not to be disclosed to the jury by the attorneys for Defendants, concerning which an order is requested, to wit:

1.   Plaintiff's attempts to get New York Pharmacist License, or any reference to NY License, suggesting to the jury plaintiff's incompetence or lack of qualification for the job with Genovese/Eckerd (**Eckerd**).

GRANTED _____        AGREED TO BY COUNSEL _____

DENIED     _____        GRANTED AS MODIFIED ABOVE _____

2.   Plaintiff's Indian Passport and Indian nationality that is not related to this case and would confuse the jury and cause unfair prejudice to plaintiff's ADEA claim in this case.

GRANTED _____        AGREED TO BY COUNSEL _____

DENIED     _____        GRANTED AS MODIFIED ABOVE _____

3.   Plaintiff's job search prior to August 2001 interview with Ms. Dolan and Mr. Tran of ECKERD. Jury may correlate D'Cunha's inability to get job elsewhere, to his lack of qualification for job at Eckerd and consequent rejection by Tran.

GRANTED _____        AGREED TO BY COUNSEL _____

DENIED     _____        GRANTED AS MODIFIED ABOVE _____

4.   Plaintiff D'Cunha's prior education at St. John's University, (too long before 8/2001 INTERVIEW). Jury could mistakenly correlate Plaintiff's inability to get a job for so long after graduation as his lack of qualification for a job with Eckerd.

GRANTED _____        AGREED TO BY COUNSEL _____

DENIED     _____        GRANTED AS MODIFIED ABOVE _____

5)   Any reference to Plaintiff D'Cunha's past history which would confuse jury regarding D'Cunha's qualifications; including many different instances not related to this claim.

GRANTED _____        AGREED TO BY COUNSEL _____

DENIED     _____        GRANTED AS MODIFIED ABOVE _____

6)   Jignesh Mehta's (an Indian, DPS for Eckerd) testimony, If an Asian-Indian rejected D'Cunha also an Asian-Indian then jury may correlate that to D'Cunha's lack of qualifications for a Job at Eckerds.

GRANTED _____        AGREED TO BY COUNSEL _____

DENIED     _____        GRANTED AS MODIFIED ABOVE _____

7)   Any reference to discharge of D'Cunha from Walgreens for substandard performance; jury would correlate that to D'Cunha's lack of qualification for Eckerd job; this would be unfairly prejudicial to Plaintiff.

GRANTED _____          AGREED TO BY COUNSEL _____
DENIED    _____          GRANTED AS MODIFIED ABOVE _____

8)     Expert testimony of Mr. Phraner concerning the location of Defendant's pharmacies in Sussex and Vernon, New Jersey, and their accessibility by public transportation, the jury may unfairly correlate alleged inaccessibility of Sussex store to presumed unwillingness of plaintiff to accept job at Sussex. This would be unfairly prejudicial to plaintiff.

(never mentioned at any prior stage of this litigation).

GRANTED   _____        AGREED TO BY COUNSEL _____
DENIED    _____        GRANTED AS MODIFIED ABOVE _____

9)     Mr. Colaizzi Jr.'s testimony regarding hiring and employment of Plaintiff by Walgreens in 2005, (including emails, never before produced by Walgreens and plaintiff's alleged substandard performance)

GRANTED _____          AGREED TO BY COUNSEL _____
DENIED    _____          GRANTED AS MODIFIED ABOVE _____

10)    Testimony by Musto, Lederman and Zablocki (pharmacists in protected age group – never before mentioned at any prior stage of this litigation, the fact that these individuals were hired by Tran, was not asserted in any prior stage of this litigation, not during summary judgment, not during Motion to reconsider and not during the appeals proceeding either.

GRANTED _____          AGREED TO BY COUNSEL _____
DENIED    _____          GRANTED AS MODIFIED ABOVE _____

11)    Testimony by Jignesh Mehta (who is an Indian, same nationality as Plaintiff) who refused to hire plaintiff ( Plaintiff's third rejection by Defendant ), despite availability of Mehta's letter rejecting Plaintiff, and reasons for doing so.

GRANTED _____          AGREED TO BY COUNSEL _____
DENIED    _____          GRANTED AS MODIFIED ABOVE _____

12)    Tran, Ms. Dolan and George Kowalski's testimony regarding job market for pharmacists in 2000 through the present ( never mentioned this at any prior stage of this litigation) Surprise, confusion and unfair prejudice

GRANTED   _____        AGREED TO BY COUNSEL _____
DENIED    _____        GRANTED AS MODIFIED ABOVE _____

13)    Defendant's Human Resource representative Lisa Ford's testimony regarding dates of

hire of pharmacists hired by Tran in 2001 and 2002 ( never produced these documents or asserted this evidence at any prior stage of this litigation, despite plaintiff's requests).

