ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

PATRICK F. D'CUNHA,                                    CIVIL ACTION NO.:
                                                       02-CV-4157(PB)(LB)
            Plaintiff,                                        (CRW)

      v.

GENOVESE/ECKERD CORPORATION,
            Defendant.
--------------------------------------------------X

---

**BRIEF OF PLAINTIFF, PRO-SE, IN OPPOSITION TO DEFENDANT'S**

**MOTION IN-LIMINE, TO PRECLUDE EVICENCE CONCERINING THE**

**SECOND CIRCUIT'S SUMMARY JUDGMENT DECISION IN THIS CASE.**

---

**PATRICK F. D'CUNHA**
137-22 LABURNUM AVENUE
FLUSHING, NEW YORK, 11355
(718) 661-2979

Plaintiff Pro-Se

## PRELIMINARY STATEMENT

This brief is submitted by Plaintiff, in Opposition to motion in limine brief by Defendant Genovese/Eckerd Corp.,(Eckerd), to preclude any evidence concerning the decision of the 2nd Circuit in this case, reversing this court's grant of Defendant's motion for summary judgment. Defendant has correctly stated that Plaintiff does want this court to rule on the issue of "Law of the Case Doctrine." This court is duty bound to accept that 2nd Circuit's decision in this case is the Law of the Case for this trial. However, Plaintiff wants this court to rule on the issue In-Limine. **Local Civil Rule 58.1** makes the 2nd Circuit's decision the decision of this court. Plaintiff does not intend to introduce this issue at the trial at all, as this is a matter of law.

**Defendant's Brief ("Brief") page 1:**

Defendant's suggestion to this court to soundly reject plaintiff's legally valid contention amounts to suggest revolt against the precedential authority of the 2nd Circuit Court of Appeals, the second highest court in the land. In the same breath, the Defendant argues that 2nd Circuit's decision construed all ambiguities in the light most favorable to Plaintiff, under the nature of summary judgment posture. Plaintiff wants this court to note and Defendant to wake up and take notice that "**The inquiry for resolving a Rule 50 motion for Judgment as a matter of law is the same as the inquiry for resolving a motion for summary judgment pursuant to Fed. R. Civ. P. 56.** Defendant's argues that "Plaintiff cannot now rely on a decision rendered … to prove entirety of his claim at trial." This argument crumbles like a pack of cards, because as cited above, the standard for Rule 50 JMOL and for Summary Judgment Rule 56 is the same, and if Defendant

can't take the heat of the Rule 56 decision, they can not win JMOL as well. Additionally, Plaintiff does not need to cite any other authorities or doctrines, when one is sufficient.

Defendant's argue that "evidence or testimony concerning 2nd Circuit's decision has no tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable. Furthermore, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues."  These arguments try to divert the court's attention , and distract the court into unrelated matters.

**Plaintiff has no intention of introducing evidence, testimony and or exhibits relating to 2nd Circuit's decision in this case. Plaintiff has always insisted that this matter be decided by the Honorable court, In-Limine, before the trial begins, so the issues to be tried are clear to the parties.**

Defendant's motion is an impermissible attempt by the Defendant to take a second bite at the apple. Putting aside issues decided by a higher court, is an extraordinary remedy the courts rarely apply, in the interest of finality and conservation of scarce judicial resources. Such a motion is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories they failed to advance before, nor is it an opportunity for the moving party to argue those issues already considered when a party does not like the way the original motion was resolved.

It is true, the 2nd Circuit's decision will be prejudicial to Defendant, (as it should be always prejudicial to one of the parties, that will help jury weigh the probative value of a claim), but this decision will certainly not be Unfairly prejudicial as Plaintiff wants

2

the court to decide on this issue prior to trial. Hence, the F.R.E. 401, 402, and 403 do not apply here.

