UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICK F. D'CUNHA,  No. 02-cv-4157 (CRW)(LB)

    Plaintiff,

v.  RULINGS ON POST-TRIAL MOTIONS

GENOVESE/ECKERD CORPORATION,

    Defendant.

The undersigned visiting Senior United States District Judge presided in pretrial proceedings in this case beginning in late July 2009. After ruling on pretrial motions and holding a pretrial conference, I presided during a four-day jury trial between December 7 and 10 that ended with verdicts rendered for defendant and against plaintiff d'Cunha on his claim of age discrimination in employment.

Now ready for ruling are plaintiff's motion for judgment NOV or, in the alternative, motion for new trial, both vigorously argued and briefed by plaintiff, and resisted in every particular by defendant's counsel.

The court has studied the parties' lengthy briefs and reviewed the trial and pretrial record. I then received oral argument from plaintiff and defendant's counsel for nearly two hours on February 17, 2010.

The court denies both the motion for judgment NOV and the motion for new trial.

Background. The jury trial in this ADEA case followed plaintiff's successful appeal of summary judgment against him. D'Cunha v. Eckert Corp. 479 F.3d 193, 194 (2nd Cir. 2007). Plaintiff has had no lawyer but has well represented himself in the appellate proceedings and again in the pretrial proceedings and the jury trial, using considerable advocacy skills

1

throughout. But with the jury entering special verdicts against him on his age discrimination claims, his motion JNOV must be viewed in a different light since the verdict must be upheld if supported by evidence viewed in the light favorable to the jury verdict. The court has been mindful of plaintiff's pro se status in considering both motions, but plaintiff's failure to persuade the jury on the facts was not caused by his representing himself pro se.

      Motion for Judgment NOV. The court finds the trial evidence, viewed in the light consistent with the jury's verdict, fully supported the jury's special verdict finding no age discrimination. The evidence was more than ample, as fully explained in the thorough brief filed by defendant Eckert. The jury was not required to accept plaintiff's testimony and apparently found defendant's witnesses more credible than his own testimony. The court denies the motion for judgment NOV. See LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 429 (2nd Cir. 1995).

      Motion for New Trial. Plaintiff contends the court unfairly restricted his efforts to present his testimony and exhibits and allowed defendant's witnesses greater leeway in testifying. He contends the court should have allowed the jury to read and be governed by the decision of the United States Court of Appeals that had reversed summary judgment against him, and he revisits the many occasions during the trial when he felt the court unfairly cautioned him about wasting time. He also argues the jury spent too little time deliberating before returning its verdict. I have studied each of the occasions during trial and each of my rulings on evidence that plaintiff considers unfair to him. I stand by each ruling as appropriate and adequately explained at the time. I believe my jury charge was correct, consistent with the Court's recent ADEA decision in Gross v. FBL Fin. Serv., Inc., 129 S. Ct. 2343 (2009). Moreover, the jury had

adequate time to reach and return its unanimous verdict.[1]

In oral argument of the motions, plaintiff made scurrilous allegations and accusations blatantly claiming that defendant Eckerd and its attorneys had tampered with his doctors, his witnesses, and even the jurors in the case. These scandalous remarks were without any basis in fact. They were uncalled for. The court finds them totally without merit. Plaintiff received a fair jury trial, and substantial evidence supports the special verdict for defendant. For these reasons, and the reasons in defendant's forceful brief that blunts each argument in plaintiff's lengthy post-trial papers, the court denies plaintiff's motions for judgment notwithstanding the verdict and for new trial.

Judgment for defendant is now final. Each party shall bear its own costs.

SO ORDERED.

Dated this 19th day of February, 2010.

*[signature]*
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT

---

[1] Plaintiff contends the jury deliberated only about thirty minutes, but the jury deliberated during time a midday meal was brought in and did not return its unanimous special verdict until well over an hour after it began deliberating.