GRANTED _____          AGREED TO BY COUNSEL _____

DENIED     _____          GRANTED AS MODIFIED ABOVE _____

14) Testimony of any Eckerd pharmacist in protected age class hired by Tran in 2001 and 2002, other than Ms. Stern and Ms. Babeu. ( Never asserted this at any prior stage of this litigation). Unfair surprise and unfair prejudice to plaintiff.

GRANTED _____          AGREED TO BY COUNSEL _____

DENIED     _____          GRANTED AS MODIFIED ABOVE _____

15) Any reference that the Plaintiff has not called to testify any witness equally available by subpoena to both parties in this cause; and any reference or suggestion to the jury by argument or otherwise what would have been the testimony of any witness not actually called.

GRANTED _____          AGREED TO BY COUNSEL _____

DENIED     _____          GRANTED AS MODIFIED ABOVE _____

16) Unless the report is otherwise admitted into evidence as an exhibit (for example, as a medical record), any reference to any expert report or opinion of any person not then and there present in Court to testify and to be cross-examined.

GRANTED _____          AGREED TO BY COUNSEL _____

DENIED     _____          GRANTED AS MODIFIED ABOVE _____

17) Any demands or requests by Defendant's counsel before the jury for matters found or contained within files of the Plaintiff (which would include papers of the Plaintiff, letters, pleadings, photographs, and all other documents or tangible items.)

GRANTED _____          AGREED TO BY COUNSEL _____

DENIED     _____          GRANTED AS MODIFIED ABOVE _____

18) Any reference to settlement negotiations which have been undertaken between Plaintiff and Defendant.

GRANTED _____          AGREED TO BY COUNSEL _____

DENIED     _____          GRANTED AS MODIFIED ABOVE _____

19) Any reference by Defendant's counsel to the fact that this motion has been filed, or any ruling by the Court has been made in response to this motion, suggesting or inferring to the jury that Plaintiff has moved to prohibit proof or that the Court has excluded proof on any particular matter.

GRANTED _____          AGREED TO BY COUNSEL _____

DENIED     _____          GRANTED AS MODIFIED ABOVE _____

20) Any request in front of the jury to Plaintiff to stipulate to the admissibility of any evidence or stipulate to any facts or matters.

GRANTED _____          AGREED TO BY COUNSEL _____

DENIED     _____          GRANTED AS MODIFIED ABOVE _____

21) Any reference that Plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive benefits of any kind or character from a collateral source, including, but not limited to, the following: *plaintiff's investment in furniture store, plaintiff's investment in stock market*

GRANTED _____                 AGREED TO BY COUNSEL _____

DENIED    _____                 GRANTED AS MODIFIED ABOVE _____

22) Any reference to Plaintiff's investment in stock market day trading, or his investment in Furniture store and any gains or losses from that investment.

GRANTED _____                 AGREED TO BY COUNSEL _____

DENIED    _____                 GRANTED AS MODIFIED ABOVE _____

23) Any reference that any recovery by the Plaintiff either would or would not be subject to federal income tax or taxation. *Katy Railroad v. Perrin*, 291 S.W.2d 93.

GRANTED _____                 AGREED TO BY COUNSEL _____

DENIED    _____                 GRANTED AS MODIFIED ABOVE _____

24) Any reference to the effect or results of a claim, suit, or judgment upon insurance rates, premiums, or charges, either generally or as particularly applied to the parties in question as a result of this or any other lawsuit.

GRANTED _____                 AGREED TO BY COUNSEL _____

DENIED    _____                 GRANTED AS MODIFIED ABOVE _____

25) Any reference to any prior injury, physical or mental condition or illness that may have been suffered by Plaintiff, unless the Defendant can show outside of the presence of the injury that the prior injury, physical or mental condition or illness contributed to the physical or mental impairment of Plaintiff claimed by Plaintiff in this case.

GRANTED _____                 AGREED TO BY COUNSEL _____

DENIED    _____                 GRANTED AS MODIFIED ABOVE _____

26) Any reference to any other claims or lawsuits (or to the settlements or judgments made therein) in which Plaintiff or Plaintiff's spouse has been involved, prior to or subsequent to the incident made the basis of this lawsuit, whether the claim or suit arose out of this incident or some other.

GRANTED _____                 AGREED TO BY COUNSEL _____

DENIED    _____                 GRANTED AS MODIFIED ABOVE _____

27) Any reference that the Plaintiff has been accused of, or was found guilty of, any misconduct, or traffic offenses.