**For these reasons, Plaintiff respectfully requests this honorable court to please clarify for the parties the Mandate of 2nd Circuit and**

**Deny the In-Limine motion of the Defendant.**

## BACKGROUND

**Brief page 2:**

Plaintiff Patrick D'Cunha brings this action against Defendant Genovese/Eckerd Corp. ("Eckerd") for Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA"), and under NY state law, against defendant Genovese/Eckerd Corp., (Eckerd). See: D'Cunha v. Genovese /Eckerd Corp., No. 02-cv-4157 (FB) (LB).

Plaintiff has brought claim of age discrimination, based on Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. (ADEA), and NY State law, against defendant Genovese/Eckerd Corp.,(Eckerd). This court granted Summary judgment to Eckerd and also denied Plaintiff's motion to reconsider the judgment See: D'Cunha v. Genovese /Eckerd Corp., M. & O. (EDNY,11/24/2003)and See:D'Cunha v. Genovese /Eckerd Corp. M & O. (EDNY,01/06/2004). Plaintiff appealed and the Second Circuit Reversed the grant of Summary judgment

3

and Remanded the case for trial. **See: D'Cunha v.**
**Genovese/Eckerd Corp., 479 F.3d 193(2d.Cir. 2007).**


On Remand, the 2nd Circuit appellate court has clear
instructions and a mandate for this court, **"there remain**
**genuine issues of material fact as to whether the reasons**
**given for not hiring D'Cunha were pretextual such that a**
**jury could reasonably find that D'Cunha suffered an**
**adverse employment action because of his age."** See:
**D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193,**
**196(2d.Cir. 2007).**

   The 2nd Circuit has also made it cyrstal clear, what it
determined as established facts of this case, **"Under the**
**first step of McDonnell Douglas, We note that D'Cunha,**
**aged 49 and 50 at the relevant times, is within the ADEA**
**protected class. D'Cunha was also qualified for the job;**
**a licensed pharmacist, D'Cunha met the standards of**
**Eckerd's employability test. Moreover, D'Cunha suffered**
**an adverse employment action; Eckerd rejected him twice,**
**instead offering jobs to two other people. These**
**circumstances give rise to an inference of**
**discrimination; one of the individuals who was offered a**
**position was eight years younger than D'Cunha.** Terry v.
Ashcroft, 336 F.3d at 137-38.**This difference in age –**

4

**though not large – is significant enough to support an inference in D'Cunha's favor."** See: **D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 196(2d.Cir. 2007).** *This determination of 2nd Circuit is the law of the case, in this matter.*

"Under the second step of McDonnell Douglas, Eckerd may respond to D'Cunha's prima facie case by "articulating some legitimate, non-discriminatory, reason for the employee's rejection" 411 U.S. at 802, 93 S. Ct. 1817. To this end Eckerd asserts the Job Tran offered to Stern … **One of Eckerds assertions is not legitimate. As D'Cunha quite correctly argues, the hiring of a person within the protected age group, Babeu, instead of D'Cunha is not determinative; under the ADEA, "the fact that one person in the protected class has lost out to another person in the protected class is … irrelevant, so long as he has lost out because of his age."** O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312, 116 S.Ct.1307, 134 l.Ed.2d 433(1996). See: **D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 196(2d.Cir. 2007).** *This determination of 2nd Circuit is the law of the case in this matter.*

In vacating the District court's grant of summary judgment, the 2nd Circuit, did not give much weight to the

5

four least probative facts of Plaintiff's claim, the
District Court had cherry-picked from the numerous facts
Plaintiff had cited.

Specifically, the 2nd Circuit, referring to "McDonnell
Douglas," ruled that "the district court failed properly
to apply this burden-shifting framework."

2nd Circuit also overruled the District court's
determination that Plaintiff D'Cunha did not make a Prima
case of age discrimination and listed each element of the
Prima Facie case, as cited above. This determination of
the 2nd Circuit is the law of the Case, in this matter.

This court's local rules make 2nd Circuit's decision,
it's own decision. Pursuant to Local Civil Rule 58.1:

"Any order or judgment of an appellate court, when filed
in the office of the district court, shall automatically
become the order or judgment of the district court and be
entered as such by the clerk without further order,
except if such order or judgment of the appellate court
requires further proceedings in the district court other
than a new trial, an order shall be entered making the
order or judgment of the appellate court the order or
judgment of the district court."