GRANTED _____                 AGREED TO BY COUNSEL _____

DENIED    _____                 GRANTED AS MODIFIED ABOVE _____

28) Any video taped depositions, or deposition transcript, of witnesses not present in Court unless and until: Defendant's counsel outside the presence and hearing of the jury, has notified the Court and the Plaintiff of the specific deposition and portions thereof intended to be placed into evidence. Plaintiff shall then outside the presence and hearing of the jury make any objections. If only portions of a deposition or video are to be used by Defendant, then such notification is to be in sufficient time so that the Plaintiff may (1) view the edited video or transcript portions, and (2) make objections to those specific portions which should be excised

and not shown or read to the jury, and also (3) prepare those portions of the depositions which Plaintiff wants to introduce for optional completeness.

GRANTED _____       AGREED TO BY COUNSEL _____

DENIED _____        GRANTED AS MODIFIED ABOVE _____

29) Defendant's counsel shall be instructed not to call witnesses, either expert or lay witnesses, other than those persons previously disclosed in answers to interrogatories. The use of additional witnesses after the filing of this motion would constitute unfair surprise, and the Defendant should not be allowed to call such witnesses.

GRANTED _____       AGREED TO BY COUNSEL _____

DENIED _____        GRANTED AS MODIFIED ABOVE _____

30) Defendant's experts shall not be allowed to testify as to any opinion on subjects not previously expressed in answer to interrogatories (or in the deposition of such expert, if a deposition has been taken). In that connection, it is submitted that the Plaintiff did serve on Defendant an interrogatory asking for the opinions held by the experts who may be called to testify, or that the Defendant did furnish an opinion of his expert purporting to show all opinions of the expert.

GRANTED _____       AGREED TO BY COUNSEL _____

DENIED _____        GRANTED AS MODIFIED ABOVE _____

31) That employees of the Defendant who have not been designated as expert witnesses be precluded from expressing any expert opinions including opinions regarding existence, or lack, of care or negligence, operations of Defendant's business, custom in the industry involved, or medical opinions. *or the condition of the Job Market in 2001-2002.*

GRANTED _____       AGREED TO BY COUNSEL _____

DENIED _____        GRANTED AS MODIFIED ABOVE _____

32) Any use or reference to any documents, photographs, or any other tangible thing not previously timely disclosed in response, or supplementary response, to Plaintiff's interrogatories or requests for production.

GRANTED _____       AGREED TO BY COUNSEL _____

DENIED _____        GRANTED AS MODIFIED ABOVE _____

33) Any reference to, or show to the jury of, any proposed exhibit, unless the same previously has been exhibited to Plaintiff to determine its relevancy and objections to admissibility.

GRANTED _____       AGREED TO BY COUNSEL _____

DENIED _____        GRANTED AS MODIFIED ABOVE _____

34) Any reference or question in regard to:

d. Whether the witness or party would believe or not believe any other witness or party.

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of felony or other crime as provided in the evidence rule regarding convictions, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.

GRANTED _____       AGREED TO BY COUNSEL _____

DENIED _____        GRANTED AS MODIFIED ABOVE _____

35) Any reference to contents of any pleading of Plaintiff which has been superseded by the current pleading.

GRANTED _____    AGREED TO BY COUNSEL _____

DENIED _____    GRANTED AS MODIFIED ABOVE _____

36) Any questions whether one witness would believe another witness, or any testimony by any witnesses as to the credibility of any other witnesses, for the reason that it is not competent evidence, is irrelevant and is prejudicial. *United States v. Azure*, 801 F.2d 336 (8th Cir. 1986).

GRANTED _____    AGREED TO BY COUNSEL _____

DENIED _____    GRANTED AS MODIFIED ABOVE _____

37) Any reference to the immigration status of plaintiff or any witnesses called on behalf of plaintiff. Such reference can serve only to distract and prejudice the jury and does not bear upon the witness truth or veracity. Regardless of a person's initial entry into a state, he is entitled to equal protection under the law and the full range of obligations imposed by the state's civil and criminal laws. *Phyler v. Doe*, 457 U.S. 202 (1983); *Smith v. State*, 681 S.W.2d 734 (Tex. Civ. App.—Houston [14th Dist.] 1984, pet. ref'd).

GRANTED _____    AGREED TO BY COUNSEL _____

DENIED _____    GRANTED AS MODIFIED ABOVE _____

## ORDER

The foregoing Motion in Limine by Plaintiff has been presented to me. Upon all files and proceedings herein, the separate paragraphs of the Motion are hereby granted, or denied as I have indicated immediately below each of the paragraphs in the Motion.

The attorney(s) for the Defendant(s) is instructed:

a. Not to interrogate witnesses concerning the prohibited items, or to mention to the jury in any manner those items, without Defendant's attorney first obtaining permission outside the presence and hearing of the jury; and

b. To personally admonish the Defendant and Defendant's witnesses to refrain from mentioning to the jury in any manner the prohibited items, without Defendant's attorney first obtaining permission outside the presence and hearing of the jury.