Despite a resounding defeat at the 2nd Circuit, in a
rare Unanimous, per curiam decision of the 2nd Circuit,
and despite the crystal clear clarity of the issues the
circuit court decided, Defendant wants this court to
ignore the entire decision and let Defendant have a
second bite at the apple. The issue of Summary judgment

6

was first dealt with, by the district court. Then again
Plaintiff requested the court to reconsider its decision.
After the District court's denial of Plaintiff's request
to reconsider the grant of Summary judgment, Plaintiff
appealed and the 2nd Circuit reviewed the Summary judgment
issue de novo. After two courts have dealt with the issue
three times and the second highest court in the land, 2nd
Circuit ruled in Plaintiff's favor, Defendant wants the
issue of Prima facie case to be tried all over again, so
the defendant can possibly come up with additional and
new facts and/or excuses. This attempt to drain the
judicial resources and to cause delay and further
financial burden for parties and federal court system,
must be rejected outright by this court. The Defendant
had all the opportunity in the world to present their
legal arguments and the material facts in this case,
before federal judges, not once, not twice, but three
times. They also had an opportunity to challenge the 2nd
circuit's decision, either by asking for a panel review,
or en banc review of the decision, or to appeal to the
Supreme court.   The defendant, rightly, did not appeal,
as their defense was clearly weak. Now they can not ask
this court to change the rules for their sake, asking the
court to require plaintiff to prove the Prima facie case

7

all over again in the district court during the trial. This will amount to disrespect for the Law of the Case doctrine, waste of judicial resources and financial burden to all involved.

8

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF DOES NOT INTEND TO PRESENT TESTIMONY OR EVIDENCE DURING TRIAL, CONCERNING THE SECOND CIRCUIT'S SUMMARY JUDGMENT DECISION IN THIS CASE. HOWEVER, PLAINTIFF DOES WANT THE COURT TO ORDER, THAT AS A DIRECT IMPLICATION OF LAW OF THE CASE DOCTRINE, PLAINTIFF DOES NOT HAVE TO PROVE MATTERS ALREADY DECIDED BY THE 2ND CIRCUIT.

**Brief pages: 3-4:**

While *collateral estoppel* bars relitigation of a specific issue in a case against the same defendant in another case, *res judicata* bars reassertion of an entire claim, or cause of action against the same defendant in another action. Defendant is trying to confuse the issue here by raising *collateral estoppel, and res judicata,* which have no relevance here at all.

Defendant has clearly failed to show, why the 2nd Circuit's decision denying summary judgment has no relevance in this trial. The defendant has further failed to show what elements or in what way is the 2nd Circuit's

decision either not relevant, or what kind of unfair prejudice it will cause to the defendant. Defendant wrongly claims that Plaintiff wants to introduce testimony or evidence of 2nd Circuit's decision in the trial. Plaintiff only wants this court to rule on the "Law of the case doctrine" and its implications for this case, and to clarify for the parties the 2nd Circuits decision, In-Limine, not during trial.

Again, the defendant has failed to show how or in what way will the 2nd circuit's decision in this case will cause more unfair prejudice to defendant than its probative value, as Plaintiff simply does not want to introduce it into the trial, but wants the court to rule on this issue In-Limine? **As this evidence will Not be presented to the jury, the confusion and misleading of jury are a non-issue.**

**Brief pages 4-5**

A.    **The Second Circuit's Decision in This Matter is indeed The Law of the Case.**

The argument of the Defendant that Plaintiff did not ask for Summary judgment and was not granted one, is a futile one and makes no sense and is not relevant.