SO ORDERED

_____ Dated: _____, 2009.

Visiting Judge Charles R. U.S.D.J.
    Wolle

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

PATRICK F. D'CUNHA,                                        CIVIL ACTION NO.:

                                                          02-CV-4157(CRW) (LB)

              Plaintiff,

       v.

GENOVESE/ECKERD CORPORATION,          **PLAINTIFF'S MEMORANDUM OF**

                                       **LAW, IN SUPPORT OF HIS**

                                       **MOTION INLIMINE**

Defendant.

-----------------------------------------------------X           **#   10**

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.
Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain
of drug stores. Plaintiff originally brought claim of age discrimination in this district
court. The district court granted defendant summary judgment as to all of plaintiff's
claims. The Second Circuit reversed the grant of summary judgment as to those claims
and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff
now moves this Court *in limine* to prohibit the introduction of evidence concerning:
**Expert testimony of Mr. Phraner concerning the location of Defendant's**
**pharmacies in Sussex and Vernon, New Jersey, and their accessibility by public**
**transportation ( never mentioned Vernon's accessibility at any prior stage of this**
**litigation).**

## II.   ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any
tendency to make the existence of any fact that is of consequence to the determination of
the action more or less probable. Under FRE 402, only relevant evidence is admissible.
Here, evidence of  Expert testimony of Mr. Phraner concerning the location of
 Defendant's pharmacies in Sussex and Vernon, New Jersey, and their accessibility by

public transportation does not tend to make any material fact more or less probable. Therefore all such evidence should be excluded under FRE 401, and 402.

Even if evidence of Expert testimony of Mr. Phraner concerning the location of Defendant's pharmacies in Sussex and Vernon, New Jersey, and their accessibility by public transportation had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against the plaintiff on the basis of his age when Tran refused to hire him on two occasions, August 2001, and February 2002. Any references to Expert testimony of Mr. Phraner concerning the location of Defendant's pharmacies in Sussex and Vernon, New Jersey, and their accessibility by public transportation would merely tend to confuse and distract the jury from its task. Jury may correlate Tran, Ms. Dolan and George Kowalski's testimony regarding job market for pharmacists in 2000, through the present, with lack of pharmacist positions with Eckerd.

Therefore evidence concerning Tran, Ms. Dolan and George Kowalski's testimony regarding job market for pharmacists in 2000 through the present should be excluded under FRE 403.

## III.  CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, and in light of the 2nd circuit's remand, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: August 11, 2009

New York, New York

Respectfully submitted

PATRICK F. D'CUNHA, Plaintiff Pro-Se

137-22 LABURNUM AVENUE

Flushing, NY 11355

(718) 661-2979

Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
.................................................X
PATRICK F. D'CUNHA

        Plaintiff

CIVIL ACTION NO:
02-CV-4157 (CRW) (LB)

   V.

G̶E̶N̶O̶V̶E̶S̶E̶/ECKERD CORPORATION,

**PLAINTIFF'S MEMORANDUM OF
LAW, IN SUPPORT OF HIS
MOTION INLIMINE**

Defendant.
----------------------------------------------------X

# 11

## I.   INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.
Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain
of drug stores. Plaintiff originally brought claim of age discrimination in this district
court. The district court granted defendant summary judgment as to all of plaintiff's
claims. The Second Circuit reversed the grant of summary judgment as to those claims
and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff
now moves this Court *in limine* to prohibit the introduction of evidence concerning:
**Testimony of pharmacists Louis Musto (DOB: 1943), Raymond Zablocki
(DOB:1943) and Harold Lederman (DOB: 1940), each of these belonging to
protected age class,** but only Musto was hired by Tran, for New Jersey.

## II.       ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having
any tendency to make the existence of any fact that is of consequence to the
determination of the action more or less probable. Under FRE 402, only relevant
evidence is admissible. Here, evidence concerning Testimony of pharmacists Louis
Musto (DOB: 05/08/1943), Raymond Zablocki (DOB: 10/11/1943) and Lederman
Harold (DOB: 01/26/1940), each of these belonging to protected age class does not
tend to make any material fact more or less probable as they are not proper
comparators in this case. Plaintiff is making a case of Disparate treatment, not
Disparate impact. Also, Zablocki and Lederman were Not hired for New Jersey

position at all. Defendant did not make this assertion any time prior in this litigation. Finally, none of these three pharmacists is a proper comparator, as Plaintiff did not loose his job to them, instead, Defendant has asserted time again that Ms. Stern and Ms. Babeu were hired in August 2001, and February 2002, respectively in place of Plaintiff who was rejected.