Once again, the citation to Rule 56 standard by defendant also shows that they do not understand that F.R.C.P. 56 and F.R.C.P. 50 motion for

judgment as a matter of law have the same standard. **"The inquiry for resolving a Rule 50 motion for Judgment as a matter of law is the same as the inquiry for resolving a motion for summary judgment pursuant to Fed. R. Civ. P. 56.** <u>White v. Burlington N. & Santa Fe Ry. Co.,</u> 364 F.3d 789, 794 (6th Cir. 2004)(en banc)(citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150(2000). **We review the evidence in the record in the light most favorable to the nonmoving party and determine whether there was a genuine issue of material fact for the jury. Id.(citing Gray, 263 F.3d at 598).** See: <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986) (standard for granting summary judgment "mirrors the standard for a directed verdict"). **Whether the issue is broached on a motion for summary judgment(before trial), on a motion for a judgment as a matter of law (at trial, prior to submission to the fact finder), on a motion for judgment as a matter of law after a jury verdict, or on appeal after trial, the question is always whether, after "drawing all reasonable inferences in favor of the nonmoving party and making all credibility assesments in his favor, there is sufficient evidence to permit a rational juror to find in his favor."** <u>Sir Speedy, Inc. v. L&P Graphics Inc., 957 F.2d 1033, 1039 (2d Cir. 1992);</u>

It is therefore clear that Eckerd Corporation will not be able to withstand the standard of F.R.C.P. 50, motion for judgment as a matter of law, since it will be same standard as the Rule 56 standard. In effect Defendant is waiving any right to Rule 50 motion during trial, because their defense is clearly weak, by their own arguments before this court.

Is the defendant now going to give up its right to motion for judgment as a matter of law, because that standard is also favorable to opposing party, just like summary judgment?

11

If the moving party is afraid of unfairness, then it should simply waive the right to Rule 56 and Rule 50 motions, as these two have same standard, more favorable to the opposing party. This argument of defendant is therefore clearly futile.

Defendant's citation to **Brisco-King (Brief page 5)** is totally irrelevant to this case. The issues are totally different, and this authority does not hold in 2nd Circuit. **Here we are concerned only with precedential authority in the Second Circuit and not the 9th Circuit. Defendant has not cited any Second Circuit authority to support its motion.**

In **Liquid Dynamics( Brief pages 5-6),** also, the court rightly held that **"issues not decided by the court in a prior proceeding are not covered by the law of the case doctrine."** What the defendant does not understand is that Plaintiff does not want the district court to rule on issues not decided by the court, but only the issues that are definitively decided by the 2nd Circuit court of Appeals. 1) **Prima facie case is one such issue, and that 2) one of the reasons offered by Eckerd was illegitimate, or not, is another issue. These two issues were clearly decided by the Second Circuit, in favor of D'Cunha.** Whether plaintiff asked for a summary judgment or did not receive one, is not an issue in the trial of the case. Defendant is simply trying to confuse the court by raising non-relevant matters here.

**Brief pages 6-8:** While 2nd Circuit does not follow 9th Circuit's lead in "Law of the case doctrine" as it has it's own precedents which I will shortly cite here. Plaintiff wants to point out that summary judgment record in this case was very well developed and other than plaintiff's medical condition since his deposition in 2003, and his mitigation efforts, nothing substantial with regard to liability aspect of the litigation was added

12

subsequently after 2nd Circuit's decision. This argument of the Defendant also fails.

Additionally, **Hart** (9th Cir. 2007) and **Virdi**(11th cir. 2005) are totally unrelated cases.

Defendant is throwing many stones, hoping at least one will hit the target, but it did not.

Finally, **Defendant has failed to show how or why the summary judgment record was undeveloped.**

**Plaintiff has shown that the record indeed was well developed, and 2nd Circuit did not rule on damages issue. It only ruled that Plaintiff has made Prima facie case of age discrimination, and that at least one of Eckerd's reasons for rejecting D'Cunha was illegitimate, and that there needs to be a trial to find out as to whether the reasons given by Eckerd for not hiring D'Cunha were pretextual such that a jury could reasonably find that D'Cunha suffered an adverse employment action because of his age.** The second circuit's remand did not say that District court needs to require Plaintiff to prove his prima facie case all over again. See:

**D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 194-196(2d.Cir. 2007).**

**Here below are 2nd Circuit authorities Plaintiff wants this court to consider:**

"Law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court. And where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars the district court on remand and the appellate court in a subsequent appeal from reopening such issues unless the

mandate can reasonably be understood as permitting it to do so." See: **United States v. Quintieri, 306 F.3D 1217, 1229, 1230(2d Cir. 2002)** (internal quotation marks, citations and footnotes omitted).