**Therefore all such evidence should be excluded under FRE 401 and 402.**

Even if evidence concerning testimony of Pharmacists Musto, zablocki and Lederman had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Plaintiff (49 and 50 at relevant times) was rejected on two occasions and jobs were offered to Ms. Stern(47) and Ms. Babeu(42) instead. Any reference to any other issues including the testimony of other pharmacists hired by Tran that are in protected age class, would merely confuse and distract the jury from its task. Therefore testimony of Pharmacists Musto, Zablocki and Lederman should be excluded under **FRE 403.**

## III.      CONCLUSION

For all the foregoing reasons and all of the pleadings, including Summary judgment, Motion to reconsider proceedings and 2nd Circuit's remand, plaintiff respectfully requests that this Court grant his motion in limine.

Dated: _August 11, 2r09_

NEW YORK, NEW YORK

Respectfully submitted

_Patrick F. D'Cunha_

PATRICK F. D'CUNHA, Plaintiff Pro-Se

137-22 LABURNUM AVENUE

FLUSHING, NY 11355

(718) 661-2979

Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PATRICK F. D'CUNHA,

         Plaintiff,

    v.

GENOVESE/ECKERD CORPORATION,

Defendant.

-----------------------------------------------------X

CIVIL ACTION NO.:
02-CV-4157(CRW) (LB)

**PLAINTIFF'S MEMORANDUM OF
LAW, IN SUPPORT OF HIS
MOTION INLIMINE**

**#  12**

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff

now moves this Court *in limine* to prohibit the introduction of evidence concerning:

**Tran, Ms. Dolan and George Kowalski's testimony regarding job market for
pharmacists in 2000 through the present (never mentioned at any prior stage of this
litigation)**

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any

tendency to make the existence of any fact that is of consequence to the determination of

the action more or less probable. Under FRE 402, only relevant evidence is admissible.

Here, evidence of Tran, Ms. Dolan and George Kowalski's testimony regarding job

market for pharmacists in 2000 through the present, does not tend to make any material

fact more or less probable. Additionally, these individuals are not experts in Job market analysis. Therefore all such evidence should be excluded under FRE 401, and 402.

Even if evidence of Tran, Ms. Dolan and George Kowalski's testimony regarding job market for pharmacists in 2000 through the present, had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against the plaintiff on the basis of his age when Tran refused to hire him on two occasions, August 2001, and February 2002. Any references to Tran, Ms. Dolan and George Kowalski's testimony regarding job market for pharmacists in 2000, through the present, would merely tend to confuse and distract the jury from its task. Jury may correlate Tran, Ms. Dolan and George Kowalski's testimony regarding job market for pharmacists in 2000, through the present, with lack of pharmacist positions with Eckerd.

Therefore evidence concerning Tran, Ms. Dolan and George Kowalski's testimony regarding job market for pharmacists in 2000 through the present should be excluded under FRE 403.

### III.   CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, and in light of the 2nd circuit's remand, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: August 11, 2009

New York, New York

Respectfully submitted

*Patrick F. D'Cunha.*

PATRICK F. D'CUNHA, Plaintiff Pro-Se

137-22 LABURNUM AVENUE

Flushing, NY 11355

(718) 661-2979

Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
................................................X
PATRICK F. D'CUNHA

        Plaintiff

CIVIL ACTION NO:
02-CV-4157 (CRW) (LB)

    V.

*GENOVESE*/ECKERD CORPORATION,

**PLAINTIFF'S MEMORANDUM OF
LAW, IN SUPPORT OF HIS
MOTION INLIMINE**

Defendant.
---------------------------------------------------X

# 13

## I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.
Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain
of drug stores. Plaintiff originally brought claim of age discrimination in this district
court. The district court granted defendant summary judgment as to all of plaintiff's
claims. The Second Circuit reversed the grant of summary judgment as to those claims
and remanded for trial. Pursuant to Federal Rules of Evidence 401, 402 and 403, plaintiff
now moves this Court *in limine* to prohibit the introduction of evidence concerning:
**Plaintiff's investment in a Furniture business and his collateral income from that
business.**

## II.    ARGUMENT

Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having
any tendency to make the existence of any fact that is of consequence to the
determination of the action more or less probable. Under FRE 402, only relevant
evidence is admissible. Here, evidence concerning **Plaintiff's investment in a
Furniture business and his collateral income from that business** does not tend to
make any material fact more or less probable .
**Therefore all such evidence should be excluded under FRE 401 and 402.**

Even if evidence concerning **Plaintiff's investment in a Furniture business and his collateral income from that business** had any probative value, it would be substantially outweighed by the danger that such evidence would confuse and mislead the jury. See FRE 403. The only proper focus of the jury in this case is whether the defendant discriminated against plaintiff on the basis of his age, when Plaintiff (49 and 50 at relevant times) was rejected on two occasions and jobs were offered to Ms. Stern(47) and Ms. Babeu(42) instead. Any reference to any other issues including **Plaintiff's investment in a Furniture business and his collateral income from that business** would merely confuse and distract the jury from its task. Therefore evidence concerning **Plaintiff's investment in a Furniture business and his collateral income from that business** should be excluded under **FRE 403.**

## III.    CONCLUSION

For all the foregoing reasons and all of the pleadings, including Summary judgment, Motion to reconsider proceedings and 2nd Circuit's remand, plaintiff respectfully requests that this Court grant his motion in limine.