The law of the case has two branches. The first requires a trial court to follow an appellate court's previous ruling on an issue in the same case. **United States v. Uccio, 940,F.2d 753, 757(2nd Cir. 1991)** (citing **United States v. Cirami, 563,F.2d 26,32(2nd Cir. 1977)**. **T**his is the so called "mandate rule." **United States v. Tenzer, 213 F.3d 34,39-40(2nd Cir.2000)**.

The "Law of the case" doctrine mandates, as relevant here, that where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court. See:**United States v. Cirami,** 563 F.2d 26, 32-33(2nd Cir. 1977).In other words the trial court is "barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals." United States v. Uccio, 940 F.2d 753, 757(2nd Cir. 1991).

**B.   As Plaintiff has stated earlier, he does not intend to introduce 2nd Circuit's decision**

14

related evidence into trial. However,

Plaintiff has cited many 2nd Circuit

authorities dealing squarely with "Law of

the Case Doctrine."

As plaintiff has stated earlier, Defendant's refrences to

*res judicata* and *collateral estoppel* is an attempt to

distract this court's attention from the main issue here

of "Law of the case doctrine."

This court is under a mandate from the 2nd Circuit and

must decide on the issue of Law of the case doctrine,

prior to trial, and advise the parties as to the issues

that still need to be tried. Following that mandate, is

neither irrelevant, nor is it highly prejudicial to

defendant, and it would not confuse the jury as Plaintiff

wants the court to decide on this issue In-Limine, before

trial.

As plaintiff stated at the beginning, this court has

no option but to follow the mandate of the 2nd Circuit

court of appeals, because, "there remain genuine issues

of material fact as to whether the reasons given for not

hiring D'Cunha were pretextual such that a jury could

reasonably find that D'Cunha suffered an adverse

employment action because of his age." See: **D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 196(2d.Cir. 2007).**

## CONCLUSION

For all the foregoing reasons, Plaintiff D'Cunha **respectfully requests the Court to deny Defendant's motion In-Limine** for an ORDER before *voir dire* examination as requested. Defendant's request for protective Order "barring, during opening or closing statements and any time during the trial, any refrences … or evidence described above." **is futile, as Plaintiff does not intend to introduce any such evidence at the trial but wants the court to decide in limine.**

Dated: Flushing, New York

November 23, 2009

Respectfully submitted,

*Patrick F. D'Cunha.*

Patrick F. D'Cunha
Plaintiff Pro-Se
137-22 Laburnum Avenue
Flushing, NY 11355

Encl. Exh. "A" — 479 F.3d 193 DCunha v. Genovese/Eckerd Corp. (2nd Gr. 2007).

Case 1:02-cv-04157-CRW-LB   Document 190   Filed 11/23/09   Page 18 of 20

Exh. " A "

# 479 F3d 193 D'Cunha v. Genovese/eckerd Corporation 04-0391-Cv

### 479 F.3d 193

### Patrick F. D'CUNHA, Plaintiff-Appellant,

### v.

### GENOVESE/ECKERD CORPORATION, Defendant-Appellee.

### Docket No. 04-0391-CV.

## United States Court of Appeals, Second Circuit.

*Argued: February 3, 2005.*

*Decided: February 27, 2007.*

Patrick F. D'Cunha, Flushing, New York, Plaintiff-Pro-Se-Appellant.

James Bucci, Esq., Spector, Gadon & Rosen, P.C., Philadelphia, PA, for Defendant-Appellee.

Before WALKER, HALL and GIBSON,   Circuit Judges.

PER CURIAM.