Dated: _August 11, 2009_ .
NEW YORK, NEW YORK

Respectfully submitted

*Patrick F. D'Cunha.*

PATRICK F. D'CUNHA, Plaintiff Pro-Se
137-22 LABURNUM AVENUE
FLUSHING, NY 11355
(718) 661-2979
Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PATRICK F. D'CUNHA,                                        CIVIL ACTION NO.:
                                                          02-CV-4157(FB)(LB)
              Plaintiff,

       v.

GENOVEiE/ECKERD CORPORATION,               **PLAINTIFF'S MEMORANDUM OF**
                                            **LAW, IN SUPPORT OF HIS**
                                            **MOTION INLIMINE**
Defendant.
-----------------------------------------------------X              **#  15**

### I.   INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Law of the Case doctrine  plaintiff now moves this

Court *in limine* to ORDER that this trial will be held only to decide, "whether the reasons

given for not hiring D'Cunha were pretextual such that a jury could reasonably find that

D'Cunha suffered an adverse employment action because of his age."

### II.   ARGUMENT

Law of the Case Doctrine:

"The law of the case doctrine posits that when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same

case," United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998). ..........
"Accordingly, when a case is appealed and remanded, the decision of the appellate court,
establishes the law of the case and ordinarily will be followed by both the trial court on
remand and the appellate court in any subsequent appeal." Id.(Quoting Rohrbaugh v.
Celotex Corp., 53 F.3d 1181, 1183 (10TH Cir. 1995). "This doctrine is based on sound
public policy that litigation should come to an end and is designed to bring about a quick
resolution of disputes by preventing continued re-argument of issues already decided."
Id(Quoting Gage v. General Motors Corp., 796 F.2d 345, 349 (10th Cir. 1986)). (Citations
omitted). The rule " also serves the purpose of discouraging panel shopping at the court
of appeals level." Monsisvais, 946 F.2d at 116.

As a direct application of this doctrine, Plaintiff respectfully requests the court to
take judicial notice of 2nd Circuit's Per Curiam opinion; See:D'Cunha v.
Genovese/Eckerd Corp., 479 F.3d 193( 2d Cir. 2007). The 2nd Circuit said, *"In this case,
the district court failed properly to apply this burden-shifting framework. Undertaking
that analysis, we conclude that there remains a genuine issue of material fact. Under the
first step of McDonnel Douglas, we note that D'Cunha, aged 49 and 50 at relevant times,
is within protected class. D'Cunha was also qualified for the job; a licensed pharmacist,
D'Cunha met the standards of Eckerd's employability test. Moreover, D'Cunha suffered
an adverse employment action; Eckerd rejected him twice, instead offering jobs to two
other people. These circumstances give rise to an inference of discrimination; one of the
individuals who was offered a position was eight years younger than D'Cunha. Terry v.
Ashcroft, 336 F.3d at 137-38. This difference in age  - though  not large – is significant
enough to support an inference in D'Cunha's favor. Cf. Tarshis v. Riese Org., 211 F.3d*

*30, 38 (2nd Cir. 2000), abrogated on other grounds by Swierkiewicz v. Sorema N.A. 534*

*U.S. 506 (2002)(stating that, on a motion to dismiss, an inference of discrimination may*

*be based upon an age difference of as little as eight years)." Id. At 195.*

    *The 2nd Circuit further said, "One of Eckerd's assertion is not legitimate. As*

*D'Cunha quite correctly argues, the hiring of a person within the protected age group,*

*Babeu, instead of D'Cunha is not determinative under the ADEA, "the fact that one*

*person in the protected class has lost out to another person in the protected class is*

*...irrelevant, so long as he has lost out because of his age." O'Connor v.   Consol.   Coin*

*Caterers Corp., 517 U.S. 308, 312 (1996)."*

    The 2nd Circuit further states, "Under the third step of McDonnell Douglas,
D'Cunha bears the burden of demonstrating Eckerd's reasons were pretextual.
Accordingly, D'Cunha argues that although Stern was offered a job because she had prior
experience, no managerial experience was required for the job. In addition, notes
D'Cunha, the record indicates that as of August 23, 2001, there were eight full time
pharmacist positions open in Tran's area. Finally, although Tran's asserted reason for not
offering D'Cunha the Sussex job was that he thought D'Cunha would not want it because
it was inaccessible by public transportation, the record indicates that the Sussex store is in
fact, accessible by public transportation."