Plaintiff-Appellant Patrick D'Cunha, born in 1952, is a pharmacist licensed in New Jersey. Defendant-Appellee Genovese/Eckerd Corporation ("Eckerd") is the owner and operator of a chain of drug stores. In 2001, at the age of 49, D'Cunha saw a job advertisement for a pharmacist's position at Eckerd. D'Cunha applied for the job and had an initial telephone interview with Jennifer Dolan, Eckerd's Pharmacy Recruiter in August, 2001. During the interview, D'Cunha told Dolan he was flexible and could work on holidays and weekends. Ms. Dolan evaluated D'Cunha according to Eckerd's structured interview questionnaire, which ranks job candidates on a numeric scale. D'Cunha's performance during the interview, combined with his skills and experience, earned him a "Total Acceptable Rating" of seven and a "Total Unacceptable Rating" of one. These scores qualified D'Cunha for employment at Eckerd.

One month later, Eckerd's district supervisor, Jimmy Tran, called D'Cunha and asked to interview him in person the next day. During the interview, Tran explained repeatedly to D'Cunha the rigors of the job and asked why D'Cunha had not become licensed as a pharmacist in New York. D'Cunha stated that he would work any shift, anywhere, including weekends.

In February 2002, D'Cunha, then 50 years old, interviewed for a second time with Tran. During the interview, D'Cunha repeated his willingness to take any shift, anywhere, including weekends. Tran informed D'Cunha about a job opening in Sussex, New Jersey. Tran erroneously told D'Cunha the "District Pharmacy Supervisor" at the Sussex store was in charge of hiring, leading D'Cunha to believe Tran was not able to extend him a job offer for the opening in Sussex. Additionally, Tran told D'Cunha the Sussex location was not accessible by public transportation and refused to give D'Cunha details of the exact location of the store, despite D'Cunha's repeated requests for that information. Tran

Case 1:03-cv-04157-CRW-LR   Document 100   Filed 11/23/09   Page 19 of 20

subsequently offered pharmacist positions to two younger individuals, Arlene Stern, then aged 47, and Deanna Babeu, then aged 42. Although the job posting to which D'Cunha had responded sought entry level pharmacists, Tran stated that he offered positions to Stern and Babeu, and not D'Cunha, because D'Cunha lacked job experience. Stern, a pharmacy manager at CVS, a competitor, declined the job offer. In March, 2002, after D'Cunha's second job interview, Tran hired Babeu for the Sussex job.

D'Cunha filed a timely age discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that Eckerd's reasons for not hiring him were pretexts for age discrimination. The EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes" and issued a right-to-sue letter.

Thereafter, D'Cunha filed a complaint in the United States District Court for the Eastern District of New York, alleging violation of the Age                    Act ("ADEA"), 29 U.S.C. §§ 621-34. The district court granted summary judgment to Eckerd, holding "D'Cunha's meager, unsupported allegations of age discrimination are insufficient to establish a prima facie case of age discrimination, making summary judgment appropriate." D'Cunha appealed.

Standard of Review

We review an award of summary judgment de novo, viewing all facts and construing all ambiguities in the light most favorable to the non-moving party. Fed. R.Civ.P. 56(c); *see also Terry v. Ashcroft,*                    , 137 (2d Cir.2003). We must draw all permissible factual inferences in favor of the party opposing summary judgment. *Terry v. Ashcroft,* 336 F.3d at 137.

Discussion

The ADEA prohibits                    on the basis of age against persons aged 40 or older. 29 U.S.C. §§ 623(a)(1), 631(a). Claims under the ADEA are governed by the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,*                    , 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Tex. Dep't Of Cmty. Affairs v. Burdine,*                    , 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *St. Mary's Honor Ctr. v. Hicks,*                    , 506-07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Leibowitz v. Cornell Univ.,*                    , 591 (2d Cir.2006). First, the plaintiff must prove by a preponderance of the evidence a prima facie case of discrimination. To achieve this prima facie case, a plaintiff must show membership in the protected age group, qualifications for the jobs at issue, an adverse employment action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination. *Terry v. Ashcroft,* 336 F.3d at 137-38. Second, if the plaintiff succeeds in establishing a prima facie case of age discrimination, then the burden shifts to the defendant to articulate a non-discriminatory reason for the employee's rejection. Third, if the defendant meets this burden of production, the presumption drops away, *Fisher v. Vassar Coll.,*                    , 1337 (2d Cir.1997), and the plaintiff must prove by a preponderance of the evidence that the defendant's explanations were pretextual. *Id.* at 138.