    The 2nd Circuit concludes, "This analysis reveals that there remain genuine issues
of material fact as to whether the reasons given for not hiring D'Cunha were pretextual
such that a jury could reasonably find that D'Cunha suffered an adverse employment
action because of age. The district court's order granting summary judgment is therefore
reversed and the case is remanded with instructions to deny Eckerd's motion for

summary judgment." See: D'Cunha v. Genovese/Eckerd Corp., 479F.3d 195,196 (2nd Cir. 2007).

Plaintiff therefore respectfully requests this court for an **ORDER** declaring that this case will go to trial, only to decide whether Eckerd's reasons for not hiring D'Cunha were pretextual, as the 2nd Circuit has instructed in the Per-Curiam opinion above as Plaintiff has already proved his Prima Facie Case of Age discrimination.

## III    CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine*.

Dated: _____, 2008.
       New York, New York

                                     Respectfully Submitted,

                                     _____

                                     PATRICK F. D'CUNHA, Plaintiff, Pro- Se

                                     137-22 LABURNUM AVENUE
                                     Flushing, NY 11355
                                     (718) 661-2979

Attachment:    A copy of the 2nd Circuit Court of Appeals' Per Curiam Opinion:
               D'Cunha v. Genovese/Eckerd Corp. (February 2007)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PATRICK F. D'CUNHA,

               Plaintiff,

       v.

GENOVESE/ECKERD CORPORATION,

Defendant.
-------------------------------------------------------X

CIVIL ACTION NO.:
02-CV-4157(CRW)(LB)

**PLAINTIFF'S MEMORANDUM OF
LAW, IN SUPPORT OF HIS
REQUEST FOR
JUDICIAL NOTICE**

# 16

### I.    INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Federal Rules of Evidence 201, plaintiff now moves

this Court *in limine* to take JUDICIAL NOTICE of the fact that : **Plaintiff Patrick**

**D'Cunha was not discharged from Walgreens in October 2005 for misconduct.**

### II.    ARGUMENT

        Defendant Eckerd intends to introduce evidence that will tend to show that

Plaintiff failed to mitigate his damages with regard to the job he had obtained with

Walgreens. The real intention of the Defendant is to confuse the jury regarding issues in

this case. As Plaintiff has produced document from   Walgreens Personnel Records

Administrator Rose Wszolek (dated: October 26, 2005)(See: Exh. 37.1  and 38.1-

                  ↓

           N J Department of
           Labor: Notice of
                Determination

38.2)that states clearly that "Mr D'Cunha was discharged for substandard performance."

Despite the fact that Plaintiff D'Cunha disputes this statement, the issue here is totally

different. The real issue in this case is whether D'Cunha was discharged for misconduct?

The answer is NO. *The NJ DOL determined D'Cunha eligible for Unemployment benefits, as he did Not wilfully and deliberately disregard Employer's standard of behavior at the Job.*

The Defendant clearly knows that Plaintiff's claim to back pay stops if he is discharged

from subsequent job for misconduct, which does not apply in D'Cunha's case. The

reason Eckerd intends to introduce this evidence is to distract the jury so that they may

correlate Plaintiff's alleged substandard performance with possible lack of qualification

for Eckerd job, nearly 4 years prior, in 2001.

As these document clearly show that Plaintiff was discharge for reasons other than

misconduct from Walgreens, the Honorable Court must take Judicial Notice of the fact

that Plaintiff D'Cunha was not discharged from Walgreens for misconduct.

### III.   CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein,

and in light of the 2nd circuit's remand, plaintiff respectfully requests that this Court grant

his motion *in limine*.

Dated: August 11, 2009

New York, New York

Respectfully submitted

*Patrick J. D'Cunha.*

PATRICK F. D'CUNHA, Plaintiff Pro-Se

137-22 LABURNUM AVENUE

Flushing, NY 11355

(718) 661-2979

Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
PATRICK F. D'CUNHA,

            Plaintiff,

       v.

GENOVESE/ECKERD CORPORATION,

Defendant.
-----------------------------------------------------X

CIVIL ACTION NO.:
02-CV-4157(CRW) (LB)

**PLAINTIFF'S MEMORANDUM OF
LAW, IN SUPPORT OF HIS
REQUEST FOR
JUDICIAL NOTICE**

# 17

## I.  INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial. Pursuant to Federal Rules of Evidence 201, plaintiff now moves

this Court *in limine* to take JUDICIAL NOTICE of the fact that :

**When a charge has been filed against an employer, the employer is required by**

**EEOC rule Section 1602.14, to preserve completed Application of an unsuccessful**

**Applicant," until final disposition of the charge or action.**

## II.  ARGUMENT

**As is clear from Plaintiff's Exhibit 46:**

EEOC Rule 1602.14 **Preservation of Records made or kept:** requires that, "Where

a charge has been filed, ......against an employer, ..... the respondent shall preserve

all personnel records", including the "application forms completed ... by an

unsuccessful applicant" until final disposition of the charge or action.