In this case, the district court failed properly to apply this burden-shifting framework. Undertaking that analysis, we conclude that there remains a genuine issue of material fact. Under the first step of *McDonnell Douglas,* we note that D'Cunha, aged 49 and 50 at the relevant times, is within the ADEA protected class. D'Cunha was also qualified for the job; a licensed pharmacist, D'Cunha met the standards of Eckerd's employability test. Moreover, D'Cunha suffered an adverse employment action; Eckerd rejected him twice, instead offering jobs to two other people. These circumstances give rise to an inference of discrimination; one of the individuals who was offered a position was eight years younger than D'Cunha. *Terry v. Ashcroft,* 336 F.3d at 137-38. This difference in age—though not large—is significant enough to support an inference in D'Cunha's favor. *Cf. Tarshis v. Riese Org.,*                    , 38 (2d Cir.2000), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.,*                    , 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (stating that, on a motion to dismiss, an inference of discrimination may be based upon an age difference of as little as eight years).

Under the second step of *McDonnell Douglas,* Eckerd may respond to D'Cunha's prima facie case by "articulat[ing] some legitimate, non-discriminatory reason for the employee's rejection." 411 U.S. at 802, 93 S.Ct. 1817. To this end, Eckerd asserts the job Tran offered to Stern is not comparable to the job it could have offered D'Cunha because Stern had 25 years of pharmacy managerial experience. In addition, Eckerd asserts, after D'Cunha's first interview, there were no full-time jobs available in New Jersey for which Tran had the authority to hire new employees and, moreover, Stern and Babeu were both of such an age as to fall within the protected class. Finally, Eckerd maintains that D'Cunha only wanted full-time work near public transportation, and so Tran did not offer D'Cunha the Sussex job. One of Eckerd's assertions is not legitimate. As D'Cunha quite correctly argues, the hiring of a person within the protected age group, Babeu, instead of D'Cunha is not determinative; under the ADEA, "the fact that one person in the protected class has lost out to another person in the protected class is ... irrelevant, so long as he has lost out *because of his age." O'Connor v. Consol. Coin Caterers Corp.,*                , 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). But otherwise, these assertions represent legitimate non-discriminatory reasons for rejecting D'Cunha's application. Thus, Eckerd met its burden of production under step two of *McDonnell Douglas. Fisher,* 114 F.3d at 1337.

Under the third step of *McDonnell Douglas,* D'Cunha bears the burden of demonstrating Eckerd's reasons were pretextual. Accordingly, D'Cunha argues that although Stern was offered a job because she had prior experience, no managerial experience was required for the job. In addition, notes D'Cunha, the record indicates that as of August 23, 2001, there were eight full-time pharmacist positions open in Tran's area. Finally, although Tran's asserted reason for not offering D'Cunha the Sussex job was that he thought Tran would not want it because it was inaccessible by public transportation, the record indicates that the Sussex store is, in fact, accessible by public transportation.

This analysis reveals that there remain genuine issues of material fact as to whether the reasons given for not hiring D'Cunha were pretextual such that a jury could reasonably find that D'Cunha suffered an adverse employment action because of his age. The district court's order granting summary judgment is therefore reversed and the case is remanded with instructions to deny Eckerd's motion for summary judgment.

Conclusion

For the foregoing reasons, we VACATE the decision of the district court and REMAND with instructions to deny Eckerd's motion for summary judgment.

Notes:

The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation

... ... ... is provided ... ... ... ... law ... ... ... of the ... ... failed ... ... ... herein ... ... data ... Copyright ...