## III.    CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein,

and in light of the 2nd circuit's remand, plaintiff respectfully requests that this Court grant

his motion *in limine.*


Dated: August 11, 2009
  New York, New York

Respectfully submitted

*Patrick F. D'Cunha*

PATRICK F. D'CUNHA, Plaintiff Pro-Se

137-22 LABURNUM AVENUE

Flushing, NY 11355

(718) 661-2979

Email:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PATRICK F. D'CUNHA,                                    CIVIL ACTION NO.:
                                                       02-CV-4157(    )(LB)
              Plaintiff,

        v.

GENOVESE/ECKERD CORPORATION,              **PLAINTIFF'S MEMORANDUM OF
                                            LAW, IN SUPPORT OF HIS
                                            MOTION INLIMINE**

Defendant.
-----------------------------------------------------X
                                                       **#   19**

## I.   INTRODUCTION

Plaintiff Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey.

Defendant Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain

of drug stores. Plaintiff originally brought claim of age discrimination in this district

court. The district court granted defendant summary judgment as to all of plaintiff's

claims. The Second Circuit reversed the grant of summary judgment as to those claims

and remanded for trial.

**Pursuant to Federal Rules of Evidence** 1006, Plaintiff requests to introduce following

Exhibits as Demonstrative Evidence:

1.   TIME LINE : of events in this case (Dates of Plaintiff's interviews with Tran
     and Dolan and Complaint to Dolan in February 2002.

2.   PLAYERS in this case: Plaintiff D'Cunha, Tran : Eckerd's DPS, Dolan:
     Eckerd's Pharmacist Recruiter, Bowls: Eckerd's DM,

3.   TUTORIAL: – As memory aid to understand the following aspects:

     a.   Applicants for entry level Pharmacist positions,

    b. Pharmacist, Structured Interview Questions, used by Eckerd as an Employability test for candidates

    c. All Issues about Sussex:

        i. Hiring authority for Sussex,

        ii. Accessibility of Sussex, by public transportation,

        iii. Tran's refusal to give Sussex Info.

        iv. Tran's statement about applicants and their responsibility to get to the store, once job is offered.

**Objection:   Relevance (F.R.E. 402, 403); Unduly Prejudicial (F.R.E. 403); Evidence to Prove Conduct, to wit, character, other bad acts (F.R.E. 404); Inadmissible Hearsay (F.R.E. 802)**

4.    Excerpts from Tran's Deposition   testimony,   as   enlarged   exhibits,   for impeachment purpose.

5    Plaintiff's Damages: and Mitigation of Damages

## II.   ARGUMENT

Charts that summarize otherwise admissible data should be admissible themselves unde Rule 1006 of the Federal Rules of Evidence. See: 3 Wigmore Evidence Section 790 (Chadbourn rev.) United States v. May, 622 F.2d 1000, 1007, cert. Denied, 449 U.S. 984(1980).

"Much evidence becomes more comprehensible when presented with visual aids, such as a chart summarizing data, a chronology, and enlarged picture of an object, a diagram of a building or a map." The comment to ABA Civil Trial Practice Standards, citing Judge William M. Schwartzer's Reforming Jury Trials, 132 F.R.D. 575, 588 (1990)

    **1)**    Federal Rule of Evidence (FRE) 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Under FRE 402, only relevant evidence is admissible. **Here, evidence concerning Timeline of**

events in this case, the Players in this case, applicants for entry level pharmacist position, Pharmacist Structured Interview Questions and issues about Sussex, excerpts from Tran and Plaintiff's Dep.osition and Plaintiff's Damages does tend to make material facts more or less probable. Therefore all such evidence should be included under FRE 401, and 402.

**Specifically Timeline of** of events in this case (Dates of Plaintiff's interviews with Tran and Dolan and Complaint to Dolan in February 2002. would help jury understand the case more clearly help make their deliberations more easy and efficient. Similarly the players in this case would help jury understand better the events by knowing the individuals who are involved in this case.

**Courts do encourage use of the most concise and understandable formats for presentation of courtroom evidence.**

**F.R.E. 403 does not apply here as the probative value of this evidence outweighs prejudicial impact if any.**

## III.    CONCLUSION

For all the foregoing reasons and all of the pleadings and proceedings had herein, plaintiff respectfully requests that this Court grant his motion *in limine.*

Dated: ~~Aug. 11~~ Nov. 18, 2009
New York, New York

Respectfully submitted

*Patrick F. D'Cunha.*

PATRICK F. D'CUNHA, Plaintiff Pro-Se
137-22 LABURNUM AVENUE
Flushing, NY 11355
(718) 661-2979